1  Anna Y. Park, CA SBN 164242
   U.S. EQUAL EMPLOYMENT
2  OPPORTUNITY COMMISSION
   255 East Temple Street, Fourth Floor
3  Los Angeles, CA 90012
   Telephone: (213) 894-1083
4  Facsimile: (213) 894-1301
   E-Mail: lado.legal@eeoc.gov
5
   Wilfredo Tungol, HI SBN 2550
6  U.S. EQUAL EMPLOYMENT
   OPPORTUNITY COMMISSION
7  300 Ala Moana Boulevard, Room 7-127
   Honolulu, HI 96850
8  Telephone: (808) 541-3121
   Facsimile: (808) 541-3390
9  E-Mail: wilfredo.tungol@eeoc.gov

10 Attorneys for Plaintiff
   U.S. EQUAL EMPLOYMENT
11 OPPORTUNITY COMMISSION

FILED
DISTRICT COURT OF GUAM
SEP 29 2006
MARY L.M. MORAN
CLERK OF COURT

UNITED STATES DISTRICT COURT

DISTRICT OF GUAM

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>LEO PALACE RESORT,<br><br>Defendants. | Case No.: **06-00028**<br><br>COMPLAINT—TITLE VII<br>Sexual Harassment<br>Retaliation<br><br>JURY TRIAL DEMAND |

### NATURE OF THE ACTION AND JURISDICTION

1. This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Viviene Villanueva, Jennifer Holbrook,

**ORIGINAL**

Rosemarie Taimanglo and other similarly situated individuals, who were adversely affected by such practices. As set forth more fully in this Complaint, Plaintiff U.S. Equal Employment Opportunity Commission alleges that Viviene Villanueva, Jennifer Holbrook, Rosemarie Taimanglo and other similarly situated individuals were subjected to a hostile work environment on the basis of their sex, female, and that Jennifer Holbrook and Rosemarie Taimanglo were retaliated against for complaining of the hostile work environment, by Defendant Leo Palace Resort. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) and Section 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and § 2000e-6 ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

## VENUE

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Guam.

## PARTIES

3. Plaintiff, the U.S Equal Employment Opportunity Commission ("EEOC" or "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) and Section 707 of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3) and § 2000e-6.

4. At all relevant times, Defendant Leo Palace Resort has continuously been a corporation doing business in Guam and the City of Yona, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Viviene Villanueva, Jennifer Holbrook and Rosemarie Taimanglo filed charges with the Commission alleging

violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. From June 2004, Defendant Employer engaged in unlawful employment practices at their Yona, Guam location, in violation of Title VII, 42 U.S.C. § 2000e-2, by subjecting Viviene Villanueva, Jennifer Holbrook, Rosemarie Taimanglo and other similarly situated individuals to a hostile working environment on the basis of sex. Viviene Villanueva, Jennifer Holbrook, Rosemarie Taimanglo and other similarly situated individuals were subjected to unwelcome severe and/or pervasive harassment by a female co-worker that included, but was not limited to, frequent and repeated physical touching, requests for sex, and gestures and commentary of a sexual nature that persisted despite numerous complaints of the behavior made to Defendant Employer. Defendant Employer further failed to exercise reasonable care to prevent and correct promptly the sexually harassing behavior. All three employees were constructively discharged as a result.

8. Beginning on or about June 2004, and continuing thereafter, Defendant Employers engaged in unlawful employment practices at their Yona, Guam, location, in violation of Section 704 of Title VII, 42 U.S.C. § 2000e-3 by retaliating against Jennifer Holbrook and Rosemarie Taimanglo for opposing the harassment described in paragraph 9 above which led to their constructive discharge. Specifically, Defendant Employers took an adverse employment action against Jennifer Holbrook and Rosemarie Taimanglo by reducing hours and subjecting them to discipline and failing to maintain the confidentiality of their harassment complaints which led to their constructive discharge.

9. The effect of the practices complained of above has been to deprive Viviene Villanueva, Jennifer Holbrook, Rosemarie Taimanglo and other similarly situated individuals of equal employment opportunities and otherwise adversely affect their status as an employee, because of their sex, female.

10. The unlawful employment practices complained of above were and are intentional.

///

11. The unlawful employment practices complained of above were and are done with malice or with reckless indifference to the federally protected rights of Viviene Villanueva, Jennifer Holbrook, Rosemarie Taimanglo and other similarly situated individuals.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in sexual harassment, retaliation and any other employment practice which discriminates on the basis of sex.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities, and which eradicate the effects of their past and present unlawful employment practices.

C. Order Defendant Employer to make whole Viviene Villanueva, Jennifer Holbrook, Rosemarie Taimanglo and other similarly situated individuals, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices.

D. Order Defendant Employers to make whole Viviene Villanueva, Jennifer Holbrook, Rosemarie Taimanglo and other similarly situated individuals, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E. Order Defendant Employers to make whole Viviene Villanueva, Jennifer Holbrook, Rosemarie Taimanglo and other similarly situated individuals by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant Employers to pay Viviene Villanueva, Jennifer Holbrook, Rosemarie Taimanglo and other similarly situated individuals punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

    Ronald S. Cooper
    General Counsel

    James L. Lee
    Deputy General counsel

    Gwendolyn Young Reams
    Associate General Counsel

Dated: September 27, 2006.

**ANNA Y. PARK**
Regional Attorney
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

By: 
**LAWRENCE J. TEKER**
By designation