Dooley Roberts & Fowler LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Corps Drive
Tamuning, Guam 96913
Telephone (671) 646-1222
Facsimile  (671) 646-1223

Attorneys for Defendant LeoPalace Resort



FILED
DISTRICT COURT OF GUAM
OCT 2 3 2006 ₦ₐ
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT

OF GUAM

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | CASE NO. 06-00028 |
| Plaintiff, ) ) | |
| vs. ) ) | **ANSWER OF DEFENDANT LEO PALACE RESORT; CERTIFICATE OF SERVICE** |
| LEO PALACE RESORT, ) ) | |
| Defendant. ) ) ) | |

COMES NOW LeoPalace Resort, whose true legal corporate name is "MDI Guam Corporation dba LeoPalace Resort Manenggon Hills" (hereinafter "LeoPalace"), and for its answer to Plaintiff's Complaint state as follows:

1.      Responding to the allegations contained in paragraph 1 of Plaintiff's Complaint, LeoPalace admits the jurisdictional allegations and denies the remainder of the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.      LeoPalace denies the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.      LeoPalace admits the allegations contained in paragraph 3 of Plaintiff's Complaint.

4.      LeoPalace admits the allegations contained in paragraph 4 of Plaintiff's Complaint.

5.      LeoPalace admits the allegations contained in paragraph 5 of Plaintiff's Complaint.

# ORIGINAL

6.      LeoPalace admits the first sentence of paragraph 6 of Plaintiff's Complaint, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in paragraph 6 of Plaintiff's Complaint.

7.      LeoPalace denies the allegations contained in paragraph 7 of Plaintiff's Complaint.

8.      LeoPalace denies the allegations contained in paragraph 8 of Plaintiff's Complaint.

9.      LeoPalace denies the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.      LeoPalace denies the allegations contained in paragraph 10 of Plaintiff's Complaint.

11.      LeoPalace denies the allegations contained in paragraph 11 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

1.      The Complaint is barred by the applicable statute(s) of limitation.

2.      The Complaint fails to state a claim upon which relief can be granted.

3.      EEOC Claimants Jennifer T. Holbrook, Rosemarie B. Taimanglo and Viviene D. Villanueva ("the Claimants") were each contributorily negligent. The damages available to each Claimant, if any, are therefore barred or must be reduced by the percentage of negligence attributable to each Claimant.

4.      The Claimants consented to the conduct of which they complain.

5.      The Claimants encouraged the co-employee who was allegedly harassing them to engage in sexual banter.

6.      The alleged harassment was mutually engaged in between the Claimants and the alleged harassing co-employee.

Answer of Defendant Leo Palace Resort
*EEOC v. LeoPalace Resort*
Case No. 06-00028
Page 3 of 5

7.      Claimant Rose Taimanglo was the direct supervisor of the allegedly harassing co-employee and had full authority to warn and/or discipline her.

8.      The Claimants failed to mitigate their damages.

9.      The Claimants were not constructively discharged.  They voluntarily resigned.

10.     The Claimants resigned their jobs at LeoPalace on the advice of their attorney, not because they were constructively discharged.

11.     The work environment at LeoPalace subsequent the Claimants' EEOC complaints was not sufficient hostile such that a reasonable person in Claimants' positions would have felt they had no choice but to resign.

12.     The Claimants acted unreasonably in resigning their employment with LeoPalace.

13.     The Claimants resigned their employment at LeoPalace after they were fully aware that LeoPalace had terminated the employee who was allegedly harassing the Claimants.

14.     The Complaint's constructive discharge count is barred by the doctrine of avoidable consequences.

15.     The Claimants suffered no adverse employment consequence as a result of anything alleged in the complaint.

16.     No tangible employment action was taken by LeoPalace or by any LeoPalace supervisor against the Claimants.

17.     LeoPalace exercised reasonable care to prevent and correct promptly any sexually harassing behavior.

18. The Claimants unreasonably failed to take advantage of preventive or corrective opportunities provided by LeoPalace to avoid harm.

19. LeoPalace did not discriminate against the claimants on account of sex.

20. LeoPalace took no action that it would not otherwise have taken in the absence of any impermissible motivating factor.

21. LeoPalace did not retaliate against the Claimants for filing their claims with the EEOC with any adverse employment action or any other action.

22. LeoPalace responded to the alleged harassment in an appropriate manner.

23. LeoPalace warned and then terminated the employee who was allegedly harassing the Claimants.

**WHEREFORE,** LeoPalace prays for relief as follows:

1. That Plaintiff takes nothing by its complaint;

2. For costs of suit; and

3. For such other and further relief as the court deems just and/or proper.

DOOLEY ROBERTS & FOWLER LLP

Dated: 10/23/06

By: _____
**TIM ROBERTS, ESQ.**
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I, Tim Roberts, hereby certify that on the 23rd day of October, 2006, I caused a copy of

Defendant's answer to be served upon the following via US Mail and email:

Anna Y. Park
**U.S EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
255 East Temple Street, Fourth Floor
Los Angeles, California 90012

I further certify that on the 23rd day of October, 2006, I caused a copy of Defendant's

answer to be served upon the following via hand delivery:

Lawrence J. Teker
**TEKER TORRES & TEKER, P.C.**
130 Aspinall Avenue, Suite 2A
Hagåtña, Guam 96910

Dated: 10/23/06

**TIM ROBERTS**

F:\Documents\TLR (07-04)\M108\M108-330 EEOC\Pleadings\M108-330.Answer (2)(2).doc