1   Anna Y. Park, Regional Attorney
    Angela D. Morrison, Trial Attorney
2   Gregory S. McClinton, Senior Trial Attorney
    Derek Li, Senior Trial Attorney
3   U.S. EQUAL EMPLOYMENT
    OPPORTUNITY COMMISSION
4   255 East Temple Street, 4th Floor
    Los Angeles, CA 90012
5   Telephone: (213) 894-1068
    Facsimile: (213) 894-1301
6
    333 S. Las Vegas Blvd., Suite 8112
7   Las Vegas, NV 89101
    Telephone: (702) 388-5099
8   Facsimile: (702) 388-5094

9   Attorneys for Plaintiff
    U.S. EQUAL EMPLOYMENT
10  OPPORTUNITY COMMISSION

11  Tim Roberts
    DOOLEY ROBERTS & FOWLER LLP
12  Suite 201, Orlean Pacific Plaza
    865 South Pacific Marine Corps Drive
13  Tamuning, Guam 96913
    Telephone: (671) 646-1222
14  Facsimile: (671) 646-1223

15  Attorneys for Defendant
    LEO PALACE RESORTS
16

# FILED

**DISTRICT COURT OF GUAM**

JAN - 5 2007

**MARY L.M. MORAN**
**CLERK OF COURT**

17                    UNITED STATES DISTRICT COURT

18                           DISTRICT OF GUAM

19  EQUAL EMPLOYMENT               )   CASE NO.: 1:06-CV-00028
    OPPORTUNITY COMMISSION,        )
20                                 )   **STIPULATED DISCOVERY PLAN**
                                   )
            Plaintiff,             )
21                                 )
                                   )
22          v.                     )
                                   )
23  LEO PALACE RESORT,             )
                                   )
24          Defendant.             )
                                   )
25  _____ )

26

27  Federal Rule of Civil Procedure 26(f) Information:

28      1.      No changes shall be made to the timing, form or requirement of disclosures

ORIGINAL

| 1 | under LR 26.2 and Federal Rule of Civil Procedure 26(f). The initial disclosures |
| 2 | shall have been exchanged pursuant to Federal Rule of Civil Procedure 26(a)(1) |
| 3 | not later than December 14, 2006. |
| 4 | 2. | The parties agree to conduct discovery according to the dates set forth in the |
| 5 | scheduling order. Discovery shall not be conducted in specified phases. |
| 6 | 3. | Discovery will be needed on the following subjects, but expressly is not limited |
| 7 | to those subjects: |
| 8 | Plaintiff United States Equal Employment Opportunity Commission ("EEOC"): |
| 9 | a.) Plaintiff EEOC will conduct discovery into the facts and circumstances |
| 10 | surrounding the sexual harassment and hostile work environment of Vivienne |
| 11 | Villanueva, Jennifer Holbrook, Rosemarie Taimanglo and a class of similarly |
| 12 | situated individuals, including, but not limited to, Defendant Leo Palace Resorts |
| 13 | response to and investigation of the allegations. |
| 14 | b.) Plaintiff EEOC will conduct discovery into the facts and circumstances |
| 15 | surrounding retaliation against Jennifer Holbrook and Rosemarie Taimanglo for |
| 16 | complaining about sex harassment/ hostile work environment. |
| 17 | c.) Plaintiff EEOC will conduct discovery into whether Leo Palace Resorts |
| 18 | adequately trained its managers and supervisors to respond to allegations of sex |
| 19 | harassment/ hostile work environment, and whether Leo Palace Resorts had |
| 20 | adequate procedures in place to address allegations of sexual harassment/ hostile |
| 21 | work environment and retaliation. |
| 22 | d.) Plaintiff EEOC will also need to conduct discovery into the facts underlying |
| 23 | Defendant's affirmative defenses. |
| 24 | e.) Plaintiff EEOC seeks compensatory damages, back pay, front pay, benefits, |
| 25 | punitive damages and corresponding prejudgment interest amount on the behalf |
| 26 | of Vivienne Villanueva, Jennifer Holbrook, Rosemarie Taimanglo and a class of |
| 27 | similarly situated individuals. |
| 28 | f.) The Plaintiff is further seeking permanent injunctive relief and other relief the |

2

court deems appropriate. The injunction seeks to have Employer Defendant refrain from engaging in any form of employment discrimination and to have Employer Defendant prevent and end any unlawful equal employment practices. Such an injunction can be carried out through posting of equal employment opportunity laws, age harassment and discrimination training for all employees with special emphasis on management, reports requirements by Defendant Employers and inspection authority for the EEOC regarding Defendant Employer's employment practices, including responses to any allegations of sexual harassment and retaliation. To account for the costs of such an injunction, if any, the EEOC seeks to have Defendant Employer set aside funds to effectuate the foregoing.

g.) Plaintiff will take the depositions of key witnesses upon the production of initial discovery by Defendant. If necessary, the Plaintiff will follow up with depositions of key witnesses in late winter/ spring of 2007. The Plaintiff will propound written discovery to the extent necessary.

Defendant Leo Palace Resorts:

h.) At present, Defendant Leopalace Resort plans to conduct discovery by means of depositions and interrogatories into the same general areas as Plaintiff EEOC, as outlined above in paragraphs 3.a). through c). Defendant Leopalace Resort is also considering filing a Rule 35 motion for independent medical examinations for the claimants.

i.) Defendant Leopalace Resort currently intends to take the depositions of claimants Jennifer Holbrook, Rose Taimanglo, and Vivian Villanueva, the deposition of former Leopalace employee Christine Camacho, and the deposition of former Leopalace employee Greg Perez, who resides in Hawaii. Leopalace additionally plans to take the depositions of any physicians or other health care professionals who may have provided treatment to the claimants after the incidents described in the complaint on file in this case, including, but not limited

3

to, Dr. Lilli Perez Iyechad, Ph.D., and Tom Babauta, MSW, ACSW. Finally, to the extent necessary, Defendant Leopalace Resort may take the depositions of the claimant's family members or other witnesses identified by the claimants who may have personal knowledge of the damages the claimants allege to have suffered as a result of the incidents giving rise to this lawsuit.

Stipulations:

4.     The parties have agreed to a maximum of 10 depositions by each party. It is further stipulated that depositions shall not exceed the 7 hour, 1 day maximum specified in Fed. R. Civ. P. 30(d) unless extended by agreement of the parties per order of the court.   Plaintiff and Defendant are at this time unable to determine the exact number of depositions until further discovery is completed.

5.     The parties have agreed to a maximum of 25 interrogatories by each party to any other party. The parties agree to meet and confer in good faith should any party find the need to modify Fed. R. Civ. P. 33(a) and issue more than 25 interrogatory questions. If it becomes necessary after the initial meet and confer, either party may make a request to the court for additional interrogatories.

///
///
///
///
///
///
///
///
///
///
///
///

4

Respectfully submitted,

U.S. EQUAL EMPLOYMENT

OPPORTUNITY COMMISSION

Anna Y. Park

Angela Morrison

Derek Li

Gregory S. McClinton

Date:_____          By: _____

Anna Park,

Regional Attorney

Attorneys for Plaintiff U.S. EEOC

DOOLEY ROBERTS & FOWLER LLP

Tim Roberts

Date: 12/9/06          By: _____ 12/13/06

Tim Roberts

Attorney for Defendant Leo Palace Resorts

RECEIVED

DEC 1 3 2006

DISTRICT COURT OF GUAM
HAGATNA, GUAM

5