**TEKER TORRES & TEKER, P.C.**
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4
FACSIMILE: (671) 472-2601

Attorneys for Plaintiff-Intervenors,
  *Jennifer Holbrook, Rosemarie*
  *Taimanglo and Viviene Villanueva*

FILED
DISTRICT COURT OF GUAM
JAN 1 2 2007
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

----------

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CIVIL CASE NO. 06-00028 |
| Plaintiff, | |
| vs. | **COMPLAINT IN INTERVENTION OF PLAINTIFF-INTERVENORS, JENNIFER HOLBROOK, VIVIENE VILLANUEVA AND ROSEMARIE TAIMANGLO** |
| LEO PALACE RESORT, | |
| Defendant. | |
| JENNIFER HOLBROOK, VIVIENE VILLANUEVA and ROSEMARIE TAIMANGLO, | |
| Plaintiff-Intervenors, | |
| vs. | |
| MDI GUAM CORPORATION dba LEO PALACE RESORT MANENGGON HILLS and DOES 1 through 10, | |
| Defendant. | |

----------

/ / /

ORIGINAL

Plaintiff-Intervenors JENNIFER HOLBROOK, ROSEMARIE TAIMANGLO and VIVIENE VILLANUEVA, by their attorneys of record, the Law Offices of Teker, Torres & Teker, P.C., allege and complain as follows:

I.

## NATURE OF THE ACTION

1. This is a sexual harassment and retaliation lawsuit brought against Defendant MDI GUAM CORPORATION dba LEOPALACE RESORT MANENGGON HILLS (hereinafter referred to as "LEO PALACE RESORT") under the Civil Rights Act of 1964, as amended in 42 U.S.C. §§2000 *et seq.* ("Title VII") and violations of territorial law codified in the Guam Code Annotated by Plaintiff-Intervenors, JENNIFER HOLBROOK, ROSEMARIE TAIMANGLO and VIVIENE VILLANUEVA (collectively referred to hereafter as "Plaintiff-Intervenors").

2. Plaintiff-Intervenors have filed this lawsuit because they were sexually harassed and subjected to a sex-based harassment and retaliation during their employment with LEO PALACE RESORT. Plaintiff-Intervenors were subjected to a hostile work environment perpetuated by LEO PALACE RESORT's management, supervisors and co-workers when Plaintiff-Intervenors complained of harassment by their co-worker, they were ignored and later subjected to retaliation in the form of demotion, loss wages and further harassment.

3. Plaintiff-Intervenors have filed this lawsuit against LEO PALACE RESORT to intervene in the District Court of Guam Case styled as ***U.S. Equal Employment Opportunity Commission vs. Leo Palace Resort***, District Court of Guam Civil Case No. 06-00028, and have filed their own claims permitted under the laws of the territory of Guam

///

///

## II.

## PARTIES

4. Plaintiff-Intervenor, JENNIFER HOLBROOK, is an individual and has resided in Guam at all times pertinent hereto. From approximately June 7, 2004 to about September, 2004, JENNIFER HOLBROOK was employed by Defendant.

5. Plaintiff-Intervenor, ROSEMARIE TAIMANGLO, is an individual and has resided in Guam at all times pertinent hereto. From approximately May 13, 1994 to about October, 2004, ROSEMARIE TAIMANGLO was employed by Defendant.

6. Plaintiff-Intervenor, VIVIENE VILLANUEVA, is an individual and has resided in Guam at all times pertinent hereto. From approximately June 6, 2003 to about October, 2004, VIVIENE VILLANUEVA was employed by Defendant.

7. Defendant LEO PALACE RESORT is a Guam Corporation, and at all relevant times Defendant has continuously been and is now doing business in Yona, Guam.

8. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of §§701(b), (g) and (h) of Title VII, 42 U.S.C., §§2000e-1 (b), (g) and (h) and §§11(b), (g) and (h).

9. At all relevant times, Defendant LEO PALACE RESORT has employed more than fifteen (15) people for each working day in each of twenty or more calendar weeks; thus, Defendant meets the definition of "employer" under Title VII, 42 U.S.C. §2000e(b) and Guam law.

