Dooley Roberts & Fowler LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Corps Drive
Tamuning, Guam 96913
Telephone (671) 646-1222
Facsimile (671) 646-1223

Attorneys for Defendant LeoPalace Resort

FILED
DISTRICT COURT OF GUAM
JAN 3 1 2007
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT

OF GUAM

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CASE NO. 06-00028 |
| Plaintiff, | |
| vs. | |
| LEO PALACE RESORT, | **ANSWER OF DEFENDANT LEO PALACE RESORT TO COMPLAINT IN INTERVENTION; CERTIFICATE OF SERVICE** |
| Defendant. | |
| JENNIFER HOLBROOK, VIVIENE VILLANUEVA and ROSEMARIE TAIMANGLO, | |
| Plaintiff-Intervenors, | |
| vs. | |
| MDI GUAM CORPORATION dba LEO PALACE RESORT MANENGGON HILLS and DOES 1 through 10, | |
| Defendants. | |

COMES NOW MDI Guam Corporation dba LeoPalace Resort Manenggon Hills (hereinafter "LeoPalace"), and for its answer to Interveners' Complaint in Intervention state as follows:

1. Responding to the allegations contained in paragraph 1 of Interveners' Complaint, LeoPalace admits the jurisdictional allegations and denies the remainder of the allegations contained therein.

2. LeoPalace denies the allegations contained in paragraph 2 of Interveners' Complaint.

3. Responding to the allegations contained in paragraph 3 of Interveners' Complaint, LeoPalace denies that Plaintiff Interveners' claims as described therein have any merit, but admits the remainder of the allegations contained therein.

4. LeoPalace admits the allegations contained in paragraph 4 of Interveners' Complaint.

5. LeoPalace admits the allegations contained in paragraph 5 of Interveners' Complaint.

6. LeoPalace admits the allegations contained in paragraph 6 of Interveners' Complaint.

7. LeoPalace admits the allegations contained in paragraph 7 of Interveners' Complaint.

8. LeoPalace admits the allegations contained in paragraph 8 of Interveners' Complaint.

9. LeoPalace admits the allegations contained in paragraph 9 of Interveners' Complaint.

10. LeoPalace admits that Christine Camacho is an individual who began employment with LeoPalace in May 2004, but denies the remainder of the allegations contained in paragraph 10 of Interveners' Complaint.

11. LeoPalace lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of Interveners' Complaint.

12. LeoPalace denies the allegations contained in paragraph 12 of Interveners' Complaint.

13. LeoPalace denies the allegations contained in paragraph 13 of Interveners' Complaint.

14. LeoPalace admits the allegations contained in paragraph 14 of Interveners' Complaint.

15. LeoPalace denies the allegations contained in paragraph 15 of Interveners' Complaint.

16. LeoPalace admits the allegations contained in paragraph 16 of Interveners' Complaint.

17. LeoPalace denies the allegations contained in paragraph 17 of Interveners' Complaint.

18. LeoPalace admits the allegations contained in paragraph 18 of Interveners' Complaint.

19. LeoPalace denies the allegations contained in paragraph 19 of Interveners' Complaint.

20. Responding to the allegations contained in paragraph 20 of Interveners' Complaint, LeoPalace denies that the charging parties were subject to sex harassment, denies that Jennifer Holbrook was subjected to retaliation, denies that females as a class are subjected to an ongoing pattern of sex harassment at LeoPalace, denies that females as a class are retaliated against by LeoPalace for having participated in a protected activity, but admits the remainder of the allegations contained therein.

21. Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, and pursuant to the *sua sponte* authority granted to the court therein, LeoPalace moves to strike the allegations contained in paragraph 21 of the Complaint on confidentiality and materiality grounds, and pursuant to Rule 408 of the Guam Rules of Evidence.

22. Responding to the allegations contained in paragraph 22 of Interveners' Complaint, LeoPalace denies that it engaged in any unlawful employment practices on the basis of sex against Holbrook, Taimanglo and Villanueva, and denies that these claimants were adversely affected by such practices, but admits the remainder of the allegations contained in paragraph 22 of the Complaint.

23. LeoPalace admits the allegations contained in paragraph 23 of Interveners' Complaint.

24. LeoPalace admits the allegations contained in paragraph 24 of Interveners' Complaint.

25. Responding to the allegations contained in paragraph 25 of Interveners' Complaint, LeoPalace denies that it engaged in any unlawful employment practices, denies that Christine

Camacho was at all times relevant to the Complaint in Intervention an employee of LeoPalace Resort, but admits the remainder of the allegations contained therein.

26. Responding to the allegations contained in paragraph 26 of Interveners' Complaint, LeoPalace realleges and incorporates herein its responses to paragraphs 1 through 25 of Interveners' Complaint as though fully set forth herein.

27. LeoPalace admits the allegations contained in paragraph 27 of Interveners' Complaint.

28. LeoPalace admits the allegations contained in paragraph 28 of Interveners' Complaint.

29. LeoPalace admits the first sentence of paragraph 29 of Interveners' Complaint, but denies the second sentence of paragraph 29 of Interveners' Complaint.

