

Dooley Roberts & Fowler LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Corps Drive
Tamuning, Guam 96913
Telephone (671) 646-1222
Facsimile (671) 646-1223

FILED
DISTRICT COURT OF GUAM

AUG - 6 2007

JEANNE G. QUINATA
Clerk of Court

Attorneys for Defendant LeoPalace Resort

IN THE DISTRICT COURT
OF GUAM

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>vs.<br><br>LEO PALACE RESORT,<br><br>Defendant.<br>_____<br><br>JENNIFER HOLBROOK, VIVIENE VILLANUEVA and ROSEMARIE TAIMANGLO,<br><br>Plaintiff-Intervenors,<br>vs.<br><br>MDI GUAM CORPORATION dba LEO PALACE RESORT MANENGGON HILLS and DOES 1 through 10,<br><br>Defendants.<br>_____ | CASE NO. 1:06-CV-00028<br><br><br><br><br><br><br><br><br>MEMORANDUM IN SUPPORT OF:<br><br>(1) MOTION TO COMPEL TESTIMONY AND PRODUCTION OF DOCUMENTS, OR IN THE ALTERNATIVE, TO DISMISS EMOTIONAL DISTRESS CLAIMS;<br><br>(2) MOTION TO EXTEND DISCOVERY COMPLETION DEADLINE;<br><br>(3) MOTION FOR INDEPENDENT MEDICAL EXAMINATION. |

I. **INTRODUCTION**

Plaintiff-Intervenors have each placed their medical condition in issue by demanding damages for emotional distress they claim was caused by Defendant MDI Guam Corporation dba Leopalace Resort ("Leopalace").

Memorandum of Points and Authorities
in Support of Motion to Compel
*EEOC v. LeoPalace Resort*
Case No. 1:06-CV-00028
Page 2 of 13

## II. FACTUAL AND PROCEDURAL BACKGROUND

The facts and procedural background set forth below are based on the pleadings on file in this action and the accompanying Declaration of Tim Roberts ("Roberts Dec.") and exhibits thereto. In particular, the moving defendants seek to compel production of the Plaintiff-Intervenors' medical records.

Each of the Plaintiff-Intervenors seeks damages for alleged emotional distress as a result of the incidents made the subject of suit. The EEOC also seeks damages on behalf of Plaintiff-Intervenors for their alleged emotional distress. On January 31, 2007, Leopalace served a First Request for Production of Documents on the individual Plaintiff-Intervenors and on the EEOC. Roberts Dec., ¶ 3, Exhibit 1. The Request for Production was timed so that counsel for Leopalace would have Plaintiff-Intervenors' medical records before their scheduled depositions during the week of March 12, 2007. Request No. 3 required the production of all of Plaintiff-Intervenors' medical records related to their alleged emotional distress. Request No. 1 also expressly informed Plaintiff-Intervenors that Leopalace would agree to any reasonable confidentiality provision with respect to the medical records. Roberts Dec. Exhibit 1.

On February 28, 2007, pursuant to the federal Health Insurance Portability and Accountability Act ("HIPAA"), Defendant's counsel delivered HIPAA consent forms to Plaintiff-Intervenors' counsel. Roberts Dec., Plaintiff-Intervenors each executed the HIPAA waivers. The executed HIPAA waiver expressly authorized the Therapists to release "all medical records" and all "hand written notes." Plaintiff-Intervenors' counsel sent the executed HIPAA waivers to the

Memorandum of Points and Authorities
in Support of Motion to Compel
*EEOC v. LeoPalace Resort*
Case No. 1:06-CV-00028
Page 3 of 13

Therapists and Defendant's counsel on March 5, 2007. The waivers authorized the release of all "medical records" and all "handwritten notes." Roberts Dec., Exhibit 2.

