
DISTRICT COURT OF GUAM

AUG - 6 2007

JEANNE G. QUINATA
Clerk of Court

Dooley Roberts & Fowler LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Corps Drive
Tamuning, Guam 96913
Telephone (671) 646-1222
Facsimile (671) 646-1223

Attorneys for Defendant LeoPalace Resort

IN THE DISTRICT COURT
OF GUAM

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br>vs.<br><br>LEO PALACE RESORT,<br><br>Defendant. | CASE NO. 1:06-CV-00028<br><br><br><br><br><br><br><br>**STIPULATION OF COUNSEL**<br>**[Local Rule 37.1]** |
| JENNIFER HOLBROOK, VIVIENE VILLANUEVA and ROSEMARIE TAIMANGLO,<br><br>Plaintiff-Intervenors,<br>vs.<br><br>MDI GUAM CORPORATION dba LEO PALACE RESORT MANENGGON HILLS and DOES 1 through 10,<br><br>Defendants. | |

The attorneys for the parties involved in the motion to file this stipulation pursuant to Local Rule 37.1. Section A. was drafted by Defendant. Section B. was drafted by Plaintiff-Intervenors.

ORIGINAL

A. Plaintiff-Intervenors seek damages for emotional distress in this case, along with other damages, which they allege was caused by Defendant. Each of them has been counseled with respect to their alleged emotional distress by Dr. Lilli Perez-Iyechad and therapist Tom Babauta (the "Therapists"). A Rule 34 Request for Production has been served requiring these records, with no objection by Plaintiff-Intervenors' attorney. Plaintiff-Intervenors executed, but then revoked, consents to the release these documents under the federal Health Insurance Portability and Accountability Act ("HIPAA"). The Therapists have refused to produce the records even after being served with *subpoenas duces tecum* requiring then to do so. The Therapists have also declined to testify about any matter not contained in short summaries of their treatment of Plaintiff-Intervenors prepared long after their actual treatment.

Defendant believes the records must be disclosed. Ellis v. Kansas City southern Railway Co., 2006 U.S. Dist. LEXIS 71064, *4 (E.D. Tex. 2006) (citing U.S. Supreme Court authority); Potter v. West Side Transportation, Inc., 188 F.R.D. 362, 365 (D. Nev. 1999); Lowe v. Philadelphia Newspapers, Inc., 101 F.R.D. 296, 298 (E.D. Pa. 1983); Hodge v. City of Long Beach, 2006 U.S. Dist. LEXIS 28955, *9-*10 (E.D.N.Y.) ("[I]t is up to the Plaintiff whether he chooses to execute HIPAA-complaint release authorizations for his medical records and psychotherapy notes. The choice is really his to make. It appears that he has the option of doing so or of withdrawing his claims for emotional distress damages").

The signature of the EEOC's counsel is unnecessary, since the EEOC is not in possession of any of Plaintiff-Intervenors' medical records and it is not involved in the discovery dispute made the subject of the motion to compel. The EEOC's attorney has also

informed counsel for Defendant and counsel for Plaintiff-Intervenors that she takes no position on the motion to compel or any motion for a reasonable extension of the discovery completion deadline, but that she opposes the other motions filed by Defendant. In any event, as of the date of the filing of this stipulation, the EEOC's counsel is in Las Vegas, Nevada, where it is Sunday. She is unavailable.

B. Plaintiff-Intervenors' position is that each executed a HIPPA release at Defendants request consenting to the release the treatment records and notes maintained by their respective Therapists in the course of the treatment they rendered to the Plaintiff-Intervenors for the injuries they sustained as a result of their employment by Defendant. Plaintiff-Intervenors do not want any treatment records or notes released to defendants for care unrelated to their employment by Defendant and in that regard, recently revoked the consent. Plaintiff-Intervenors counsel is not in possession of the treatment records and notes at issue despite also requesting them from the Therapists. It is Plaintiff-Intervenors counsel's understanding that the Therapists position on the release of the records and notes is that, pursuant to HIPPA laws, rules and regulations, psychological treatment providers are not obligated to release their records and notes of treatment, even if the patient consents and, on that basis, have refused to turn over any records and notes or be deposed on the care provided to the Plaintiff-Intervenors, notwithstanding that Plaintiff-Intervenors have no objection to release of their employment related treatment records and notes and have so informed their Therapists .

Plaintiff-Intervenors object to any motion brought by Defendant to negatively impact their emotion distress claims and the damages related thereto. Plaintiff-Intervenors have not seen the anticipated motions and do not presently take a position on the motion to

compel or the motion to extend the discovery completion deadline, but anticipate they would oppose the other motions filed by Defendant.

So stipulated:

DOOLEY ROBERTS & FOWLER LLP

By: ______________________________ Date: 8/6/07
**TIM ROBERTS, ESQ.**
Attorneys for Defendant

TEKER TORRES & TEKER

By: ______________________________ Date: 8/6/07
**PHILLIP J. TORRES**
Attorneys for Plaintiffs-Intervenors