Dooley Roberts & Fowler LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Corps Drive
Tamuning, Guam 96913
Telephone (671) 646-1222
Facsimile  (671) 646-1223

Attorneys for Defendant LeoPalace Resort



**FILED**
DISTRICT COURT OF GUAM

AUG - 6 2007 

**JEANNE G. QUINATA**
**Clerk of Court**

IN THE DISTRICT COURT
OF GUAM

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) CASE NO. 1:06-CV-00028 |
| Plaintiff, | ) |
| vs. | ) |
| LEO PALACE RESORT, | ) |
| Defendant. | ) **DECLARATION OF TIM ROBERTS** |
| JENNIFER HOLBROOK, VIVIENE VILLANUEVA and ROSEMARIE TAIMANGLO, | ) |
| Plaintiff-Intervenors, | ) |
| vs. | ) |
| MDI GUAM CORPORATION dba LEO PALACE RESORT MANENGGON HILLS and DOES 1 through 10, | ) |
| Defendants. | ) |

I, **Tim Roberts**, declare under penalty of perjury as follows:

1.      I am the attorney for Defendant LeoPalace Resort.  I have personal knowledge of the matters stated herein, and if called, I could and would testify truthfully thereto.

2.      Each of the Plaintiff-Intervenors seeks damages for alleged emotional distress in this case as a result of the incidents made the subject of suit.  The EEOC also seeks damages on behalf

of the Plaintiff-Intervenors. Each Plaintiff-Intervenor has been seen and counseled by either or both Dr. Lilli Perez-Iyechad or counselor Tom Babauta (the "Therapists").

3. On January 31, 2007, I served a First Request for Production of Documents on the individual plaintiffs and on the EEOC. A copy of this discovery request is attached to this Declaration as Exhibit 1. No objection to the three simple requests contained in the Request for Production has ever been lodged by any counsel. Request No. 3 required Plaintiff-Intervenors to produce all medical records related to their alleged emotional distress. It specifically informed Plaintiff-Intervenors that I would agree to any reasonable confidentiality provision with respect to the records. I timed the Request for Production was timed so that I would have Plaintiff-Intervenors' medical records before their scheduled depositions during the week of March 12, 2007.

4. On February 28, 2007, pursuant to the federal Health Insurance Portability and Accountability Act ("HIPAA"), I delivered HIPAA waiver forms to Plaintiff-Intervenors' counsel. Plaintiff-Intervenors each executed the HIPAA waivers. The executed HIPAA waiver expressly authorized the Therapists to release "all medical records" and all "hand written notes." Plaintiff-Intervenors' counsel sent the executed HIPAA waivers to the Therapists and me on March 5, 2007. Exhibit 2 to this Declaration is a copy of Plaintiff-Intervenors' attorney's letter to the Therapists, along with the executed HIPAA waivers.

5. Plaintiff-Intervenors produced no medical records prior to their depositions and I was forced to take Plaintiff-Intervenors' depositions without their medical records. At those depositions, I reserved my right to file a motion to re-notice the depositions after obtaining Plaintiff-Intervenors' medical records.

6. On June 20, 2007, I emailed counsel for Plaintiff-Intervenors and the EEOC suggesting that the depositions of the Therapists commence either during the week of July 16 or 23,

2

2007. Eventually, the EEOC requested that the Therapists' depositions commence during the week of July 30, 2007. I agreed.

7.     On July 3, 2007, I caused the Therapists to be served with subpoenas duces tecum requiring the production of Plaintiff-Intervenors' medical records on July 10, 2007.    At the Therapists' request, the document production date was rescheduled from July 10, 2007 to July 24, 2007. The rescheduled date for the production of Plaintiff-Intervenors' medical records via subpoena duces tecum was Tuesday, July 24, 2007 at 10:00 a.m., with their oral testimony scheduled to commence on July 30, 2007.    See Exhibits 3 and 4. Neither Therapist showed up for the document production deposition. Neither produced any medical records.

8.     On Wednesday, July 25, 2007, I sent the somewhat direct letter attached hereto as Exhibit 5 to the Therapists. Dr. Perez-Iyechad called me shortly thereafter. She seemed to be agitated.   She said there was information contained in Plaintiff-Intervenors' medical files that related to emotional distress they were suffering from that was unrelated to Leopalace. She said it was Plaintiff-Intervenors who deemed the information irrelevant to the case.  She said Plaintiff-Intervenors had instructed her to not release the information to me. She said she had not shown up for the document production deposition or otherwise produced any documents because Plaintiff-Intervenors had revoked their previously-executed HIPAA waivers. She said they had done so in writing. At that point, I told Dr. Perez-Iyechad that she should stop talking and that I would take the matter up with counsel for Plaintiff-Intervenors.

9.     At her deposition on Monday, July 30, 2007, Dr. Perez-Iyechad conceded that two of the three Plaintiff-Intervenors had, in fact, not executed any written revocation of their HIPAA waiver until after 10:00 a.m. on July 24, 2007, which was the time and date required for the production of medical records under the subpoenas.  The remainder of what she and counselor

3

Babauta said will be reflected in their deposition transcripts, which will be filed when they are completed by the court reporter. Plaintiff-Intervenors' alleged "written revocations" of their HIPAA waivers, which were produced by Dr. Perez-Iyechad at her deposition, are attached hereto as Exhibits 6, 7 and 8. At and after the depositions of the Therapists, I reserved my right to re-depose them after obtaining Plaintiff-Intervenors' medical records and to file a motion to compel.

