ORIGINAL

Anna Y. Park, Regional Attorney
Derek Li, Supervisory Trial Attorney
Gregory McClinton Senior Trial Attorney
Angela D. Morrison, Trial Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1068
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

333 S. Las Vegas Blvd., Suite 8112
Las Vegas, NV 89101
Telephone: (702)894-5072
Facsimile: (702)894-5094
E-mail: angela.morrison@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

FILED
DISTRICT COURT OF GUAM
AUG 1 4 2007
JEANNE G. QUINATA
Clerk of Court

# UNITED STATES DISTRICT COURT

## DISTRICT OF GUAM

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>LEO PALACE RESORT,<br><br>Defendant.<br><br>JENNIFER HOLBROOK; VIVIENE VILLANUEVA; and ROSEMARIE TAIMANGLO,<br><br>Plaintiff-Intervenors,<br><br>v.<br><br>MDI GUAM CORPORATION d/b/a LEO PALACE RESORT MANENGGON HILLS and DOES 1 through 10,<br><br>Defendants. | Case No.: 2:06-CV-00028<br><br>PLAINTIFF EEOC'S OPPOSITION TO DEFENDANT'S ALTERNATIVE [MOTION] TO DISMISS EMOTIONAL DISTRESS CLAIMS; MOTION TO EXTEND DISCOVERY COMPLETION DEADLINE; AND MOTION FOR INDEPENDENT MEDICAL EXAMINATION<br><br>Hearing Date: August 29, 2007<br>Hearing Time: 1:30 p.m. |

## I. INTRODUCTION

The United States Equal Employment Opportunity ("EEOC") brought this action under Title VII of the Civil Rights Act of 1964, as amended, to correct unlawful employment practices on the bases of sex and retaliation, and to provide appropriate relief to Viviene Villanueva, Jennifer Holbrook and Rosemarie Taimanglo ("Plaintiff-Intervenors") and other similarly situated individuals who were adversely affected by such practices. Defendant Leo Palace Resort has filed a (1) Motion to Compel Testimony and Production of Documents, or in the Alternative to Dismiss Emotional Distress Claims, (2) Motion to Extend Discovery Completion Deadline, and (3) Motion for Independent Medical Examination.

EEOC takes no position regarding Defendant's Motion to Compel Testimony and Production of Documents or Defendant's request to extend discovery completion deadline as to Plaintiff-Intervenors' therapy records and therapist depositions. EEOC opposes Defendant's alternative Motion to Dismiss Emotional Distress Claims,[1] an extension of the discovery deadline as to designation of a "rebuttal" medical expert, and opposes the Motion for Independent Medical Examination based on the following points and authorities and exhibits filed in support thereof.

The Court should deny the Motion to Dismiss Emotional Distress Claims because neither Plaintiff nor Plaintiff-Intervenors have violated a Court Order compelling Discovery, EEOC and Plaintiff-Intervenors responded to Defendant's discovery request, and the circumstances do not require the extreme sanction of dismissal. The Court should deny Defendant's request to extend the deadline for Defendant to designate a "rebuttal" medical expert because neither Plaintiff nor Plaintiff-Intervenors have designated a medical expert under Federal Rule 26(a) and Defendant's designation of an expert medical witness is untimely. Finally, the Motion for Independent Medical

---

[1] EEOC does not assert separate emotional distress claims but rather seeks non-wage compensatory damages under Title VII based, in part, on garden-variety emotional distress damages.

Examination is untimely and should be denied. For these reasons EEOC requests the Court deny Defendant's Motion to Dismiss Emotional Distress Claims, Defendant's request for an extension of the deadline for Defendant to designate a "rebuttal" medical expert, and the Motion for Independent Medical Examination.

## II. FACTUAL AND PROCEDURAL BACKGROUND

EEOC filed its Complaint on September 29, 2006. (Court Doc. #1.) On January 5, 2007, the Court entered the Discovery Plan and Scheduling Order in which the discovery cut-off date was June 22, 2007. (Court Doc. ## 13, 14.) Plaintiff-Intervenors filed their Complaint in Intervention on January 12, 2007. (Court Doc. #16.) On January 31, 2007, Defendant served EEOC with Request for Production Number One:

> All documents generated by any health care provider related to any treatment received by the Claimants as a result of the incidents made the subject of suit in this civil action. Leo Palace will agree to any reasonable confidentiality agreement with respect to the production of these records.

