**TEKER TORRES & TEKER, P.C.**
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4
FACSIMILE: (671) 472-2601

**FILED**
DISTRICT COURT OF GUAM

AUG 1 5 2007

**JEANNE G. QUINATA**
**Clerk of Court**

Attorneys for Plaintiff-Intervenors,
*Jennifer Holbrook, Rosemarie*
*Taimanglo and Viviene Villanueva*

IN THE DISTRICT COURT OF GUAM

----------

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) | CIVIL CASE NO. 06-00028 |

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,
    )
    )
    )
        Plaintiff,
    )
    )
    vs.
    )
    )
LEO PALACE RESORT,
    )
    )
        Defendant.
    )
_____ )
    )
JENNIFER HOLBROOK,
    )
VIVIENE VILLANUEVA and
    )
ROSEMARIE TAIMANGLO,
    )
    )
        Plaintiff-Intervenors,
    )
    )
    vs.
    )
    )
MDI GUAM CORPORATION dba LEO
    )
PALACE RESORT MANENGGON HILLS
    )
and DOES 1 through 10,
    )
    )
        Defendant.
    )

CIVIL CASE NO. 06-00028

**PLAINTIFF-INTERVENOR'S**
**OPPOSITION TO DEFENDANT'S**
**MOTION TO COMPEL TESTIMONY**
**AND PRODUCTION OF DOCUMENTS;**
**MOTION TO EXTEND DISCOVERY**
**COMPLETION DEADLINE; AND**
**MOTION FOR INDEPENDENT**
**MEDICAL EXAMINATION**

Hearing date:    August 29, 2007
Hearing time:    1:30 p.m.

----------

/ / /

ORIGINAL

1    Defendant MDI Guam Corporation dba Leo Palace Resort Manenggon Hills ("Leo Palace")

2    has moved to compel the production of Plaintiff-Intervenor's psychotherapy records and

3    psychotherapist's notes used in the treatment of the Plaintiff-Intervenors. The treatment records and

4    notes are requested without limitation and apply to any treatment received by the Plaintiff-

5    Intervenors from their therapists. Leo Palace also seeks to compel the testimony of the therapists

6    regarding the treatment and diagnosis of Plaintiff-Intervenors. In the event that the Court should

7    Order the relief requested by Leo Palace and Plaintiff-Intervenors or their therapists fail to comply,

8    Leo Palace asserts that Plaintiff-Intervenors' claims for emotional distress should be dismissed.

9    Finally, Leo Palace requests that the discovery deadline be extended so that Leo Palace could obtain

10   the therapists's records and notes "if so Ordered by the Court", and redepose the therapists and retain

11   a medical expert. Plaintiff-Intervenors object.

12   **I.    LEGAL ARGUMENT**

13   **A. *Discovery of Plaintiff-Intervenors' Psychotherapy Records and Notes.***

14   Leo Palace argues that because Plaintiff-Intervenors have asserted claims of emotional

15   distress they are entitled to Plaintiff-Intervenors' entire medical history for psychotherapy treatment

16   obtained from Lilli Perez-Iyechad, PhD, RPT-S and Tom Babauta, MSW, QCSW (collectively the

17   "Therapists"). Leo Palace in discovery requested the psychotherapy medical records of the Plaintiff-

18   Intervenors and also requested that the Plaintiff-Intervenors execute waivers pursuant to the Federal

19   Health Insurance Portability and Accountability Act ("HIPAA"). The waivers were executed by the

20   Plaintiff-Intervenors and the undersigned requested the records from the Therapists in a letter

21   attached as Exhibit "1" to Thomas L. Roberts' Declaration, filed contemporaneously with Leo

22   Palace's Motion. The undersigned never received the requested records or notes.

23   Leo Palace argues that the records are relevant and cited opinions in various jurisdictions

outside of Guam for the proposition that the records and notes are discoverable. Plaintiff-Intervenors executed HIPAA waivers and are not opposed to the release of their psychotherapy records and notes which directly apply to the treatment they received as a result of being subjected to unlawful discrimination and unlawful employment practices at the hands of Leo Palace. However, Leo Palace wants any and all records and notes relating to psychotherapy care received by Plaintiff-Intervenors. Notwithstanding the waivers, in March 2007 the therapists refused to provide the records and notes to Leo Palace and to the Plaintiff-Intervenors' counsel. Instead they provided treatment summaries and Defendant was provided copies of those summaries.