10. CHRISTINE CAMACHO ("CAMACHO") is an individual who began employment with Defendant in May 2004 and at all times pertinent hereto was employed by Defendant as a hotel front desk clerk.

11. Plaintiff-Intervenors are ignorant of true names and capacities of Defendant

LEO PALACE RESORT employees and agents sued as DOES 1 through 10, inclusively, and therefore Plaintiff-Intervenors sue said Defendant by fictitious name. Plaintiff-Intervenors reserve the right to amend their complaint to name the DOES individually or collectively as they become known. Plaintiff-Intervenors allege that each of the Defendants named as DOES were in some manner responsible for the acts and omissions alleged herein and Plaintiff-Intervenors will amend the Complaint to allege such responsibility when the same has been ascertained by Plaintiff-Intervenors.

12. It is further alleged on information and belief that the named and unnamed Defendants in the Complaint are mere alter egos of the Defendant.

13. All of the acts and failure to act alleged herein were duly performed by or under the direction and control of others, except as specifically alleged otherwise. Said acts and failure to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and /or ratified the unlawful acts and omissions by employees complained of herein. Whenever and wherever there is reference to any act in this Complaint by Defendant or any employee or agent, such allegations and references shall also be deemed to mean the acts and failures to act of Defendant.

### III.

### PROCEDURAL REQUIREMENTS

14. In or about October, 2004, JENNIFER HOLBROOK filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), thereby satisfying the requirements of 42 U.S.C.A. §2000e-5(b), (e). Such charge was filed within one hundred and eighty (180) days of Defendant's unlawful employment practices.

15. Plaintiff-Intervenor JENNIFER HOLBROOK was subjected to a continuing

series of incidents of harassment described in Parts V through IX below, which began on or about June, 2004.

16. In or about October, 2004, ROSEMARIE TAIMANGLO filed a charge of discrimination with the EEOC, thereby satisfying the requirements of 42 U.S.C.A. §2000e-5(b), (e). Such charge was filed within one hundred and eighty (180) days of Defendant's unlawful employment practices.

17. Plaintiff-Intervenor ROSEMARIE TAIMANGLO was subjected to a continuing series of incidents of harassment described in Parts V through IX below, which began on or about June, 2004.

18. In or about October, 2004, VIVIENE VILLANUEVA filed a charge of discrimination with the EEOC, thereby satisfying the requirements of 42 U.S.C.A. §2000e-5(b), (e). Such charge was filed within one hundred and eighty (180) days of Defendant's unlawful employment practices.

19. Plaintiff-Intervenor VIVIENE VILLANUEVA was subjected to a continuing series of incidents of harassment described in Parts V through IX below, which began in or about June, 2004.

20. On or about December, 2005, the EEOC, after a fourteen month investigation, issued a Letter of Determination to each of the Plaintiff-Intervenors with respect to the charges against Defendant. The EEOC determined that there was reasonable cause to believe that the charging parties listed above were subjected to sex harassment and that JENNIFER HOLBROOK was subjected to retaliation. The EEOC's investigation further found reasonable cause to believe that females as a class are subjected to an ongoing pattern of sex harassment and retaliation for having participated in a protected activity.

21. For a four month period from or about January to May, 2006, the parties participated in the EEOC conciliation process. The process failed to resolve the parties' disputes.

22. On or September 28, 2006, the EEOC filed a Complaint in this court against LEO PALACE RESORT alleging, among other things, that LEO PALACE RESORT engaged in unlawful employment practices on the basis of sex against HOLBROOK, TAIMANGLO and VILLANUEVA who were adversely affected by such practices.

23. HOLBROOK, TAIMANGLO and VILLANUEVA seek to intervene in the proceedings commenced by the EEOC, pursuant to 42 U.S.C. §2000e-5(f)(1) and Rule 24 of the Federal Rules of Civil Procedure.