30. LeoPalace denies the allegations contained in paragraph 30 of Interveners' Complaint.

31. LeoPalace denies the allegations contained in paragraph 31 of Interveners' Complaint.

32. LeoPalace denies the allegations contained in paragraph 32 of Interveners' Complaint.

33. LeoPalace denies the allegations contained in paragraph 33 of Interveners' Complaint.

34. LeoPalace denies the allegations contained in paragraph 34 of Interveners' Complaint.

35. LeoPalace denies the allegations contained in paragraph 35 of Interveners' Complaint.

36. LeoPalace denies the allegations contained in paragraph 36 of Interveners' Complaint.

37. LeoPalace denies the allegations contained in paragraph 37 of Interveners' Complaint.

38. LeoPalace denies the allegations contained in paragraph 38 of Interveners' Complaint.

39. LeoPalace denies the allegations contained in paragraph 39 of Interveners' Complaint.

40. LeoPalace denies the allegations contained in paragraph 40 of Interveners' Complaint.

41. LeoPalace denies the allegations contained in paragraph 41 of Interveners' Complaint.

42. LeoPalace denies the allegations contained in paragraph 42 of Interveners' Complaint.

43. LeoPalace denies the allegations contained in paragraph 43 of Interveners' Complaint.

44. LeoPalace denies the allegations contained in paragraph 44 of Interveners' Complaint.

45. LeoPalace denies the allegations contained in paragraph 45 of Interveners' Complaint.

46. LeoPalace denies the allegations contained in paragraph 46 of Interveners' Complaint.

47. LeoPalace denies the allegations contained in paragraph 47 of Interveners' Complaint.

48. LeoPalace denies the allegations contained in paragraph 48 of Interveners' Complaint.

49. LeoPalace denies the allegations contained in paragraph 49 of Interveners' Complaint.

50. Responding to the allegations contained in paragraph 50 of Interveners' Complaint, LeoPalace admits that May Paulino was acting in the course and scope of her employment at all pertinent times, but denies the remainder of the allegations contained in paragraph 50 of Interveners' Complaint.

51. LeoPalace denies the allegations contained in paragraph 51 of Interveners' Complaint.

52. LeoPalace denies the allegations contained in paragraph 52 of Interveners' Complaint.

53. Responding to the allegations contained in paragraph 53 of Interveners' Complaint, LeoPalace realleges and incorporates herein its responses to paragraphs 1 through 52 of Interveners' Complaint as though fully set forth herein.

54. LeoPalace admits the allegations contained in paragraph 54 of Interveners' Complaint.

55. LeoPalace admits the allegations contained in paragraph 55 of Interveners' Complaint.

56. LeoPalace denies the allegations contained in paragraph 56 of Interveners' Complaint.

57. LeoPalace denies the allegations contained in paragraph 57 of Interveners' Complaint on vagueness grounds.

58. LeoPalace denies the allegations contained in paragraph 58 of Interveners' Complaint on vagueness grounds.

59. LeoPalace denies the allegations contained in paragraph 59 of Interveners' Complaint.

60. LeoPalace denies the allegations contained in paragraph 60 of Interveners' Complaint.

61. LeoPalace denies the allegations contained in paragraph 61 of Interveners' Complaint.

62. LeoPalace denies the allegations contained in paragraph 62 of Interveners' Complaint.

63. Responding to the allegations contained in paragraph 63 of Interveners' Complaint, LeoPalace realleges and incorporates herein its responses to paragraphs 1 through 62 of Interveners' Complaint as though fully set forth herein.

64. Responding to the allegations contained in paragraph 64 of Interveners' Complaint, LeoPalace denies that there was any pattern, persistent or otherwise, of unlawful sexual harassment or discrimination against female employees at any relevant time period, but admit the remainder of the allegations contained therein.

65. LeoPalace denies the allegations contained in paragraph 65 of Interveners' Complaint.

66. LeoPalace denies the allegations contained in paragraph 66 of Interveners' Complaint.

67. LeoPalace denies the allegations contained in paragraph 67 of Interveners' Complaint.

68. LeoPalace denies the allegations contained in the first sentence of paragraph 68 of Interveners' Complaint, but admits the allegations contained in the second sentence of paragraph 68 of Interveners' Complaint.

69. LeoPalace denies the allegations contained in paragraph 69 of Interveners' Complaint.

70. LeoPalace denies the allegations contained in paragraph 70 of Interveners' Complaint.

71. Responding to the allegations contained in paragraph 71 of Interveners' Complaint, LeoPalace realleges and incorporates herein its responses to paragraphs 1 through 70 of Interveners' Complaint as though fully set forth herein.

72. LeoPalace denies that there was any pattern persistent or otherwise, of unlawful sexual harassment or discrimination against female employees, but admits the remainder of the allegations contained in paragraph 72 of Interveners' Complaint.