Plaintiff-Intervenors have never produced any medical records. Accordingly, Leopalace was forced to take Plaintiff-Intervenors' depositions without their medical records. At those depositions, Leopalace's counsel reserved his right to file a retake Plaintiff-Intervenors' depositions and to file motion to compel. Roberts Dec, ¶ 9.

On June 20, 2007, Leopalace's counsel emailed counsel for Plaintiff-Intervenors the EEOC suggesting that the depositions of the Therapists commence either during the week of July 16 or 23, 2007, in advance of the August 6, 2007 discovery completion deadline. Roberts Dec., ¶ 6. The agreement was Therapists' medical records would be subpoenaed in advance of the testimony depositions. Id. This would have permitted Leopalace's counsel to retain a medical expert to rebut the Therapists' anticipated testimony. Id. Eventually, the EEOC counsel, based in Las Vegas, Nevada, requested that the testimony depositions commence during the week of July 30, 2007. Id. Leopalace's counsel agreed. On July 3, 2007, the Therapists were served with subpoenas duces tecum requiring the production of Plaintiff-Intervenors' medical records on July 10, 2007. At the Therapists' request, the document deposition was rescheduled from July 10, 2007 to July 24, 2007. Id. The rescheduled date for the production of Plaintiff-Intervenors' medical records via subpoena duces tecum on their counselors was Tuesday, July 24, 2007 at 10:00 a.m. Roberts Dec., ¶ 7, Exhibits 3 and 4. Neither Therapist showed up for the deposition. Neither produced any medical records. The subpoenas were ignored. Roberts Dec., ¶ 7.

Memorandum of Points and Authorities
in Support of Motion to Compel
*EEOC v. LeoPalace Resort*
Case No. 1:06-CV-00028
Page 4 of 13

On Wednesday, July 25, 2007, Exhibit 5 to the Roberts Declaration was sent to Dr. Perez-Iyechad and counselor Babauta. Dr. Perez-Iyechad called the undersigned counsel shortly thereafter. She was slightly agitated. She said there was information contained in Plaintiff-Intervenors' medical files that related to emotional distress they were suffering from that was unrelated to Leopalace. She said it was her patients who deemed the information irrelevant to the case. She said her patients had instructed her to not release the information to counsel for Leopalace. She said she had not shown up for the document production deposition or produced any documents because the claimants had rescinded their previously-executed HIPAA waivers. She said they had done so in writing. At that point, Leopalace's counsel informed Dr. Perez-Iyechad that she should stop talking and that he would take the matter up with counsel for Plaintiff-Intervenors. Roberts Dec., ¶ 8.

At her deposition on Monday, July 30, 2007, Dr. Perez-Iyechad conceded that two of the three Plaintiff-Intervenors had, in fact, not executed their written revocation of the HIPAA waivers until after 10:00 a.m. on July 24, 2007, which was the time and date required for the production of medical records under the subpoenas. Plaintiff-Intervenors' alleged "written revocations" of their HIPAA waivers, which were produced by Dr. Perez-Iyechad at her deposition, are attached hereto as Exhibits 6, 7 and 8. The remainder of what she and counselor Babauta said will be reflected in their deposition transcripts, which will be filed when they are completed by the court reporter.

All that Plaintiff-Intervenors have ever provided to Leopalace are sanitized, long-after-the-fact "summaries" prepared by the Therapists. Dr. Lilli Perez-Iyechad and counselor Tom Babauta (the "Therapists"). No actual medical records have ever been provided. Roberts Dec., ¶ 10. At

Memorandum of Points and Authorities
in Support of Motion to Compel
*EEOC v. LeoPalace Resort*
Case No. 1:06-CV-00028
Page 5 of 13

their depositions, each Therapist refused to testify about anything that was not mentioned in the "summaries."