10.     The only medical documents Plaintiff-Intervenors have ever provided to me are sanitized, long-after-the-fact "summaries" prepared by the Therapists. In her "summary", Dr. Perez-Iyechad purported to diagnose Rose Taimanglo and Jennifer Holbrook as suffering from "Post Traumatic Stress Disorder" caused by Leopalace. No symptoms or other diagnostic criteria are included in the summary. No actual medical records have ever been provided. At their depositions, each Therapist refused to testify about anything related to Plaintiff-Intervenors' emotional distress that was not specifically mentioned in their "summaries." The Therapists testified that Plaintiff-Intervenors had not authorized them to testify about any matters that were not discussed in the summaries, which the Therapists said Plaintiff-Intervenors had reviewed and approved before they were given to me. At the Therapists' depositions, I reserved my right to file a motion to compel and to re-notice the Therapists' depositions after obtaining Plaintiff-Intervenors' medical records.

11.     Exhibit 9 hereto consists of selected portions of the transcripts of Plaintiff-Intervenors' depositions.

Under penalty of perjury I declare that the foregoing is true and correct.

Executed this 6th day of August, 2007 in Tamuning, Guam.

**TIM ROBERTS**

F:\Documents\TLR (07-04)\M108\M108-330\M108-330.Mtn to Compel-TR Dec (2)

4

Dooley Roberts & Fowler LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Corps Drive
Tamuning, Guam 96913
Telephone (671) 646-1222
Facsimile (671) 646-1223

Attorneys for Defendant LeoPalace Resort

RECEIVED

JAN 3 1 2007

By: Dec Time: 4:11pm

Teker Torres & Teker, P.C.

IN THE DISTRICT COURT

OF GUAM

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> LEO PALACE RESORT, <br><br> Defendant. <br><br>———————————————— <br><br> JENNIFER HOLBROOK, VIVIENE VILLANUEVA and ROSEMARIE TAIMANGLO, <br><br> Plaintiff-Intervenors, <br> vs. <br><br> MDI GUAM CORPORATION dba LEO PALACE RESORT MANENGGON HILLS and DOES 1 through 10, <br><br> Defendants. <br> ———————————————— | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> CASE NO. 06-00028 <br><br><br><br><br><br><br><br> **DEFENDANT LEOPALACE RESORT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF; CERTIFICATE OF SERVICE** |

**TO: Plaintiff Equal Employment Opportunity Commission and its attorney of record, Angela Morrison, Esq.**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant LeoPalace Resort,

EXHIBIT __1__


ORIGINAL

("Defendant") hereby requests Plaintiff Equal Employment Opportunity Commission to make available for inspection and copying at the offices of Dooley Roberts & Fowler LLP, Suite 201, Orlean Pacific Plaza, 865 South Marine Corps Drive, Tamuning, Guam 96913, within thirty days from today's date, the documents described herein.

## DEFINITIONS

1.     The word "document" includes writings, drawings, graphs, charts, photographs, and all electronic data capable of being converted into a document, such as email.

## INSTRUCTIONS

1.     Under Rule 34(b) of the Federal Rules of Civil Procedure you are required to produce the requested documents as they are kept in the usual course of business or to organize and label them to correspond with the categories in this request.

2.     For each document responsive to this request that is withheld under a claim of privilege or work-product immunity, provide a statement under oath, by a person having personal knowledge, setting forth as to each document or portion withheld:

      (a)     The number and subject of each paragraph of this request that seeks its production;

      (b)     The name and title of the author(s);

      (c)     The name and title of each person to whom the document was addressed;

     (d)     The name and title of each person to whom a copy of the document was sent;

     (e)     The date of the document;

     (f)     The number of pages;

     (g)     A brief description of the nature and subject matter of the document;

     (h)     The identity of each person to whom the document, its contents, or any portion thereof is known or has been disclosed;

     (i)     The exact location of the original and each copy of the document as of the date of receipt of this request; and

     (j)     If the document is withheld on any ground other than privilege, each basis that Plaintiff contends justifies its withholding.

3.     If you are aware of any document otherwise responsive to these requests that is no longer in your custody or control, please identify the name and title of the author, the name and title of the addressee, the date of the document, the subject matter of the documents, the last date on which the document was in your control, the person(s) or entity, if any, now in control of the document, the reasons for your disposition or release of the document, all persons who have knowledge of the circumstances surrounding its disposition, and state what knowledge each such person has.

4.     Reference to the singular includes the plural and reference to the plural includes the singular.

## DOCUMENTS REQUESTED

Plaintiff is requested to produce the following documents:

1.   All documents generated by any health care provider related to any treatment received by the Claimants as a result of the incidents made the subject of suit in this civil action. LeoPalace will agree to any reasonable confidentiality agreement with respect to the production of these records.

2.   All documents evidencing the Claimants' income earned from any source for the years 2001, 2002, 2003, 2004, 2005, and 2006, including their tax returns. LeoPalace will agree to any reasonable confidentiality agreement with respect to the production of these records.

3.   All documents prepared by LeoPalace's former Night Manager Gregory Perez related to any of the incidents made the subject of suit in this civil action.