Decl. of Tim Roberts (Court Doc. #39) ¶ 3, Ex. 1. EEOC responded to the request as follows:

> Plaintiff EEOC objects that the request for production seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. The EEOC also objects that the request os overbroad with regard to the term "any treatment" and vague with regard to the terms "incidents" and "as a result." Furthermore, the EEOC objects to the extent the request seeks documents covered by the physician-patient privilege.
>
> Without waiving the foregoing objections, the EEOC responds that responsive documents previously have been produced with EEOC's Initial disclosures and are bates stamped numbers EEOC 0054-55, and EEOC 0112 (Documents relating to Ms. Holbrook), EEOC 0299, EEOC 0306, EEOC 0314, EEOC 0317, and EEOC 0319 (Documents relating to Ms.

| | |
|---|---|
| 1 | Villaneuva) and EEOC 0112-115, EEOC 0126, and EEOC 0134-135 |
| 2 | (Documents relating to Ms. Taimanglo). |
| 3 | In addition, the EEOC responds that, after a diligent search, the |
| 4 | EEOC does not have further documents responsive to the request in its |
| 5 | possession or under its control. The individuals most likely to have |
| 6 | possession or control of documents responsive to this request are |
| 7 | Rosemarie Taimanglo, Jennifer Holbrook, and Vivienne Villanueva, who |
| 8 | may be contacted through their counsel Mr. Phil Torres, Teker Torres & |
| 9 | Teker P.C., Suite 2A, 130 Aspinall Avenue, Hagatna, Guam 96910-5018. |
| 10 | Decl. of Angela Morrison in Support of Pl. EEOC's Opp'n to Def.'s Mot. to Dismiss |
| 11 | Emotional Distress Claims; Mot. to Extend Completion Deadline as to "rebuttal" medical |
| 12 | expert, and Mot. for Independent Medical Examination (hereinafter "Morrison Decl.") ¶ |
| 13 | 2, Ex. 1. EEOC also received a copy of Plaintiff-Intervenors' response to Defendant's |
| 14 | request for production number one. *Id.* Counsel for Defendant took the depositions of |
| 15 | Jennifer Holbrook on March 17, 2007, Viviene Villanueva on March 21, 2007, and |
| 16 | Rosemarie Taimanglo on March 22, 2007. Morrison Decl. ¶ 3. On March 21, 2007, |
| 17 | counsel for Plaintiff-Intervenors provided EEOC with a copy of the medical summary |
| 18 | reports he gave to counsel for Leo Palace, in which Plaintiff-Intervenors' counsel |
| 19 | informed counsel for Leo Palace "These documents are provides [sic] as my response to |
| 20 | request number three [sic] of your Request for Production of Documents." *Id.* ¶ 4, Ex. 2. |
| 21 | On June 7, 2007, the Court granted an extension of the discovery cut-off to |
| 22 | August 6, 2007, and the discovery motion cut-off to July 6, 2007. (Court Doc. |
| 23 | #24.) On June 20, 2007, counsel for Defendant requested that the depositions of |
| 24 | Plaintiff-Intervenors' take place during the week of July 16 or 23, 2007. Decl. of |
| 25 | Tim Roberts (Court Doc. #39) ¶ 6. Counsel for EEOC attended the depositions of |
| 26 | Dr. Perez-Iyechad and Mr. Babauta on July 30, 2007. *Id.* ¶ 5. Defendant filed its |
| 27 | Motions on August 6, 2007. (Court Doc. #37.) |
| 28 | /// |

### III. ARGUMENT

**A. The Court should Deny Defendant's Motion to Dismiss Emotional Distress Claims Because no Court Order Compelling Discovery Exists, both EEOC and Plaintiff Intervenors responded to Defendant's Discovery Request, and the Circumstances do not Warrant Dismissal**