In July 2007, Defendant subpoenaed the therapists' records and notes but did not receive any documents in response to the Subpoena. At their depositions last month, the Therapists refused to provide any treatment testimony regarding the treatments they provided to the Plaintiff-Intervenors or testimony on the notes and records that they kept in providing those treatments. They asserted that the Plaintiff-Intervenors had recently rescinded their previously executed HIPAA waivers on or about the day which the Therapists were to respond to Leo Palace's Subpoena for production of such records and notes. They also stated that as psychotherapists they are under no obligation to do so under the HIPAA statutes and regulations. In addition, the Therapists stated to the undersigned that disclosure of the conversations, records and notes would cause the Plaintiff-Intervenors embarrassment and harm and caused them to be further victimized. The Therapists limited their deposition testimony to the treatment summaries that were previously provided.

Notwithstanding the cases cited by Leo Palace, there are cases which take a very direct and opposite view on the discovery of psychotherapy records and notes. The United States Supreme Court in *Jaffee v. Redmond*, 518 U.S. 1 (1996) recognized, pursuant to Rule 501 of the Federal Rules of Evidence that, an absolute privilege for confidential communications between the patient

1    and his psychotherapists during the course of treatment. In that case, the administrator for the Estate

2    of Ricky Allen was attempting to get the psychotherapist's records and notes of an off-duty police

3    officer who had shot and killed Allen. The Supreme Court stated that Rule 501 of the Federal Rules

4    of Evidence is a matter of evolutionary development of testimonial privilege. In *Jaffee*, the Court

5    was confronted with the question of whether a privilege protecting confidential communications

6    between a psychotherapist and her patient promotes sufficiently important interest to outweigh the

7    need for probative evidence. The court noted that the privilege is rooted and the imperative need for

8    confidence and trust. Effective psychotherapy treatment "depends upon an atmosphere of confidence

9    and trust in which the patient is willing to make a frank and complete disclosure of facts, emotions,

10   memories, and fears. Because of the sensitive nature of the problems for which individuals consult

11   psychotherapists, disclosure of confidential communications made during counseling sessions may

12   cause embarrassment or disgrace. For this reason, the mere possibility of disclosure may impede

13   development of the confidential relationship necessary for successful treatment." *Id.* at P. 10.

14          The court went on to say that "the psychotherapist privilege serves the public interest by

15   facilitating the provision of appropriate treatment for individuals suffering the effects of a mental

16   or emotional problem. The mental health of our citizenry, no less than its physical health, is a public

17   good of transcendent importance." *Jaffee* at P. 11. The court also found that the psychotherapist's

18   privilege not only covers confidential communications made to licensed psychiatrist and

19   psychologists but also to confidential communications made to licensed social workers made in the

20   course of psychotherapy. *Id.* at page 15. The Court in further discussing the privilege stated,

21   "making the promise of confidentiality contingent upon a trial judge's later evaluation of the relative

22   importance of the patient's interest in privacy and the evidentiary need for disclosure would

23   eviscerate the effectiveness of the privilege. As we explained in *Upjohn Company v. United States*,

449 U.S. 383 (1981), if the purpose of the privilege is to be served, the participants in the confidential conversations "must be able to predict with some degree of certainty whether particular discussions would be protected. An uncertain privilege, or one which purports to be certain but result in widely varying applications by the court, is little better than no privilege at all." *Id.* at P. 17-18.

The Plaintiff-Intervenors are asserting claims for emotional distress but have not alleged any grave particular harm they have suffered. In *Kunstler v. City of New York* 2006 WL 2516625, the court reviewed the Defendant's Motion to Compel Medical Disclosures including mental health treatment records. In that case, Plaintiffs had not waived their privilege and were refusing to disclose the requested information. "If the plaintiff contends that he has suffered a serious psychological injury-that is, the inducement or aggravation of a diagnosable dysfunction or equivalent injury-he will typically be deemed to have waived the privilege. Citations omitted. If, as is more common, the Plaintiff seeks compensation for less acute forms of distress-frequently referred to as "garden variety" emotional distress claims-the courts have not provided a consistent response to the argument that such a demand for relief triggers a waiver, although most have rejected the notion of an automatic waiver." *Id.* at P. 7.