## IV.

## VENUE AND JURISDICTION

24. This court has jurisdiction of the claim hereby pursuant to 42 U.S.C.A. § 2000e-5(f)(3), 28 U.S.C.A. §§ 1331 and 1334(4). This civil action arises under the laws of the United States. Plaintiff-Intervenors are alleging a violation of their rights under Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C.A.§§ 2000 et seq. Pursuant to 28 U.S.C. § 1367(a), Plaintiff-Intervenors request this Court to exercise supplemental jurisdiction to hear and decide claims against Defendant arising under federal law and the laws of the territory of Guam.

25. Venue herein is proper under 28 U.S.C.A. § 1391(b) and 42 U.S.C.A. § 2000e-5(f)(3). Defendant LEO PALACE RESORT was doing business in the territory of Guam at relevant tomes hereto, and the unlawful employment practices of which Plaintiff-Intervenors are complaining of were committed in the territory of Guam. CAMACHO at all times relevant hereto was an employee of LEO PALACE RESORT.

///

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4

V.

## FIRST CLAIM FOR RELIEF FOR HOSTILE WORK ENVIRONMENT SEXUAL HARASSMENT

26. Plaintiff-Intervenors incorporate by reference the allegations contained in paragraphs 1 through 25 above.

27. This action is brought under Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C.A.§§ 2000 et seq.

28. Plaintiff-Intervenors are women and as such are members of a group protected under TITLE VII from discrimination on the basis of sex.

29. Defendant provided Plaintiff-Intervenors with an employee handbook which has a stated policy against sexual harassment by any supervisor, co-worker or customer. Plaintiffs were aware of the policy, relied on it and Defendant's action and non-actions, as alleged herein, violated Defendant's written contractual promise to honor and comply with federal law, Guam law and its own policies and procedures.

30. Commencing in or about June, 2004, CAMACHO engaged in a persistent pattern of severe and persuasive harassment by, *inter alia*, making sexually explicit and vulgar comments to JENNIFER HOLBROOK, touching her inappropriately and illegally engaging in sexually offensive conduct towards JENNIFER HOLBROOK, which created a hostile environment unreasonably interfering with her ability to perform her job.

31. JENNIFER HOLBROOK did not welcome the conduct described in paragraph 30, and advised CAMACHO that such conduct was offensive to her and unwelcomed.

32. Commencing in or about June, 2004, CAMACHO engaged in a persistent pattern of severe and pervasive harassment by, *inter alia*, making sexually explicit comments to

ROSEMARIE TAIMANGLO, touching her inappropriately and illegally engaging in sexually offensive conduct towards ROSEMARIE TAIMANGLO, which created a hostile environment unreasonably interfering with her ability to perform her job.

33. ROSEMARIE TAIMANGLO did not welcome the conduct described in paragraph 32, and advised CAMACHO that such conduct was offensive to her and unwelcomed.

34. Commencing in or about June, 2004, CAMACHO engaged in a persistent pattern of severe and pervasive harassment by, *inter alia*, making sexually explicit and vulgar comments to VIVIENE VILLANUEVA, on two occasions slapping the buttocks of VIVIENE VILLANUEVA, repeatedly telling VIVIENE VILLANUEVA that she could not constrain her conduct instead continually engaging in sexually offensive conduct towards VIVIENE VILLANUEVA, which created a hostile environment unreasonably interfering with her ability to perform her job.

35. VIVIENE VILLANUEVA did not welcome the conduct described in paragraph 34, and advised CAMACHO that such conduct was offensive to her and unwelcomed.

36. Plaintiff-Intervenors were subjected to the harassment because of their sex.

37. The co-worker harassment described in Paragraphs 10, 30, 32 and 34 had a greater impact on persons of Plaintiff-Intervenors' sex in the workplace than on persons of the opposite sex.

38. The harassment adversely affected the Plaintiff-Intervenors' psychological well-being.

39. The harassment unreasonably interfered with Plaintiff-Intervenors' ability to perform their jobs and their work performance.

40. The harassment to which Plaintiff-Intervenors were subjected to would affect

the psychological well-being and unreasonably interfere with the work performance of a reasonable person of Plaintiff-Intervenors sex.