73. LeoPalace denies the allegations contained in paragraph 73 of Interveners' Complaint.

74. LeoPalace denies the allegations contained in paragraph 74 of Interveners' Complaint.

75. LeoPalace denies the allegations contained in paragraph 75 of Interveners' Complaint.

76. LeoPalace denies the allegations contained in paragraph 76 of Interveners' Complaint.

77. LeoPalace denies the allegations contained in paragraph 77 of Interveners' Complaint.

78. LeoPalace denies the allegations contained in paragraph 78 of Interveners' Complaint.

79. Responding to the allegations contained in paragraph 79 of Interveners' Complaint, LeoPalace realleges and incorporates herein its responses to paragraphs 1 through 78 of Interveners' Complaint as though fully set forth herein.

80. LeoPalace denies the allegations contained in paragraph 80 of Interveners' Complaint.

81. LeoPalace denies the allegations contained in paragraph 81 of Interveners' Complaint.

82. LeoPalace denies the allegations contained in paragraph 82 of Interveners' Complaint.

83. LeoPalace denies the allegations contained in paragraph 83 of Interveners' Complaint.

84. LeoPalace denies the allegations contained in paragraph 84 of Interveners' Complaint.

85. LeoPalace denies the allegations contained in paragraph 85 of Interveners' Complaint.

86. LeoPalace denies the allegations contained in paragraph 86 of Interveners' Complaint.

87. LeoPalace denies the allegations contained in paragraph 87 of Interveners' Complaint.

88. LeoPalace denies the allegations contained in paragraph 88 of Interveners' Complaint.

## AFFIRMATIVE DEFENSES

1. The Complaint is barred by the applicable statute(s) of limitation.

2. The Complaint fails to state a claim upon which relief can be granted.

3. EEOC Claimants Jennifer T. Holbrook, Rosemarie B. Taimanglo and Viviene D. Villanueva ("the Claimants") were each contributorily negligent. The damages available to each Claimant, if any, are therefore barred or must be reduced by the percentage of negligence attributable to each Claimant.

4. The Claimants consented to the conduct of which they complain.

5. The Claimants encouraged the co-employee who was allegedly harassing them to engage in sexual banter.

6. The alleged harassment was mutually engaged in between the Claimants and the alleged harassing co-employee.

7. Claimant Rose Taimanglo was the direct supervisor of the allegedly harassing co-employee and had full authority to warn and/or discipline her.

8. The Claimants failed to mitigate their damages.

9. The Claimants were not constructively discharged. They voluntarily resigned.

10. The Claimants resigned their jobs at LeoPalace on the advice of their attorney, not because they were constructively discharged.

11. The work environment at LeoPalace subsequent the Claimants' EEOC complaints was not sufficiently hostile such that a reasonable person in Claimants' positions would have felt they had no choice but to resign.

12. The Claimants acted unreasonably in resigning their employment with LeoPalace.

13. The Claimants resigned their employment at LeoPalace after they were fully aware that LeoPalace had terminated the employee who was allegedly harassing the Claimants.

14. The Complaint's constructive discharge count is barred by the doctrine of avoidable consequences.

15. The Claimants suffered no adverse employment consequence as a result of anything alleged in the complaint.

16. No tangible employment action was taken by LeoPalace or by any LeoPalace supervisor against the Claimants.

17. LeoPalace exercised reasonable care to prevent and correct promptly any sexually harassing behavior.

18. The Claimants unreasonably failed to take advantage of preventive or corrective opportunities provided by LeoPalace to avoid harm.

19. LeoPalace did not discriminate against the claimants on account of sex.

20. LeoPalace took no action that it would not otherwise have taken in the absence of any impermissible motivating factor.

21. LeoPalace did not retaliate against the Claimants for filing their claims with the EEOC with any adverse employment action or any other action.

22. LeoPalace responded to the alleged harassment in an appropriate manner.

23. LeoPalace warned and then terminated the employee who was allegedly harassing the Claimants.

**WHEREFORE,** LeoPalace prays for relief as follows:

1. That Interveners takes nothing by their complaint;

2. For costs of suit; and

3. For such other and further relief as the court deems just and/or proper.

DOOLEY ROBERTS & FOWLER LLP

Dated: 1/31/07         By: _____
**TIM ROBERTS, ESQ.**
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I, Tim Roberts, hereby certify that on the 31st day of January, 2007, I caused the Answer of Defendant LeoPalace Resort to Complaint in Intervention to be served upon the following via US Mail and email:

Angela Morrison
**U.S EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
255 East Temple Street, Fourth Floor
Los Angeles, California 90012

I further certify that on the 31st day of January, 2007, I caused a copy of the Answer of Defendant LeoPalace Resort to Complaint in Intervention to be served upon the following via hand delivery:

Philip Torres, Esq.
**TEKER TORRES & TEKER, P.C.**
130 Aspinall Avenue, Suite 2A
Hagåtña, Guam 96910

Dated: 1/31/07

**TIM ROBERTS**

F:\Documents\Thomas L Roberts (07.04)\M108\M108.330 EEOC\Pleadings\M108-330.Answer (3).doc