Evidence that Plaintiff-Intervenors may have been suffering emotional distress for reasons unrelated to Leopalace is relevant and admissible at the trial of this case. The jury is entitled to this information in determining whether Plaintiff-Intervenors actually suffered any emotional distress at the hands of Leopalace, and if so, how much Leopalace should be required to pay in emotional distress damages. Plaintiff-Intervenors should be compelled to produce their medical records, and their Therapists compelled to testify about them. Plaintiff-Intervenors should also be ordered to pay Leopalace's attorney fees incurred in connection with this motion. An award of attorney fees is mandatory by under FRCP 37. Alternatively, if the court views Plaintiff-Intervenors' conduct in a manner similar to counsel for Leopalace -- as an intentional obstruction of defense counsel's ability to fairly defend his client – the Court may wish to simply dismiss Plaintiff-Intervenors emotional distress claims. Leopalace so moves.

### III. LEGAL ARGUMENT

#### A. Because Plaintiff-Intervenors have asserted claims for emotional distress, defendants are entitled to discovery concerning treatment of pre-existing and contemporaneous mental and emotional conditions.

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim . . . of any party . . . ." FRCP 26(b)(1). Rule 37 of the Federal Rules of Civil Procedure provides for motions to compel discovery from a recalcitrant party. Rule 37 sets forth sanctions for

Memorandum of Points and Authorities
in Support of Motion to Compel
*EEOC v. LeoPalace Resort*
Case No. 1:06-CV-00028
Page 6 of 13

refusal to comply with an order to compel which can include claim preclusion and dismissal of claims. FRCP 37(b)(2)(B), (C). The Plaintiff-Intervenors' medical history is clearly relevant in this action. Their stonewalling on this issue merely raises suspicions and highlights the need for and relevance of the requested documents. They should be compelled to authorize release of the records at issue. If they refuse to do so, or if they indicate prospectively in response to this motion that they will refuse to do so, their claims for emotional distress should be dismissed.

"[R]elevancy in discovery has a broad and liberal scope." Ellis v. Kansas City southern Railway Co., 2006 U.S. Dist. LEXIS 71064, *4 (E.D. Tex. 2006) (citing U.S. Supreme Court authority). A plaintiff's medical history is relevant to the issue of whether his or her claimed injuries were in fact caused by the incident giving rise to an action. *See id.* Once a plaintiff places her emotional and mental health at issue, defendants are entitled to medical records for previous treatment of similar, pre-existing conditions. *See* Potter v. West Side Transportation, Inc., 188 F.R.D. 362, 365 (D. Nev. 1999).

This rule has been followed in cases involving allegations of emotional distress arising from discrimination or harassment in the workplace. In Lowe v. Philadelphia Newspapers, Inc., 101 F.R.D. 296, 298 (E.D. Pa. 1983), the plaintiff sought both compensatory and punitive damages for "severe emotional and physical harm and distress" caused by her employer's racial discrimination. The court held, "So long as plaintiff seeks either or both compensatory and punitive damages by reason of physical, mental or emotional harm or distress, defendant is entitled to inquire during discovery of witnesses, including physicians and psychiatrists as to plaintiff's past history whether or not directly related to her job or job performance." *Id.* at 298-99.

Memorandum of Points and Authorities
in Support of Motion to Compel
*EEOC v. LeoPalace Resort*
Case No. 1:06-CV-00028
Page 7 of 13