DOOLEY ROBERTS & FOWLER LLP

Dated:  1/31/07

By:

**TIM ROBERTS, ESQ.**
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I, Tim Roberts, hereby certify that on the 31st day of January, 2007, I caused Defendant

LeoPalace Resort's First Request for Production of Documents to Plaintiff to be served upon the

following via US Mail and email:

Angela Morrison
**U.S EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
255 East Temple Street, Fourth Floor
Los Angeles, California 90012

I further certify that on the 31st day of January, 2007, I caused a copy of Defendant

LeoPalace Resort's First Request for Production of Documents to Plaintiff to be served upon the

following via hand delivery:

Philip Torres, Esq.
**TEKER TORRES & TEKER, P.C.**
130 Aspinall Avenue, Suite 2A
Hagåtña, Guam 96910

Dated: 1/31/07

**TIM ROBERTS**

F:\Documents\Thomas L Roberts (07.04)\M108\M108.330 EEOC\Pleadings\M108-330.RFP EEOC.doc

Dooley Roberts & Fowler LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Corps Drive
Tamuning, Guam 96913
Telephone (671) 646-1222
Facsimile (671) 646-1223

Attorneys for Defendant LeoPalace Resort



RECEIVED

JAN 3 1 2007

By: DCC Time: 4:11 pm

Teker Torres & Teker, P.C.

IN THE DISTRICT COURT

OF GUAM

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CASE NO. 06-00028 |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | |
| LEO PALACE RESORT, | ) ) | **DEFENDANT LEOPALACE RESORT'S** |
| Defendant. | ) ) ) | **FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF-** |
| | ) ) | **INTERVENORS; CERTIFICATE OF SERVICE** |
| JENNIFER HOLBROOK, VIVIENE VILLANUEVA and ROSEMARIE TAIMANGLO, | ) ) ) | |
| Plaintiff-Intervenors, | ) ) | |
| vs. | ) ) ) | |
| MDI GUAM CORPORATION dba LEO PALACE RESORT MANENGGON HILLS and DOES 1 through 10, | ) ) ) ) | |
| Defendants. | ) ) | |

**TO:** **Plaintiff-Intervenors Jennifer Holbrook, Viviene Villanueva and Rosemarie Taimanglo and their attorney of record, Teker Torres & Teker, P.C.**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant LeoPalace Resort,



("Defendant") hereby requests Plaintiff-Intervenors Jennifer Holbrook, Viviene Villanueva and Rosemarie Taimanglo, to make available for inspection and copying at the offices of Dooley Roberts & Fowler LLP, Suite 201, Orlean Pacific Plaza, 865 South Marine Corps Drive, Tamuning, Guam 96913, within thirty days from today's date, the documents described herein.

## DEFINITIONS

1. The word "document" includes writings, drawings, graphs, charts, photographs, and all electronic data capable of being converted into a document, such as email.

2. The pronoun "you" or "your" refers to Plaintiff.

## INSTRUCTIONS

1. Under Rule 34(b) of the Federal Rules of Civil Procedure you are required to produce the requested documents as they are kept in the usual course of business or to organize and label them to correspond with the categories in this request.

2. For each document responsive to this request that is withheld under a claim of privilege or work-product immunity, provide a statement under oath, by a person having personal knowledge, setting forth as to each document or portion withheld:

(a) The number and subject of each paragraph of this request that seeks its production;

(b)     The name and title of the author(s);

(c)     The name and title of each person to whom the document was addressed;

(d)     The name and title of each person to whom a copy of the document was sent;

(e)     The date of the document;

(f)     The number of pages;

(g)     A brief description of the nature and subject matter of the document;

(h)     The identity of each person to whom the document, its contents, or any portion thereof is known or has been disclosed;

(i)     The exact location of the original and each copy of the document as of the date of receipt of this request; and

(j)     If the document is withheld on any ground other than privilege, each basis that Plaintiff contends justifies its withholding.

3.     If you are aware of any document otherwise responsive to these requests that is no longer in your custody or control, please identify the name and title of the author, the name and title of the addressee, the date of the document, the subject matter of the documents, the last date on which the document was in your control, the person(s) or entity, if any, now in control of the document, the reasons for your disposition or release of the document, all persons who have knowledge of the circumstances surrounding its disposition, and state what knowledge each such person has.

4.     Reference to the singular includes the plural and reference to the plural includes the singular.

## DOCUMENTS REQUESTED

Plaintiff-Intervenors are requested to produce the following documents:

1.     All documents generated by any health care provider related to any treatment received by the Claimants as a result of the incidents made the subject of suit in this civil action. LeoPalace will agree to any reasonable confidentiality agreement with respect to the production of these documents.

2.     All documents evidencing the Claimants' income earned from any source for the years 2001, 2002, 2003, 2004, 2005, and 2006, including their tax returns. LeoPalace will agree to any reasonable confidentiality agreement with respect to the production of these documents.

3.     All documents prepared by LeoPalace's former Night Manager Gregory Perez related to any of the incidents made the subject of suit in this civil action.