Dismissal of the emotional distress claims in the current matter is unwarranted because there is no court order, EEOC and Plaintiff-Intervenors responded to Defendant's Request for Production of Documents, and the circumstances do not warrant dismissal. Federal Rule of Civil Procedure 37(a)(2)(B) provides, in pertinent part, "if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for . . . an order compelling inspection in accordance with the request." However, Rule 37(b)(2) only allows the sanction of dismissing a claim when a party has violated a court order compelling production. *See* Fed. R. Civ. P. 37(b)(2); *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 367-68 (9th Cir. 1992). Likewise, the sanctions in Federal Rule of Civil Procedure 37(d) apply only when a party fails to respond to a discovery request. *See* Fed. R. Civ. P. 37(d); *Badalamenti v. Dunham's, Inc.*, 896 F.2d 1359, 1362 (Fed. Cir. 1990).

Moreover, sanctions such as dismissal of a claim are "authorized only in 'extreme circumstances' and only where the violation is 'due to willfulness, bad faith, or fault of the party.'" *In re Exxon Valdez*, 102 F.3d 429, 432-33 (9th Cir. 1996) (quoting *United States v. Kahaluu Const.*, 857 F.2d 600, 603 (9th Cir. 1988) (internal quotations omitted)). If a court finds that the violation was due to willfulness, bad faith, or fault of the party, the court "must consider five factors in determining whether the circumstances warrant dismissal." *Id.* (citing *Thompson v. Hous. Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986)). The five factors a court must consider are as follows: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its

docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id.*

    *1.    No Court Order Exists Compelling Discovery*

There is no Court Order compelling the production of the medical records and notes at issue in the current motion. Nor has Defendant averred such an Order exists. Unlike the party in *Schoffstall v. Henderson*, 223 F.3d 818, 823-24 (8th Cir. 2000), the EEOC and Plaintiff-Intervenors have not violated a discovery order. Accordingly, the EEOC and Plaintiff-Intervenors' actions do not fall within the language of Rule 37(b). *See Unigard Sec. Ins. Co.*, 982 F.2d at 367. Therefore, dismissal of the emotional distress claims pursuant to Rule 37(b) is inappropriate here because EEOC and Plaintiff-Intervenors have not violated a Court Order compelling the production of the requested discovery.

    *2.    EEOC and Plaintiff-Intervenors Responded to Defendant's Discovery Request*

EEOC and Plaintiff-Intervenors responded to Defendant's Request for Production Number One. As discussed above, EEOC objected to the request on several bases and provided the documents it had it in its possession or control. Similarly, Plaintiff-Intervenors responded to the request by producing some responsive documents and by stating they would further produce responsive documents. Plaintiff-Intervenors subsequently produced the treatment summary reports. Therefore by the plain language of Rule 37(d), EEOC and Plaintiff-Intervenors' actions do not fall within the meaning of Rule 37(d). Because Rule 37(d) is inapplicable, dismissal of the emotional distress claims pursuant to Rule 37(d) is inappropriate.

    *3.    The Circumstances here do not Warrant Dismissal*

Unlike the parties in *In re Exxon Valdez* and *Schofstall*, EEOC and Plaintiff-Intervenors have been cooperative throughout discovery and have not engaged in a continuing pattern of obstreperous behavior. In *In re Exxon Valdez*, the Court ordered dismissal of the appellants' claims after they had refused to comply with discovery

obligations and orders for a period of over two years. 102 F.3d at 432-33. Further, the "[a]ppellants were warned repeatedly by both the court and the [discovery] master that failure to comply would result in dismissal." *Id.* at 432. Likewise, in *Schofstall*, the plaintiff continued to violate the court's order compelling her to sign medical releases and tried to hide her role in further preventing the defendant from obtaining her medical records. *Id.* at 432-33.