In our case, the Plaintiff-Intervenors executed a wavier and do not object to the disclosures of treatment records or notes that were a result of the care they received for the unlawful treatment they endured at the hands of the Defendant. However, in this case the Defendant is seeking any and all records and notes.

The Court in *Kunstler*, quoting *United States v. Brizerian*, 926 F.2d 1285 (2nd Cir. 1991) stated "to take a prototypical example, if a patient is a victim of a defendant's misconduct, and she asserts that she suffered emotional distress as a result, she may well be seeking compensation for

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTNA, GUAM 96910
TELEPHONE: (671) 477-9891-4

nothing more than the distress that any healthy, well adjusted person would likely feel as a result of being so victimized." In such a circumstance, the fact that the plaintiff is in treatment for the condition unrelated to the distress that was triggered by the misconduct does not, by itself, provide a basis for suggesting either that the treatment is an issue as a result of the plaintiff's claim or that access to treatment records is in any sense vital or even significant for evaluating such a claim.

Plaintiff-Intervenors have all been deposed and have answered all questions asked of them relative to the treatment they received by their therapists. Plaintiff-Intervenors have no objection to the disclosure of their treatment records and notes for the treatment related to the unlawful employment actions of the Defendant but they do object to records and notes relevant to tretment they have received related to other psychotherapy matters. The therapists refused to disclose any of the records of the Plaintiff-Intervenors arguing that such disclosure would further victimize the Plaintiff-Intervenors and jeopardize the psychotherapist-patient relationship that they maintain with the Plaintiff-Intervenors.

Rule 26(c) of the Federal Rules of Civil Procedure authorized the Court, for good cause shown,

> ...[to] make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense, including one or more of the following... (4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters. The Court has brought discretion to tailor discovery to the needs of the case and the interest of the discovered party. *Laxalt v. McClatchy*, 809 F.2d 885 (D.C. Cir. 1987).

The court, in its discretion, is authorized by this subsection to fashion a set of limitations that allows as much relevant information to be discovered as possible while preventing unnecessary intrusions into the legitimate interest - including privacy and other confidentiality interest - that might be harmed by the release of materials sought. *Pierson v. Miller*, 211 F.3d 57, 65 (3rd Cir.

1   2000). Thus, the Court has full discretion to modify or deny Defendant's Motion.

2   **B.   *Alternatively if the Court Orders Production of the Records it Should be Limited***

3   ***in Scope.***

4   In ***Doe v. Chula Vista, 196 F.R.D. 562 (S.D. Cal 1999)***, the court discussed that while

5   production may be ordered the court did not suggest that the scope of discovery is unlimited. For

6   example, one district court found that plaintiff had waived the psychotherapist-patient privilege by

7   seeking emotional distress damages in her employment discrimination suit after she had been

8   sexually assaulted at work. ***Vasconcellos v. Cybex Int'l, Inc., 962 F.Supp. 701 (D.Md.1997).***

9   Nonetheless, the district court narrowed the scope of discovery. The court acknowledged that

10  plaintiff had raised serious concerns that the disclosures would adversely affect her treatment by

11  destroying the confidentiality of her relationship with her therapist.  In light of the policy concerns

12  behind the privilege, the court found that plaintiff had "a right to have discovery *limited to*

13  *information that is directly relevant to the lawsuit.*" ***Id. at 709*** (emphasis added). The court would

14  prevent defendants from conducting a "fishing expedition" and would limit the scope of inquiry to

15  whether, and to what extent, the alleged misconduct caused plaintiff to suffer emotional harm. *Id.*

16  Moreover, the court agreed that the scope of discovery into this sensitive area should be limited and

17  confined to that information that is essential to a fair trial.

18  In the present matter, Defendants have taken an " all or nothing" approach to this discovery

19  dispute. Either Plaintiff-Intervenors produce all of their records or dismiss their emotional distress

20  claims.  That position does not respect the psychotherapist-patient privilege nor does it advance the

21  resolution of this matter. Plaintiff-Intervenors contend that this request should be narrowly tailored

22  to the particular area of Plaintiff-Intervenors emotional health.  These restrictions should ensure that

23  Plaintiff-Intervenors' privacy interests are not unduly burdened by the litigation that was brought

**TEKER TORRES & TEKER, P.C.**
SUITE 2A, 130 ASPINALL AVENUE
HAGÁTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4

1  to vindicate their legal rights. As such, if the court orders production of these records, then the order

2  should be limited to information that is directly relevant to the lawsuit.