41. Sexual harassment was pervasive and prevalent at the workplace to charge Defendant LEO PALACE RESORT with liability and at all times pertinent hereto, LEO PALACE RESORT had actual and constructive notice of it.

42. Prior to filing a charge with the EEOC, Plaintiff-Intervenor JENNIFER HOLBROOK, gave Defendant LEO PALACE RESORT actual notice of sexual harassment in or about July 1, 2004 and again on August 10, 2004.

43. Prior to filing a charge with the EEOC, Plaintiff-Intervenor ROSEMARIE TAIMANGLO, gave Defendant LEO PALACE RESORT actual notice of sexual harassment in or about July 1, 2004 and again on August 10, 2004.

44. Prior to filing a charge with the EEOC, Plaintiff-Intervenor VIVIENE VILLANUEVA, gave Defendant LEO PALACE RESORT actual notice of sexual harassment on several occasions starting July 1, 2004 and again on August 10, 2004.

45. Prior to filing a charge with the EEOC, Plaintiff-Intervenors gave Defendant LEO PALACE RESORT actual notice of sexual harassment in or about July 1, 2004 by calling and meeting with MAE PAULINO, Defendant's Human Resources Manager and Mr. Suzuki, the front desk manager. The Plaintiff-Intervenors were all present at the July and August meetings with MAE PAULINO. Despite meeting with the Plaintiff-Intervenors, MAE PAULINO and Defendant's management refused to take action on the Plaintiff-Intervenors' complaints of sexual harassment or remove CAMACHO from the workplace or from contact with the Plaintiff-Intervenors.

46. Defendant LEO PALACE RESORT failed to investigate Plaintiff-Intervenors' complaints even though at least three of its management personnel, including Mr. Hong, Mr. Suzuki

and Mr. Ijima had knowledge of Ms. Camacho's illegal conduct.

47. Defendant LEO PALACE RESORT failed to take remedial action.

48. Following the Plaintiff-Intervenors' July 1, 2004 complaints to Defendant's management, and the non-response of Defendant LEO PALACE RESORT, the harassment to Plaintiff-Intervenors and the hostile environment continued.

49. MAE PAULINO and other management staff had the power to alter or affect the terms and conditions of the employment of HOLBROOK, TAIMANGLO and VILLANUEVA by firing, transferring and altering Camacho's work schedule and/or evaluating her work performance yet failed to take any remedial action to assist the Plaintiff-Intervenors.

50. MAE PAULINO and other management staff, with knowledge of Ms. Camacho's conduct, were acting within the scope of her employment at all pertinent times herein.

51. Plaintiff-Intervenors sustained physical and emotional suffering and injury attributable to the Defendant's decisions and the harassment.

52. Defendant acted with malice and with reckless indifference to Plaintiff-Intervenors' civil rights and emotional and physical well-being.

## VI.

### SECOND CLAIM FOR RELIEF FOR SEXUAL HARASSMENT AND/OR DISCRIMINATION

53. Plaintiff-Intervenors incorporate by reference the allegations contained in paragraphs 1 through 52 above.

54. Plaintiff-Intervenors are women and as such are members of a group protected under §3302 of Title 22 of the Guam Code Annotated ("GCA"), from discrimination on the basis of sex.

55. Plaintiff-Intervenors HOLBROOK, TAIMANGLO and VILLANUEVA were qualified for the jobs they held at the LEO PALACE RESORT.

56. Plaintiff-Intervenors HOLBROOK, TAIMANGLO and VILLANUEVA were satisfying their respective job requirements.

57. Plaintiff-Intervenor JENNIFER HOLBROOK's terms of employment were altered after JENNIFER HOLBROOK complained about LEO PALACE RESORT's failure to take action against CAMACHO's unlawful sexual harassment or whenever JENNIFER HOLBROOK did not otherwise tolerate the hostile work environment she was subjected to by CAMACHO and Defendant.