In McCarthy v. Southeastern Pa. Transp. Auth., 1993 U.S. Dist. LEXIS 14419, 5-6 (D. Pa. 1993), a Title VII case, the Court held that "the medical records sought by Defendants are relevant and may provide evidence concerning whether marital problems were the source of or contributed to Plaintiff's stress which she attributed to the unlawful conduct of Defendants. Thus, Defendants have good cause to seek the production of the records. When Plaintiff met with her physicians and psychologists, she spoke frankly and presumably wanted to keep her communications private. When she put her stress at issue in this law suit, however, she abandoned whatever privacy interest she had in keeping these records confidential." See also, Lefave v. Symbios, 2000 U.S. Dist. LEXIS 22278 (D. Colo. Apr. 14, 2000) ("[m]edical records information is relevant to plaintiff's claim for emotional distress damages. The information is further relevant to the preparation of defendants' defenses against plaintiff's emotional distress damages claim, because her medical records may reveal stressors unrelated to defendants which may have affected plaintiff's emotional well being"); EEOC v. Danka Indus., Inc., 990 F. Supp. 1138, 1141-43 (E.D. Mo. 1997) (Title VII case; Defendant's motion to compel production of medical records granted where plaintiffs sought damages for emotional distress resulting from alleged sexual harassment); EEOC v. Sheffield Fin. LLC, 2007 U.S. Dist. LEXIS 43070 (D.N.C. 2007) ("Since Plaintiff seeks compensatory damages for 'past and future emotional distress, humiliation, anxiety, inconvenience, and loss of enjoyment of life,' Defendant is entitled to discover information concerning (Plaintiff's) medical, mental, and pharmaceutical history to determine if any prior event may affect his demand for damages."). Moreover:

Memorandum of Points and Authorities
in Support of Motion to Compel
*EEOC v. LeoPalace Resort*
Case No. 1:06-CV-00028
Page 8 of 13

> If Plaintiff seeks damages on the basis of emotional distress, humiliation, anxiety, and other psychological factors, Defendant must be able to determine how much of Mr. Ibrahim's emotional distress, etc. was caused by his termination. Allowing Defendant to review Mr. Ibrahim's medical records will shed light on any other contributing factors or events prior to Mr. Ibrahim's termination that might have caused him emotional distress or anxiety. Furthermore, the fact that Plaintiff may not be planning to present any expert testimony in support of Mr. Ibrahim's emotional distress claim does not make this information any less relevant. Garrett, 2002 U.S. Dist. LEXIS 1914, 2002 WL 181364, at *2 (stating that "no case law supports Plaintiff's contention that this information is discoverable only if [he] were planning to present expert testimony regarding h[is] mental and emotional condition").

EEOC v. Sheffield Fin. LLC, 2007 U.S. Dist. LEXIS 43070, 12-13 (D.N.C. 2007)

There is absolutely no basis upon which Plaintiff-Intervenors can legally withhold their medical records. The motion should be granted and Plaintiff-Intervenors ordered to pay Defendant's legal fees in connection with this motion.

### B. **If Plaintiff-Intervenors refuse to cooperate with discovery concerning treatment of preexisting conditions, their claims for emotional distress should be dismissed.**

If the Plaintiff-Intervenors refuse to comply with an order compelling cooperation with discovery, or if they insist that they will continue to stonewall if this motion is granted, their claims for emotional distress should be granted. The facts in the current case are analogous to those of Schoffstall v. Henderson, 223 F. 3d 818 (8th Cir. 2000). In that case, plaintiff Schoffstall filed an EEOC claim in 1995 and a complaint in 1998 accusing her employer, the United States Postal

Memorandum of Points and Authorities
in Support of Motion to Compel
*EEOC v. LeoPalace Resort*
Case No. 1:06-CV-00028
Page 9 of 13

Service, of sex discrimination, retaliation, and sexual harassment. In the complaint, she asserted claims for extreme emotional distress. The USPS requested that Schoffstall execute medical releases for any doctors, psychologists, psychiatrists and counselors she had seen since 1970. Schoffstall returned the releases to the USPS, but limited the scope of the releases for two counselors, one from the Spirit of Life Church (SLC) and one from Archway Mental Health Services ("AMHS"). The USPS filed a successful motion to compel. Schoffstall then signed the releases. However, when the USPS sent the re-executed releases to SLC and AMHS, both organizations informed the USPS that Schoffstall had given them recent instructions to withhold the requested information anyway. The USPS moved to dismiss Schoffstall's emotional distress claims because of her willful failure to comply with the court order. The District Court dismissed the claims. Holding that Schoffstall had waived the psychotherapist-patient privilege by placing her medical condition at issue, the Eighth Circuit Court of Appeal affirmed the dismissal. *Id.* at 823-24. As noted in Hodge v. City of Long Beach, 2006 U.S. Dist. LEXIS 28955, *9-*10 (E.D.N.Y.), when a plaintiff alleges emotional and mental distress, "[I]t is up to the Plaintiff whether he chooses to execute HIPAA-complaint release authorizations for his medical records and psychotherapy notes. The choice is really his to make. It appears that he has the option of doing so or of withdrawing his claims for emotional distress damages." Plaintiff-Intervenors in this case have the same option.