DOOLEY ROBERTS & FOWLER LLP

Dated: 1/31/07                    By: _____

**TIM ROBERTS, ESQ.**
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I, Tim Roberts, hereby certify that on the 31st day of January, 2007, I caused the Defendant

LeoPalace Resort's First Request for Production of Documents to Plaintiff-Intervenors to be served

upon the following via US Mail and email:


Angela Morrison
**U.S EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
255 East Temple Street, Fourth Floor
Los Angeles, California 90012


I further certify that on the 31st day of January, 2007, I caused a copy of Defendant

LeoPalace Resort's First Request for Production of Documents to Plaintiff-Intervenors to be served

upon the following via hand delivery:

Philip Torres, Esq.
**TEKER TORRES & TEKER, P.C.**
130 Aspinall Avenue, Suite 2A
Hagåtña, Guam 96910


Dated: 1/31/07

**TIM ROBERTS**

P:\Documents\Thomas L Roberts (07.04)\M108\M108.330 EEOC\Pleadings\M108-330.RFP HTV.doc

LAW OFFICES

# TEKER TORRES & TEKER, P.C.

Lawrence J. Teker
Phillip Torres
Samuel S. Teker
Joseph C. Razzano

Suite 2A, 130 Aspinall Avenue
Hagåtña, Guam 96910-5018
Telephone: (671) 477-9891/4
Facsimile: (671) 472-2601
Email: ptorres@tttguamlawyers.com

Of Counsel:
Nagatomo Yamaoka

March 5, 2007

**VIA HAND DELIVERY**

**DEPOSITION EXHIBIT**

_____2_____

Lilli perez Iyechad, PhD, RPT-S
Tom Babauta, MSW, QCSW
**FAMILY PACIFIC**
Reflection Center, Suite 102
222 Chalan Santo Papa
Hagåtña, Guam

> Re:   *U.S. Equal Employment Opportunity Commission vs. Leo Palace Resort*
> District Court of Guam Civil Case No. 06-00028

Dear Dr. Iyechad and Dr. Babauta:

My name is Phillip Torres and I have been retained by Jennifer Holbrook, Viviene Villanueva and Rosemarie Taimanglo to represent them as Plaintiff-Intervenors in the above-captioned and referenced matter. I am enclosing a copy of their Authorization for the Release of Records. Please furnish me with a copy of all notes, documents, reports, summaries, examinations and findings in Ms. Holbrook, Villanueva and Taimanglo's files dating from June 2004 to the present.

Please give me a call at my office when all copies are ready for pick up so that I may make arrangements to retrieve them. My office will, of course, pay for the clinic's copying charges.

Thank you for your courtesies and assistance in this matter.

Sincerely yours,

Phillip Torres

w/enclosures

H:\COMMON\USERS\CLIENT FOLDERS\#\PLEADINGS\HOLBROOK, JENNIFER - EEOC\007 FAM PAC LTR.wpd

**EXHIBIT** **2**

# AUTHORIZATION FOR THE RELEASE OF RECORDS

Patient Name: Viviene D.V. Villanueva        Date of Birth: ▮▮▮▮▮        S.S. No.: ▮▮▮585

1. I authorize the use or disclosure of the above named individual's health information as described below.

2. The following individual(s) or organization(s) are authorized to make the disclosure:

   Name: All Medical Clinics and Related Facilities
   Address: _____        Telephone No. _____

   Name: _____
   Address: _____        Telephone No. _____

3. The type of information to be used or disclosed is as follows (check the appropriate boxes and include other information where indicated.

   ☐ Any and all Medical and/or Dental Records including any and all reports and hand written notes
   ☐ Workers Compensation Records
   ☐ Billing Records, Ledgers and Payment Information
   ☐ X-Ray film, Cat Scan film, MRI film
   ☐ Scholastic and Academic Records
   ☐ Insurance Claim records including Medical Reports and Bills
   ☐ Disability Records
   ☐ Employment and Payroll Records
   ☑ All of the above
   ☐ Other

4. I understand that the information in my records may include information relating to sexually transmitted disease, Acquired Immunodeficiency Syndrome (AIDS), or Human Immunodeficiency virus (HIV). It may also include information about behavioral or mental health services and treatment for alcohol and drug abuse.

5. The information identified above may be used by or disclosed to the following individuals or organization(s):

   Name: Tim Roberts, Esq.
   Address: 865 S. Marine Corps Drive, Suite 201.        Telephone No. 671-646-1222
   Tamuning, Guam 96913
   Name: _____
   Address: _____        Telephone No. _____

6. The information for which I am authorizing disclosure will be used for the following purpose:

   Litigation discovery
   _____
   _____

7. I understand that I have a right to revoke this authorization at any time. I understand that if I revoke this authorization, I must do so in writing and present my written revocation to the health information management department. I understand the revocation will not apply to information that has already been released in response to this authorization. I understand that the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy.

8. This authorization will expire (insert date or event) December 31, 2007 _____. If fail to specify an expiration date, this authorization will expire six months from the date on which it was signed.

9. I understand that once the above information is disclosed, it may be re-disclosed by the recipient and the information may not be protected by federal privacy laws or regulations.

10. I understand authorizing the use or disclosure of the information identified above is voluntary, I need not sign this form to ensure health care treatment.