Additionally, three of the five factors a court must consider before dismissing claims as a sanction weigh against dismissal in the current circumstances. First, the risk of prejudice to Defendant is minimal. As set forth above, Defendant has known since March 2007 that the only medical records it received in response to its request for production number one were the documents initially produced by the EEOC and Plaintiff-Intervenors and the treatment summary reports. Defendant had an opportunity to depose Plaintiff-Intervenors and asked each of them about their treatment. Decl. of Tim Roberts (Court Doc. #39) ¶ 11, Ex. 9. Although the discovery motion cut-off was July 6, 2007, Defendant waited until July 2007 to subpoena the therapy records and until the end of June 2007 to begin noticing the therapists' depositions. Decl. of Tim Roberts (Court Doc. #39) ¶¶ 6, 7. Additionally, Defendant did depose Plaintiff-Intervenors' therapists and had an opportunity to inquire into the bases of their treatment summaries. Decl. of Tim Roberts (Court Doc. #39) ¶ 10.

Second, the public policy favoring disposition of cases on their merits favors allowing the emotional distress claims to go to trial. Here, there is evidence in the form of the treatment summaries and Plaintiff-Intervenors' testimony, that Plaintiff-Intervenors did suffer emotional distress as a result of being subjected to sexual harassment while employed by Defendant. To dismiss the emotional distress claims would deny EEOC the opportunity to be heard regarding the emotional distress Plaintiff-Intervenors suffered.

Finally, less drastic sanctions are available and should be considered prior to dismissal if Plaintiff-Intervenors do not comply with any potential court order compelling discovery. For these reasons, dismissal is an inappropriate sanction in the current

circumstances and the Court should deny Defendant's alternative Motion to Dismiss Emotional Distress Claims.

**B.  The Court Should Deny Defendant's Motion to Extend the Discovery Completion Deadline as to Defendant's Time in which to Designate a "Rebuttal" Medical Expert**

Federal Rule of Civil Procedure 26(a)(2)(A) requires that parties disclose "to other parties the identity of an person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence." Federal Rule of Civil Procedure 26(a)(2)(C) further provides:

> In the absence of other directions from the court or stipulation by the parties, the disclosure shall be made at least 90 days before the trial date or the date the case is to be ready for trial or, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B), within 30 days after the disclosure made by the other party.

Neither EEOC nor Plaintiff-Intervenors have designated a medical expert pursuant to Federal Rule of Civil Procedure 26(a)(2). Accordingly by the plain language of Rule 26(a)(2)(C) there is no "evidence on the same subject matter identified by another party under paragraph (2)(B)" for a medical expert retained by Defendant to rebut. Moreover, Plaintiff-Intervenors and EEOC have disclosed Dr. Perez-Iyechad and Mr. Baubata as fact witnesses not expert witnesses. They are expected to testify on their treatment and personal observations of Plaintiff-Inervenors and accordingly are fact witnesses. *See, e.g., Sipes v. United States*, 111 F.R.D. 59, 61-62 (S.D. Cal. 1986); *Fisher v. Ford Motor Co.*, 178 F.R.D. 195, 197 (N.D. Ohio 1998); *Demar v. United States*, 199 F.R.D. 617, 618-19 (N. D. Ill. 2001).

Additionally, should Defendant wish to retain a medical expert the deadline for such disclosure has expired. Rule 26 requires a party to disclose expert