3  ## II.     MOTION TO DISMISS/EMOTIONAL DISTRESS CLAIMS.

4  Plaintiff-Interveners oppose Defendant's Motion to Dismiss/Emotional Distress Claims and

5  adopt the opposition filed by the Equal Employment Opportunity Commission.

6  ## III.    DEFENDANT'S MOTION TO EXTEND DISCOVERY COMPLETION DEADLINE.

7

8  Plaintiff-Intervenors oppose the Defendant's Motion to Extend Discovery Completion

9  Deadline to permit the Defendant time to designate a rebuttal medical expert.  Defendant does not

10  substantiate good cause for the extension of the deadline and Plaintiff-Intervenors adopt the

11  opposition filed by the Equal Employment Opportunity Commission.

12  ## IV.    DEFENDANT'S MOTION FOR AN INDEPENDENT MEDICAL EXAMINATION OF THE PLAINTIFF-

13  INTERVENORS.

14  Plaintiff-Intervenors object to Defendant's Motion for an Independent Medical Examination

15  and adopt the arguments of the Equal Employment Opportunity Commission.  In addition, the

16  Defendant is required to demonstrate good cause for an independent mental health examination of

17  the Plaintiff-Intervenors.  Defendant argues that by placing their mental condition at issue, the

18  Plaintiff-Intervenors have waived their psychotherapists-patient privilege.  As outlined above, there

19  is great dispute as to whether or not such a waiver exists.  The Supreme Court however, has made

20  it clear that the psychotherapist-patient privilege is absolute.

21  In this case, the Defendant had the opportunity to conduct a full and complete deposition of

22  the Plaintiff-Intervenors and received answer to all of its questions.  The Plaintiff-Intervenors did

23  not oppose the disclosure of the treatment notes and records for the care they received related to their

1 | Leo Palace employment. Defendant has already received the treatment summaries from the

2 | therapists. The fact that the Plaintiff-Intervenors claim emotional distress damages does not, in and

3 | of itself, automatically allow an independent medical examination pursuant to F.R.C.P. Rule 35(a).

4 | Defendant states that "Plaintiff-Intervenors only went to see the therapists because their attorney

5 | suggested it." Defendant further states "Plaintiff-Intervenors emotional distress claims have always

6 | been suspicious." Such self-serving statements do not constitute good cause for an independent

7 | medical examination and Defendant has failed to articulate why or how such claims are suspicious.

8 | In stating that the emotional distress claims of Plaintiff-Intervenors are suspicious, Defendant ignores

9 | the allegations and evidentiary testimony that Plaintiff-Intervenors were subjected to a hostile work

10 | environment and unlawful conduct for more than two (2) months. Thus, in the absence of good

11 | cause, Defendant's Motion should be denied.

12 | **V.    CONCLUSION.**

13 | Plaintiff-Intervenors object to Plaintiff's Motions filed herein. For the reasons set forth

14 | above, Plaintiff-Intervenors respectfully request that all of Defendant's Motion's be denied.

15 | ***Respectfully submitted*** this 15th day of August, 2007.

16 | TEKER, TORRES & TEKER, P.C.

18 | By: _____
PHILLIP TORRES, ESQ.

19 | Attorneys for Plaintiff-Intervenors,
*Jennifer Holbrook, Rosemarie*

20 | *Taimanglo and Viviene Villanueva*

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4

**CERTIFICATE OF SERVICE**

I, Phillip Torres, Esq., declare as follows:

1.      I am over the age of majority and am competent to testify regarding the matters stated herein.

2.      I hereby certify that on August 15, 2007, Plaintiff-Intervenors' Opposition to Defendant's Motion to Compel Testimony and Production of Documents; Motion to Extend Discovery Completion Deadline; and Motion for Independent Medical Examination was served by hand delivery on Defendant's counsel, DOOLEY ROBERTS & FOWLER, LLP, Suite 201, Orlean Pacific Plaza, 865 South Marine Drive, Tamuning, Guam 96911.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this 15th day of August, 2007.

_____
**PHILLIP TORRES**

H:\COMMON\USERS\CLIENT FOLDERS\#PLEADINGS\HOLBROOK, JENNIFER - EEOC\016 OPPOSITION RE COMPEL, etc.wpd