58. Plaintiff-Intervenor ROSEMARIE TAIMANGLO's terms of employment were altered after ROSEMARIE TAIMANGLO complaint about LEO PALACE RESORT's failure to take action against CAMACHO's unlawful sexual harassment or whenever ROSEMARIE TAIMANGLO did not otherwise tolerate the hostile work environment she was subjected to by CAMACHO and Defendant.

59. Plaintiff-Intervenor VIVIENE VILLANUEVA's terms of employment were altered after VIVIENE VILLANUEVA complained about LEO PALACE RESORT's failure to take action against CAMACHO's unlawful sexual harassment or whenever VIVIENE VILLANUEVA did not otherwise tolerate the hostile work environment she was subjected to by CAMACHO and Defendant.

60. Defendant's treatment to Plaintiff-Intervenors was in violation of 22 GCA §3302 Within the time provided by law, Plaintiff-Intervenors filed complaints with the EEOC, which, after substantiating the Complaints, in turn filed a Civil Complaint against Defendant LEO PALACE RESORT.

61. As a proximate result of Defendant's conduct, Plaintiff-Intervenors have sustained and continue to sustain substantial losses in earnings and continue to suffer humiliation, emotion-al distress, and mental and physical pain and anguish, all to their damage in the sum according to proof at trial.

62. Defendant's conduct as described above was willful, despicable, knowing, and intentional; accordingly, Plaintiff-Intervenors are entitled to an award of punitive and exemplary damages in an amount according to proof.

## VII.

### THIRD CLAIM FOR RELIEF FOR RETALIATION

**(Pursuant to Title VII of the Civil Rights Act of 1964)**

63. Plaintiff-Intervenors incorporate by reference the allegations contained in paragraphs 1 through 62 above.

64. At all time relevant herein, Plaintiff-Intervenors engaged in a protected activity under Title VII of the Civil Rights Act of 1964 by complaining to LEO PALACE RESORT's Human Resource Office and management personnel about the persistent pattern of unlawful sexual harassment and discrimination against female employees.

65. In July 2004 and August 2004, during JENNIFER HOLBROOK's employment with Defendant, JENNIFER HOLBROOK complained to Defendant about the unwanted and persistent sexual advances, harassment, and discrimination against her by CAMACHO. As alleged above, Defendant retaliated against JENNIFER HOLBROOK for making these complaints by tolerating CAMACHO's constant sexual harassment towards JENNIFER HOLBROOK, by reducing her schedule and through hostile interaction by management during work hours.

66. In July 2004 and August 2004, during ROSEMARIE TAIMANGLO's employment with Defendant, ROSEMARIE TAIMANGLO complained to Defendant about the unwanted and persistent sexual advances, harassment, and discrimination against her by CAMACHO. As alleged above, Defendant retaliated against ROSEMARIE TAIMANGLO for making these complaints by tolerating CAMACHO's constant sexual harassment towards ROSEMARIE TAIMANGLO, and through hostile interaction by management during work hours.

67. In July 2004 and August 2004, during VIVIENE VILLANUEVA's employment with Defendant, VIVIENE VILLANUEVA complained to Defendant about the unwanted and persistent sexual advances, harassment, and discrimination against her by CAMACHO. As alleged above, Defendant retaliated against VIVIENE VILLANUEVA for making these complaints by tolerating CAMACHO's constant sexual harassment towards VIVIENE VILLANUEVA, and through hostile interaction by management during work hours.

68. Defendant's treatment to Plaintiff-Intervenors was in violation of 42 U.S.C. § 2000e-3(a). Within the time provided by law, Plaintiff-Intervenors filed a complaint with the EEOC, which in turn, filed a Complaint against Defendant LEO PALACE RESORT.

69. As a proximate result of Defendant's conduct, Plaintiff-Intervenors have sustained and continue to sustain substantial losses in earnings and continue to suffer humiliation, emotion al distress, and mental and physical pain and anguish, all to their damage in the sum according to proof at trial.

70. Defendant's conduct as described above was willful, despicable, knowing, and intentional; accordingly, Plaintiff-Intervenors are entitled to an award of punitive and exemplary damages in an amount according to proof.