### C. Deadlines should be extended to allow defendant to conduct discovery concerning Plaintiff-Intervenors' alleged emotional distress and designate rebuttal experts.

Because of Plaintiff-Intervenors' contumacious conduct, Leopalace has been deprived of the basic medical records it would need in order to conduct discovery pertaining to their emotional

Memorandum of Points and Authorities
in Support of Motion to Compel
*EEOC v. LeoPalace Resort*
Case No. 1:06-CV-00028
Page 10 of 13

distress claims and their pre-existing conditions. In addition, in the absence of the information that the Plaintiff-Intervenors are wrongfully withholding, defendant cannot meet with or retain or designate a rebuttal expert. Therefore, the Court should also extend the discovery deadline for the limited purposes of (1) allowing defendant to complete discovery concerning the claims for emotional distress, including resuming the depositions of Plaintiff-Intervenors and their Therapists, and extend the expert designation deadline for the limited purpose of allowing defendant to designate a rebuttal expert who will address those claims. *Cf.* Woodson v. Surgitek, 57 F. 3d 1406, 1409 (5th Cir. 1995) (at trial level, magistrate had extended discovery deadline and defendants' expert witness designation deadline because of plaintiff's tardy designation); International Truck and Engine Corp. v. Caterpillar, Inc., 2004 U.S. Dist. LEXIS 27447, *5, 73 U.S.P.Q. 2d (BNA) 1754 (N.D. Ind.) (plaintiff's untimely supplementation of interrogatory response could be cured by reopening fact discovery and/or extending expert discovery).

Pursuant to District Court Local Rule 16.5, Extension of Deadlines Fixed in Scheduling Order, Defendant certifies that discovery has not been delayed and that discovery has been active. As demonstrated above, and in the accompanying Declaration of Tim Roberts, there is a "specific need" for the extension, i.e., Defendant needs to obtain Plaintiff-Intervenors' medical records, redepose their Therapists (Dr. Lilli Perez-Iyechad and counselor Babauta) after that, and retain a medical expert. Defendant proposes an extension for these limited purposes of until and including September 14, 2007. Once Defendant has the Therapists' complete medical records, the Therapists' depositions will be taken not less than fourteen (14) days thereafter. (Defendant cannot state precisely when the depositions will be taken because Defendant does not know

Memorandum of Points and Authorities
in Support of Motion to Compel
*EEOC v. LeoPalace Resort*
Case No. 1:06-CV-00028
Page 11 of 13

when it will actually get the records). Defendant will retain a medical expert not later than three (3) weeks after the depositions have been completed.

### D. The Court Should Order an Independent Medical Examination.

Rule 35(a) of the Federal Rules of Civil Procedure provides as follows:

> (a) <u>Order for Examination</u>. When the mental or physical condition (including the blood group) of a party or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

Plaintiff-Intervenors only went to see the Therapists because their attorney suggested it. Roberts Dec., Exhibit 9. Now, they have refused to produce medical records related to their sessions with the Therapists. Plaintiff-Intervenors' emotional distress claims have always been suspicious. Under these circumstances, an independent medical examination ("IME") should be ordered, upon terms and conditions set forth by the Court. See, <u>Gaines-Hanna v. Farmington Pub. Schs</u>, 2006 U.S. Dist. LEXIS 21506 (D. Mich. 2006) ("case law examining Rule 35(a) is persuasive with regard to whether a plaintiff has waived her psychotherapist-patient privilege such that she is subject to an independent medical examination. 'Fed.R.Civ.P. 35(a) authorizes a court to order a party to submit to a physical or mental examination 'on motion for good cause shown.' To obtain such an order, the moving party need show that: (1) the mental or physical condition of the party is