** A copy of this Authorization Release shall be considered as valid as the original.

Date: _____03/02/07_____        Signed: _V. Villanue___   Viviene D.V. Villanueva
                                                           Patient or legal representative

## AUTHORIZATION FOR THE RELEASE OF RECORDS

Patient Name: Rosemarie B. Taimanglo        Date of Birth: ▆▆▆        S.S. No.: ▆▆-0932

1. I authorize the use or disclosure of the above named individual's health information as described below.

2. The following individual(s) or organization(s) are authorized to make the disclosure:

   Name: **All Medical Clinics and Related Facilities**
   Address: _____        Telephone No. _____

   Name: _____
   Address: _____        Telephone No. _____

3. The type of information to be used or disclosed is as follows (check the appropriate boxes and include other information where indicated.

   ☐ Any and all Medical and/or Dental Records including any and all reports and hand written notes
   ☐ Workers Compensation Records
   ☐ Billing Records, Ledgers and Payment Information
   ☐ X-Ray film, Cat Scan film, MRI film
   ☐ Scholastic and Academics Records
   ☐ Insurance Claim records including Medical Reports and Bills
   ☐ Disability Records
   ☐ Employment and Payroll Records
   ☒ All of the above
   ☐ Other

4. I understand that the information in my records may include information relating to sexually transmitted disease, Acquired Immunodeficiency Syndrome (AIDS), or Human Immunodeficiency virus (HIV). It may also include information about behavioral or mental health services and treatment for alcohol and drug abuse.

5. The information identified above may be used by or disclosed to the following individuals or organization(s):

   Name: **Tim Roberts, Esq.**
   Address: 865 S. Marine Corps Drive, Suite 201,        Telephone No. 671-646-1222
   Taimuning, Guam 96913

   Name: _____
   Address: _____        Telephone No. _____

6. The information for which I am authorizing disclosure will be used for the following purpose:

   Litigation discovery

7. I understand that I have a right to revoke this authorization at any time. I understand that if I revoke this authorization, I must do so in writing and present my written revocation to the health information management department. I understand the revocation will not apply to information that has already been released in response to this authorization. I understand that the revocation will not apply to any insurance company when the law provides my insurer with the right to contest a claim under my policy.

8. This authorization will expire (insert date or event) December 31, 2007 _____ If I fail to specify an expiration date, this authorization will expire six months from the date on which it was signed.

9. I understand that once the above information is disclosed, it may be re-disclosed by the recipient and the information may not be protected by federal privacy laws or regulations.

10. I understand that authorizing the use or disclosure of the information identified above is voluntary, I need not sign this form to ensure health care treatment.

** A copy of this Authorization Release shall be considered as valid as the original.

Date: 03/02/07        Signed: _Taimanglo_        Rosemarie B. Taimanglo
                                                  Patient or legal representative

## AUTHORIZATION FOR THE RELEASE OF RECORDS

Patient Name: Jennifer Holbrook          Date of Birth: ▮▮▮▮          S.S. No.: ▮▮▮-7327

1. I authorize the use or disclosure of the above named individual's health information as described below.

2. The following individual(s) or organization(s) are authorized to make the disclosure:

   Name:   All Medical Clinics and Related Facilities
   Address: _____          Telephone No. _____

   Name: _____
   Address: _____          Telephone No. _____

3. The type of information to be used or disclosed is as follows (check the appropriate boxes and include other information where indicated).

   ☐ Any and all Medical and/or Dental Records including any and all reports and hand written notes
   ☐ Workers Compensation Records
   ☐ Billing Records, Ledgers and Payment Information
   ☐ X-Ray film, Cat Scan film, MRI film
   ☐ Scholastic and Academic Records
   ☐ Insurance Claim records including Medical Reports and Bills
   ☐ Disability Records
   ☐ Employment and Payroll Records
   ☒ All of the above
   ☐ Other

4. I understand that the information in my records may include information relating to sexually transmitted disease, Acquired Immunodeficiency Syndrome (AIDS), or Human Immunodeficiency virus (HIV). It may also include information about behavioral or mental health services and treatment for alcohol and drug abuse.

5. The information identified above may be used by or disclosed to the following individuals or organization(s):

   Name:   Tim Roberts, Esq.
   Address: 865 S. Marine Corps Drive, Suite 201,          Telephone No. 671-646-1222
            Tamuning, Guam 96913
   Name: _____
   Address: _____          Telephone No. _____

6. The information for which I am authorizing disclosure will be used for the following purpose:

   Litigation discovery
   _____

7. I understand that I have a right to revoke this authorization at any time. I understand that if I revoke this authorization, I must do so in writing and present my written revocation to the health information management department. I understand the revocation will not apply to information that has already been released in response to this authorization. I understand that the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy.

8. This authorization will expire (insert date or event) December 31, 2007 _____. If fail to specify an expiration date, this authorization will expire six months from the date on which it was signed.

9. I understand that once the above information is disclosed, it may be re-disclosed by the recipient and the information may not be protected by federal privacy laws or regulations.

10. I understand authorizing the use or disclosure of the information identified above is voluntary, I need not sign this form to ensure health care treatment.

** A copy of this Authorization Release shall be considered as valid as the original.

Date: ·3/01/07 _____          Signed: _____   Jennifer Holbrook
                                                         Patient or legal representative

□AO88 (Rev. 1/07 Guam) Subpoena in a Civil 

**FILED**

DISTRICT COURT OF GUAM

JUL 0 3 2007

~~MARY L.M. MORAN~~
CLERK OF COURT

**Issued by the**

# DISTRICT COURT OF GUAM

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,
V.