| | |
|---|---|
| 1 | witnesses ninety days prior to the date set for trial. Fed. R. Civ. P. 26(a)(2)(C). In |
| 2 | this case, the trial date is set for October 30, 2007, which means that Defendant |
| 3 | should have disclosed expert witnesses by August 1, 2007. Defendant has not |
| 4 | made such a disclosure and should not be allowed to present testimony from such |
| 5 | a witness. *See* Fed. R. Civ. P. 37(c)(1); *Yeti by Molly Ltd. v. Deckers Outdoor* |
| 6 | *Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). |
| 7 |       Defendant does not have substantial justification for failing to disclose such |
| 8 | an expert prior to the August 1, 2007 deadline. Defendant has known that |
| 9 | Plaintiff-Intervenors were asserting emotional distress claims since January 12, |
| 10 | 2007 because they filed their Complaint on January 12, 2007 alleging emotional |
| 11 | distress claims. *See* Pl.-Intervenors' Compl. (Court Doc. #16.) Similarly, |
| 12 | Defendant received the Plaintiff-Intervenors' therapists' summary of treatment in |
| 13 | March 2007 and as a result has known the exact nature of the emotional distress |
| 14 | claims Plaintiff-Intervenors are asserting. Morrison Decl. ¶ 3; Decl. of Tim |
| 15 | Roberts (Court Doc. #39) ¶¶ 2, 10, 11. Waiting by Defendant for Plaintiff- |
| 16 | Intervenors' entire therapy file and therapists' notes does not constitute substantial |
| 17 | justification either. Defendant could have timely retained and disclosed a medical |
| 18 | expert pursuant to Rule 26(a)(2) and then supplemented the expert's report upon |
| 19 | receipt of the therapy records. *See Yeti by Molly Ltd.*, 259 F.3d at 1106-07 |
| 20 | (defendant should have disclosed expert prior to deadline and defendant's expert |
| 21 | could have issued a preliminary report to be supplemented once it received a |
| 22 | supplemental report from the plaintiff's expert or asked for an extension of time). |
| 23 | Similarly, Defendant could have asked for an extension of time in which to |
| 24 | disclose an expert prior to the August 1, 2007 deadline but did not. *Id.* Therefore, |
| 25 | the Court should deny Defendant's Motion to Extend Discovery Completion |
| 26 | Deadline as to the retention of a "rebuttal" medical expert. |
| 27 | |
| 28 | |

### C. The Court Should Deny Defendant's Motion for Independent Medical Examination Because it is Untimely and Does not Meet the Procedural Requirements of Rule 35

Local Rule 16.1 requires parties to submit and comply with a scheduling order and discovery plan. Additionally, Local Rule 16.5 states "Delayed discovery will not justify an extension of discovery deadlines." Furthermore, where a party is aware of a particular discovery issue prior to the discovery cut-off deadline, a substantial delay in submitting a discovery motion or requesting an extension of time makes the motion untimely. *See Audi AG v. D'Amato*, 469 F.3d 534, 541 (6th Cir. 2006) (because party knew about issue two and a half months prior to the discovery cut-off, his motion to compel responses and to extend the discovery deadline were untimely).

The discovery motion cut-off in this case was July 6, 2007 and the discovery cut-off date was August 6, 2007. Despite knowing that Plaintiff-Intervenors were claiming emotional distress damages since the Complaint was filed and having in its possession the treatment summaries in which the therapists indicated two of the Plaintiff-Intervenors suffered from Post Traumatic Stress Disorder since March 2007, Defendant waited until the final day of discovery and well past the discovery motion cut-off date of July 6, 2007 to move for an Independent Medical Examination. Because Defendant waited until the last day of discovery, there is no way for the Independent Medical Examination, the disclosure of related documents, and any necessary depositions regarding the Independent Medical Examination to occur prior to the close of discovery as that date has passed. Accordingly, Defendant's delay of at least four and a half months after becoming aware of Plaintiff-Intervenors' emotional distress claims before moving for an independent medical examination makes Defendant's Motion for Independent Medical Examination untimely and the Court should deny it.

Additionally, Federal Rule of Civil Procedure 35(a) requires that an order for an independent medical examination "be made only upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made." EEOC has not received the notice required by Rule 35. *See* Morrison Decl. at ¶ 6. Accordingly, the Court should not order a medical examination because Defendant did not meet the procedural requirements of Rule 35. For these reasons, the Court should deny Defendant's Motion for Independent Medical Examination.

## IV. CONCLUSION

For the foregoing reasons, EEOC requests the Court to deny Defendant's alternative Motion to Dismiss Emotional Distress Claims and Motion for Independent Medical Examination. EEOC also requests the Court to deny, in part, Defendant's Motion to Extend Discovery Completion Deadline as to the time in which Defendant may disclose a "rebuttal" expert medical witness.

Dated: August , 2007.

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Anna Y. Park
Derek Li
Gregory McClinton
Angela D. Morrison

By: _____
Angela D. Morrison
Attorneys for Plaintiff EEOC