///

///

## VIII.

### FOURTH CLAIM FOR RELIEF FOR CONSTRUCTIVE WRONGFUL TERMINATION

71. Plaintiff-Intervenors incorporate by reference the allegations contained in paragraphs 1 through 70 above.

72. At all time relevant herein, Plaintiff-Intervenors engaged in a protected activity under Title VII of the Civil Rights Act of 1964 by complaining to LEO PALACE RESORT's management about the persistent pattern of unlawful sexual harassment and discrimination against female employees.

73. In July 2004 and August 2004, during JENNIFER HOLBROOK's employment with Defendant. JENNIFER HOLBROOK complained to Defendant about the unwanted and persistent sexual advances, harassment, and discrimination against her by CAMACHO. As alleged above, Defendant retaliated against JENNIFER HOLBROOK for making these complaints by tolerating CAMACHO's constant sexual harassment towards JENNIFER HOLBROOK, by reducing her work schedule and by hostile interaction by management during work hours, causing intolerable work conditions and causing Ms. Holbrook to quit her job.

74. In July 2004 and August 2004, during ROSEMARIE TAIMANGLO's employment with Defendant. ROSEMARIE TAIMANGLO complained to Defendant about the unwanted and persistent sexual advances, harassment, and discrimination against her by CAMACHO. As alleged above, Defendant retaliated against ROSEMARIE TAIMANGLO for making these complaints by tolerating CAMACHO's constant sexual harassment towards ROSEMARIE TAIMANGLO, by creating intolerable work conditions and ultimately forcing

ROSEMARIE TAIMANGLO to resign her position with LEO PALACE RESORT.

75. In July 2004 and August 2004, during VIVIENE VILLANUEVA's employment with Defendant, VIVIENE VILLANUEVA complained to Defendant about the unwanted and persistent sexual advances, harassment, and discrimination against her by CAMACHO. As alleged above, Defendant retaliated against VIVIENE VILLANUEVA for making these complaints by tolerating CAMACHO's constant sexual harassment towards VIVIENE VILLANUEVA, by creating intolerable work conditions and ultimately causing VIVIENE VILLANUEVA to resign her Position with LEO PALACE RESORT.

76. Defendant's treatment of Plaintiff-Intervenors was in violation of 22 GCA § 3302.

77. As a proximate result of Defendant's conduct, Plaintiff-Intervenors have sustained and continue to sustain substantial losses in earnings and continue to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to their damage in a sum according to proof at trial.

78. Defendant's conduct as described above was willful, despicable, knowing, and intentional; accordingly, Plaintiff-Intervenors are entitled to an award of punitive and exemplary damages in an amount according to proof.

## IX.

### FIFTH CLAIM FOR RELIEF FOR RETALIATION

79. Plaintiff-Intervenors incorporate by reference the allegations contained in paragraph 1 through 78 above.

80. At all times relevant herein, Plaintiff-Intervenors engaged in a protected activity under 22 GCA § 3302 by complaining to LEO PALACE RESORT's management about the

persistent pattern of unlawful sexual harassment and discrimination against female employees.

81. During the course of HOLBROOK, TAIMANGLO and VILLANUEVA's employment with Defendant LEO PALACE RESORT, HOLBROOK, TAIMANGLO and VILLANUEVA complained to LEO PALACE RESORT about the unwanted and persistent sexual advances, harassment, and discrimination against HOLBROOK, TAIMANGLO and VILLANUEVA by CAMACHO. As alleged above, Defendant LEO PALACE RESORT retaliated for making these complaints by tolerating CAMACHO's constant sexual harassment towards HOLBROOK, TAIMANGLO and VILLANUEVA, by refusing to maintain their work schedule.