Memorandum of Points and Authorities
in Support of Motion to Compel
*EEOC v. LeoPalace Resort*
Case No. 1:06-CV-00028
Page 12 of 13

in controversy; and (2) good cause exists for the examination ... Case law is clear that a party waives the federal common law psychotherapist-patient privilege by placing his or her mental condition at issue'"); Gray v. Florida, 2007 U.S. Dist. LEXIS 55236, 5-6 (D. Fla. 2007) (Title VII case; "Defendant has shown good cause for Plaintiff to undergo a mental examination. Plaintiff's emotional damages will be an issue in the case during trial and Plaintiff will no doubt testify, either through her own testimony or through that of an expert, regarding her claims of emotional distress and the extent of her damages related to such distress. Defendant is entitled to have an opportunity to challenge Plaintiff's claims and testimony, and utilizing an expert, who has had an opportunity to examine Plaintiff, is an acceptable and recognized way to do so. Id. Thus, Plaintiff shall make herself available for an examination ..."): Herrera v. Lufkin Indus., 474 F.3d 675 (10th Cir. 2007) (approving Rule 35 medical examinations of plaintiffs in Title VII actions); Lane v. Pfizer, Inc., 2007 U.S. Dist. LEXIS 5619 (D. Okla. 2007) (Title VII employment case, IME ordered).

In Gaines-Hanna v. Farmington Pub. Schs, 2006 U.S. Dist. LEXIS 21506, 32-33 (D. Mich. 2006), supra, the court noted that a majority of federal courts hold that "a mental exam is warranted when one or more of the following factors are present: (1) a tort claim is asserted for intentional or negligent infliction of emotional distress; (2) an allegation of a specific mental or psychiatric injury or disorder is made; (3) a claim of unusually severe emotional distress is made; (4) plaintiff intends to offer expert testimony in support of claim for emotional distress damages; and/or (5) plaintiff concedes that her mental condition is in controversy within the meaning of Rule 35." In this case, at least (1), (2) (3) are present. Plaintiff-Intervenors' complaint alleges the Leopalace engaged in intentional and malicious conduct causing Plaintiff-Intervenors to suffer emotional distress. The

Memorandum of Points and Authorities
in Support of Motion to Compel
*EEOC v. LeoPalace Resort*
Case No. 1:06-CV-00028
Page 13 of 13

Therapists have purported to diagnose Rose Taimanglo and Jennifer Holbrook with "Post Traumatic Stress Disorder" ("PTSD"). Roberts Dec., ¶ 9. Plaintiff-Intervenors' complaint itself alleges unusually severe emotional distress, and the clinical definition of PTSD requires a finding of unusually severe emotional distress. See, Diagnostic and Statistical Manual of Mental Disorders, 4th Ed., Text Revision, ("DSM-IV-TR"), American Psychiatric Association, pp. 463-468, Section 309.81, Posttraumatic Stress Disorder. For these reasons, an IME is more than warranted in this case.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff-Intervenors' motion to compel should be granted, or their emotional distress claims dismissed outright. The discovery completion deadline should be extended for the limited purposes set forth above. An independent medical examination should be ordered.

Dated this 6th day of August, 2007.

DOOLEY ROBERTS & FOWLER LLP

By _____
**TIM ROBERTS**
Attorneys for Defendants

F:\Documents\Thomas L Roberts (07.04)\M108\M108.330 EEOC\Pleadings\M108-330.Mtn to Comepl-Memo sf rev (2)(2)