**SUBPOENA IN A CIVIL CASE**

LEO PALACE RESORT,

Case Number:[1]   1:06-CV-00028

TO:   Lilli Perez-Iyechad, PhD
Family Pacific

*07/03/07*

193 Tumon Lane, Suite 609
Tamuning, Guam 96913
Tel: (671) 649-5715

*Rec'd By: X Myechad PX  1:05 pm*

□   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

□   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**All medical and other records <u>whatsoever</u> related to Jennifer Holbrook and/or Rose Taimanglo and/or Vivienne Villanueva.**

| PLACE | DATE AND TIME |
|---|---|
| Dooley Roberts & Fowler LLP, Suite 201, 865 S. Marine Corps Drive, Tamuning, Guam 96913 | July 10, 2007 at 2:00 p.m. |

□   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | June **26**, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Tim Roberts, Esq., Dooley Roberts & Fowler LLP
Suite 201, 865 S. Marine Corps Drive, Tamuning, Guam 96913; (671) 646-1222

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

**EXHIBIT 3**

PROOF OF SERVICE

| | |
|---|---|
| DATE *July 03, 2007* | PLACE *Family Pacific Reflection Center Ste/02 207 Chn Santa Papa, Hagåtñ* |

SERVED *Lilli Perez / ye chad*

SERVED ON (PRINT NAME)

MANNER OF SERVICE

SERVED BY (PRINT NAME) *Thomas J. Sablan*

TITLE *Process Server SP 0058-06*

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  *July 03, 2007*
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER *118 Ttm Gregorio Tugon St., Yigo, Gu. 96929*

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# FILED

DISTRICT COURT OF GUAM

JUL 0 3 2007

MARY L.M. MORAN
CLERK OF COURT

**Issued by the**

## DISTRICT COURT OF GUAM

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,
         V.

LEO PALACE RESORT,

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]   1:06-CV-00028

TO:   Tom Babauta, MSW, ACSW  07/03/07
      Family Pacific

*Rec'd By: X   1:25pm*

193 Tumon Lane, Suite 609
Tamuning, Guam 96913
Tel: (671) 649-5715

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | **DATE AND TIME** |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**All medical and other records <u>whatsoever</u> related to Jennifer Holbrook and/or Rose Taimanglo and/or Vivienne Villanueva.**

| PLACE | DATE AND TIME |
|---|---|
| Dooley Roberts & Fowler LLP, Suite 201, 865 S. Marine Corps Drive, Tamuning, Guam 96913 | July 10, 2007 at 2:00 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | June 26, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Tim Roberts, Esq., Dooley Roberts & Fowler LLP
Suite 201, 865 S. Marine Corps Drive, Tamuning, Guam 96913; (671) 646-1222

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

| | | PROOF OF SERVICE | |
|---|---|---|---|
| *July 03, 2007* | | *Division of Special Education* | |
| DATE | | PLACE *Seagull Ave, Tinian* | |

SERVED *Tom Babauta*

SERVED ON (PRINT NAME)                MANNER OF SERVICE

*Thomas J. Sablan*                *Process Server SP 0058-06*

SERVED BY (PRINT NAME)                TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    *July 03, 2007*
DATE

SIGNATURE OF SERVER

*#118 Tun Gregorio Tagan St.*
ADDRESS OF SERVER

*Yigo, GU. 96929*

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

☐AO88 (Rev. 1/07 Guam) Subpoena in a Civil Case

Issued by the

# DISTRICT COURT OF GUAM



**FILED**

DISTRICT COURT OF GUAM

JUL 18 2007

MARY L.M. MORAN
CLERK OF COURT

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,
V.

**SUBPOENA IN A CIVIL CASE**

LEO PALACE RESORT,

*sc* ‖ 07/17/07 12:25pm

TO:  Lilli Perez-Iyechad, PhD
Family Pacific

Case Number:[1]   1:06-CV-00028

Suite 102, Reflection Center
222 Chalan Santo Papa, Hagåtña, Guam
Tel: (671) 477-5715

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

✓ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Dooley Roberts & Fowler, LLP, Suite 201, 865 S. Marine Corps Drive, Tamuning, Guam 96913 | July 30, 2007 at 1:30 p.m. |

✓ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**All medical and other records whatsoever related to Jennifer Holbrook and/or Rose Talmanglo and/or Vivienne Villanueva.**

| PLACE | DATE AND TIME |
|---|---|
| Dooley Roberts & Fowler LLP, Suite 201, 865 S. Marine Corps Drive, Tamuning, Guam 96913 | July 24, 2007 at 10:00 a.m. |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | July 13, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Tim Roberts, Esq., Dooley Roberts & Fowler LLP
Suite 201, 865 S. Marine Corps Drive, Tamuning, Guam 96913; (671) 646-1222

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

EXHIBIT 4

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | Suite 102, Reflection Center<br>222 Chalan Santo Papa, Hagåtña, Guam<br>Tel:  (671) 477-5715 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Lilli Perez-Iyechad | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Thomas J. Sablan | Process Server SP0058-06 |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___ 01/17/07 ___
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

118 Tun Gregorio Tugon St., Yigo, Guam 96929

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

## Issued by the
# DISTRICT COURT OF GUAM

# FILED
**DISTRICT COURT OF GUAM**



JUL 18 2007

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

V.