82. During the course of HOLBROOK, TAIMANGLO and VILLANUEVA's employment with Defendant LEO PALACE RESORT, HOLBROOK, TAIMANGLO and VILLANUEVA complained to LEO PALACE RESORT about the unwanted and persistent sexual advances, harassment, and discrimination against HOLBROOK, TAIMANGLO and VILLANUEVA by CAMACHO. As alleged above, Defendant LEO PALACE RESORT retaliated against HOLBROOK, TAIMANGLO and VILLANUEVA for making these complaints by tolerating CAMACHO's constant sexual harassment towards HOLBROOK, TAIMANGLO and VILLANUEVA, and by perpetuating a hostile work environment through the post Camacho termination conduct of management, ultimately causing TAIMANGLO and VILLANUEVA to terminate their employment with LEO PALACE RESORT.

83. During the course of HOLBROOK, TAIMANGLO and VILLANUEVA's employment with Defendant LEO PALACE RESORT, HOLBROOK, TAIMANGLO and VILLANUEVA complained to Defendant about he unwanted and persistent sexual advances, harassment, and discrimination against HOLBROOK, TAIMANGLO and VILLANUEVA by CAMACHO. As alleged above, Defendant LEO PALACE RESORT retaliated against

HOLBROOK, TAIMANGLO and VILLANUEVA for making these complaints by tolerating CAMACHO's constant sexual harassment towards HOLBROOK, TAIMANGLO and VILLANUEVA, and covering up CAMACHO's unlawful conduct.

84. During the course of HOLBROOK, TAIMANGLO and VILLANUEVA's employment with Defendant LEO PALACE RESORT, HOLBROOK, TAIMANGLO and VILLANUEVA complained to Defendant LEO PALACE RESORT about the unwanted and persistent sexual advances, harassment, and discrimination against HOLBROOK, TAIMANGLO and VILLANUEVA by CAMACHO. As alleged above, Defendant LEO PALACE RESORT retaliated against HOLBROOK, TAIMANGLO and VILLANUEVA for making these complaints by tolerating CAMACHO's constant sexual harassment towards HOLBROOK, TAIMANGLO and VILLANUEVA, and by refusing to promptly transfer them to another shift in order to avoid contact with CAMACHO.

85. Defendant LEO PALACE RESORT's treatment of Plaintiff-Intervenors was in violation of 22 GCA § 3302.

86. As a proximate result of Defendant LEO PALACE RESORT's conduct, Plaintiff-Intervenors have sustained and continue to sustain substantial losses in earnings and continue t suffer humiliation, emotional distress, and mental and physical pain and anguish, all to their damage in a sum according to proof at trial.

87. Defendant's conduct as described above was willful, despicable, knowing, and intentional; accordingly, Plaintiff-Intervenors are entitled to an award of punitive and exemplary damages in an amount according to proof.

88. Defendant LEO PALACE RESORT had knowledge of CAMACHO's unlawful conduct, continued to employ her and/or failed to supervise her with a conscious disregard

of the rights or safety of Plaintiff-Intervenors.

WHEREFORE, Plaintiff-Intervenors respectfully pray that this Court:

Award Plaintiff-Intervenors compensatory damages including lost wages and benefit according to proof;

Award Plaintiff-Intervenors mental and emotional distress damages for their emotional suffering and related medical therapeutic expenses according to proof;

Award Plaintiff-Intervenors civil penalties as provided by statute;

Award Plaintiff-Intervenors punitive and exemplary damages according to proof;

Award Plaintiff-Intervenors' attorney fees and costs, including expert witness fees, pursuant to 42 U.S.C.§ 2000e-5(k).

Award Plaintiff-Intervenors prejudgment interest on all amounts claimed; and award Plaintiff-Intervenors any other relief that this Court may deem proper.

*Respectfully submitted* this 11th day of January, 2007.

                **TEKER, TORRES & TEKER, P.C.**

By: _____
       **PHILLIP TORRES, ESQ.**
       Attorneys for Plaintiff-Intervenors,
       *Jennifer Holbrook, Rosemarie*
       *Taimanglo and Viviene Villanueva*

M:\COMMON\USERS\CLIENT FOLDERS\#PLEADINGS\HOLBROOK, JENNIFER - EEOC\001 COMPLAINT.wpd