LEO PALACE RESORT,

07/17/07  4:03pm

TO:  Tom Babauta, MSW, ACSW
Family Pacific

**SUBPOENA IN A CIVIL CASE** MARY L.M. MORAN
**CLERK OF COURT**

Case Number:¹   1:06-CV-00028

Suite 102, Reflection Center
222 Chalan Santo Papa, Hagåtña, Guam
Tel:  (671) 477-5715

□ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

✓ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Dooley Roberts & Fowler LLP, Suite 201, 865 S. Marine Corps Drive, Tamuning, Guam 96913 | July 30, 2007 at 3:30 pm |

✓ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**All medical and other records whatsoever related to Jennifer Holbrook and/or Rose Taimanglo and/or Vivienne Villanueva.**

| PLACE | DATE AND TIME |
|---|---|
| Dooley Roberts & Fowler LLP, Suite 201, 865 S. Marine Corps Drive, Tamuning, Guam 96913 | July 24, 2007 at 10:00 a.m. |

□ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | July 13, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Tim Roberts, Esq., Dooley Roberts & Fowler LLP
Suite 201, 865 S. Marine Corps Drive, Tamuning, Guam 96913; (671) 646-1222

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

¹ If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | Suite 102, Reflection Center<br>222 Chalan Santo Papa, Hagåtña, Guam<br>Tel: (671) 477-5715 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Tom Babauta | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Thomas J. Sablan | Process Server; SP0058-06 |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____07/17/07_____
DATE

_____
SIGNATURE OF SERVER

ADDRESS OF SERVER

118 Tun Gregorio Tugon Street, Yigo, Guam 96929

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

# DOOLEY ROBERTS & FOWLER LLP
## ATTORNEYS AT LAW

DAVID W. DOOLEY
TIM ROBERTS
KEVIN J. FOWLER
JON A. VISOSKY
SETH FORMAN

SUITE 201, ORLEAN PACIFIC PLAZA
865 SOUTH MARINE CORPS DRIVE
TAMUNING, GUAM 96913
TELEPHONE: (671) 646-1222
FACSIMILE: (671) 646-1223
www.GuamLawOffice.com

Of Counsel:
MELINDA C. SWAVELY

Writer's Direct Email:
Roberts@GuamLawOffice.com

July 25, 2007

<u>Via Facsimile - 477-5714</u>

Lilli Perez-Iyechad, PhD
Family Pacific
Suite 102, Reflection Center
222 Chalan Santo Papa
Hagåtña, Guam 96910

Tom Babauta, MSW, ACSW
Family Pacific
Suite 102, Reflection Center
222 Chalan Santo Papa
Hagåtña, Guam 96910

**Re:     Jennifer Holbrook; Rose Taimanglo and Vivienne Villanueva**

Dear Dr. Perez-Iyechad and Counselor Babauta:

You were served with a subpoena requiring you to bring certain documents to my office yesterday at 10:00 a.m. A copy of the subpoena you were served with is attached to this letter.

Your patients want you to give me the documents I subpoenaed. They previously signed and delivered executed HIPAA forms to you for that purpose. On my part, I have bent over backwards to accommodate both of you in this case, but my professional courtesies have not been returned. Your conduct now forces me to file a motion with the court asking for an order precluding you or your clients from testifying about their alleged emotional distress at trial. If the order is granted, your clients may recover virtually nothing from the jury.

I hope your clients appreciate your efforts to protect their privacy.

Sincerely,

DOOLEY ROBERTS & FOWLER LLP

**Tim Roberts**

Enclosures

cc:     Phillip Torres, Esq.
        Angela D. Morrison, Esq.

F:\Documents\TLR (07-04)\M108\M108.330\M108.330 – L34 Iyechad-Babauta

EXHIBIT **5**



**FILED**
DISTRICT COURT OF GUAM

JUL 18 2007

MARY L.M. MORAN
CLERK OF COURT

Issued by the
# DISTRICT COURT OF GUAM

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,
V.

**SUBPOENA IN A CIVIL CASE**

LEO PALACE RESORT,

*sc* |W 07/17/07 12:25pm

Case Number:[1]    1:06-CV-00028

TO:   Lilli Perez-Iyechad, PhD
      Family Pacific

Suite 102, Reflection Center
222 Chalan Santo Papa, Hagåtña, Guam
Tel: (671) 477-5715

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Dooley Roberts & Fowler, LLP, Suite 201, 865 S. Marine Corps Drive, Tamuning, Guam 96913 | July 30, 2007 at 1:30 p.m. |

☑   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**All medical and other records _whatsoever_ related to Jennifer Holbrook and/or Rose Taimanglo and/or Vivienne Villanueva.**

| PLACE | DATE AND TIME |
|---|---|
| Dooley Roberts & Fowler LLP, Suite 201, 865 S. Marine Corps Drive, Tamuning, Guam 96913 | July 24, 2007 at 10:00 a.m. |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | July 13, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Tim Roberts, Esq., Dooley Roberts & Fowler LLP
Suite 201, 865 S. Marine Corps Drive, Tamuning, Guam 96913; (671) 646-1222

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  | Suite 102, Reflection Center<br>222 Chalan Santo Papa, Hagåtña, Guam<br>Tel: (671) 477-5715 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Lilli Perez-Iyechad |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Thomas J. Sablan | Process Server SP0058-06 |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    07/17/07
_____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

118 Tun Gregorio Tugon St., Yigo, Guam 96929

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

**Issued by the**

# DISTRICT COURT OF GUAM



FILED
DISTRICT COURT OF GUAM

JUL 1 8 2007

MARY L.M. MORAN
CLERK OF COURT

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

V.

LEO PALACE RESORT,

TO:   Tom Babauta, MSW, ACSW
      Family Pacific

07/17/07  4:03pm

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]    1:06-CV-00028

Suite 102, Reflection Center
222 Chalan Santo Papa, Hagåtña, Guam
Tel: (671) 477-5715

□   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below
to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a
deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Dooley Roberts & Fowler LLP, Suite 201, 865 S. Marine Corps Drive, Tamuning, Guam 96913 | July 30, 2007 at 3:30 pm |

☑   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at
the place, date, and time specified below (list documents or objects):

**All medical and other records <u>whatsoever</u> related to Jennifer Holbrook and/or Rose Taimanglo and/or Vivienne
Villanueva.**

| PLACE | DATE AND TIME |
|---|---|
| Dooley Roberts & Fowler LLP, Suite 201, 865 S. Marine Corps Drive, Tamuning, Guam 96913 | July 24, 2007 at 10:00 a.m. |

□   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | July 13, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Tim Roberts, Esq., Dooley Roberts & Fowler LLP
Suite 201, 865 S. Marine Corps Drive, Tamuning, Guam 96913; (671) 646-1222

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | Suite 102, Reflection Center<br>222 Chalan Santo Papa, Hagåtña, Guam<br>Tel: (671) 477-5715 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Tom Babauta | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Thomas J. Sablan | Process Server; SP0058-06 |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____07/17/07_____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

118 Tun Gregorio Tugon Street, Yigo, Guam 96929

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

| Telephone Number | Mode | Start | Time | Pages | Result | Note |
|---|---|---|---|---|---|---|
| 4775714 | NORMAL | 25,14:22 | 0'57" | 5 | # O K | |

# DOOLEY ROBERTS & FOWLER LLP
## ATTORNEYS AT LAW

DAVID W. DOOLEY
TIM ROBERTS
KEVIN J. FOWLER
JON A. VISOSKY
SETH FORMAN

SUITE 201, ORLEAN PACIFIC PLAZA
865 SOUTH MARINE CORPS DRIVE
TAMUNING, GUAM 96913
TELEPHONE: (671) 646-1222
FACSIMILE: (671) 646-1223
www.GuamLawOffice.com

Of Counsel:
MELINDA C. SWAVELY

Writer's Direct Email:
Roberts@GuamLawOffice.com

July 25, 2007

<u>Via Facsimile - 477-5714</u>

Lilli Perez-Iyechad, PhD
Family Pacific
Suite 102, Reflection Center
222 Chalan Santo Papa
Hagåtña, Guam 96910

Tom Babauta, MSW, ACSW
Family Pacific
Suite 102, Reflection Center
222 Chalan Santo Papa
Hagåtña, Guam 96910

**Re:   Jennifer Holbrook; Rose Taimanglo and Vivienne Villanueva**

Dear Dr. Perez-Iyechad and Counselor Babauta:

You were served with a subpoena requiring you to bring certain documents to my office yesterday at 10:00 a.m. A copy of the subpoena you were served with is attached to this letter.

Your patients want you to give me the documents I subpoenaed. They previously signed and delivered executed HIPAA forms to you for that purpose. On my part, I have bent over backwards to accommodate both of you in this case, but my professional courtesies have not been returned. Your conduct now forces me to file a motion with the court asking for an order precluding you or your clients from testifying about their alleged emotional distress at trial. If the order is granted, your clients may recover virtually nothing from the jury.

I hope your clients appreciate your efforts to protect their privacy.

Sincerely,

DOOLEY ROBERTS & FOWLER LLP

## Carmen Santos

**From:** Carmen Santos
**Sent:** Wednesday, July 25, 2007 2:41 PM
**To:** Angela Morrison; ptorres@tttguamlawyers.com
**Subject:** EEOC v LeoPalace Resort

For your review and records, please find a PDF copy of a letter sent to Dr. Lilli Perez-Iyechad and Tom Babauta.

Carmen B. Santos
Secretary to Tim Roberts, Esq. and Seth Forman
Dooley Roberts & Fowler LLP
Suite 201 Orlean Pacific Plaza
865 S. Marine Corps Dr.
Tamuning, Guam 96913
Tel: 671-646-1222
Fax: 671-646-1223
Email: csantos@guamlawoffice.com

CONFIDENTIALITY NOTICE: This email transmission and any documents, files or previous email messages attached to it may contain legally privileged confidential information. If you are not the intended recipient, do not read it. Any disclosure, copying, distribution or use of any of the information in or attached to this transmission is STRICTLY PROHIBITED. If you receive this transmission in error, please immediately notify us by reply email, by forwarding this email to info@GuamLawOffice.com or by telephone at (671) 646-1222, and destroy the original transmission and its attachments without reading or saving in any manner. Thank you.