Dooley Roberts & Fowler LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Corps Drive
Tamuning, Guam 96913
Telephone (671) 646-1222
Facsimile (671) 646-1223



Attorneys for Defendant LeoPalace Resort

IN THE DISTRICT COURT
OF GUAM

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br>vs.<br><br>LEO PALACE RESORT,<br><br>Defendant.<br><br>JENNIFER HOLBROOK, VIVIENE VILLANUEVA and ROSEMARIE TAIMANGLO,<br><br>Plaintiff-Intervenors,<br>vs.<br><br>MDI GUAM CORPORATION dba LEO PALACE RESORT MANENGGON HILLS and DOES 1 through 10,<br><br>Defendants. | CASE NO. 1:06-CV-00028<br><br><br><br><br><br><br><br><br>**DECLARATION OF TIM ROBERTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT** |

I, **Tim Roberts**, declare under penalty of perjury as follows:

1. I am the attorney for Defendant LeoPalace Resort. I have personal knowledge of the matters stated herein, and if called, I could and would testify truthfully thereto.



2. Attached hereto as Exhibit 1 is a true and correct copy of the December 27, 2005 EEOC Determination letter regarding Rose Taimanglo.

3. Attached hereto as Exhibit 2 is a true and correct copy of the December 27, 2005 EEOC Determination letter regarding Vivienne Villanueva.

4. Attached hereto as Exhibit 3 is a true and correct copy of the December 27, 2005 EEOC Determination letter regarding Jennifer Holbrook.

5. Attached hereto as Exhibit 4 is a true and correct copy of pages 129 through 130 of the transcript of the deposition of Yutaka Maruyama.

Under penalty of perjury I declare that the foregoing is true and correct.

Executed this 10th day of September, 2007 in Tamuning, Guam.

**TIM ROBERTS**

F:\Documents\TLR (07-04)\M108\M108-330\M108-330.PSJM-TR Dec



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## Honolulu Local Office

300 Ala Moana Boulevard, Room 7-127
P. O. Box 50082
Honolulu, HI 96850-0051
(808) 541-3120
TTY (808) 541-3131
FAX (808) 541-3390

*EEOC Charge No. 378-2005-00176*

Rosemarie Taimanglo
463 Pale Ferdinan Way
Santa Rita, Guam 96915-1605                    *Charging Party*


LEO PALACE RESORT
221 Lakeview Drive
Yona, Guam 96915                                *Respondent*


## DETERMINATION

Under the authority vested in me by the Equal Employment Opportunity Commission ("EEOC" or "the Commission"), I issue the following determination as to the merits of the subject charge filed under the Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"). All requirements for coverage have been met.

Charging Party alleges she was subjected to sexual harassment because of her sex, female. Charging Party also alleges that Respondent discriminated against her because of her national origin, Filipina. After she complained of sexual harassment, Charging Party alleges that she was subjected to retaliation and constructively discharged.

Respondent denies that it has discriminated against the Charging Party.

Based on the Commission's investigation, the Commission is unable to conclude that the information obtained, with respect to Charging Party's allegations of retaliation, constructive discharge, and national origin discrimination, establishes a violation of the statute. This does not certify that Respondent is in compliance with the statute.

The evidence of record indicates that the Charging Party and females as a class were subjected to sexual harassment. Respondent was aware of the sexual harassment, but failed to take appropriate corrective action. As a result, Charging Party and other females were subjected to further harassment.

Based on the record of evidence, I have determined that there is reasonable cause to believe that Charging Party and females as a class were subjected to sexual harassment because of their sex, female.

EXHIBIT 1

LETTER OF DETERMINATION
EEOC Charge No. 378-2005-00176
Page 2

Upon finding that there is reasonable cause to believe that a violation has occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation.

Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter. The confidentiality provisions of Title VII and Commission regulations apply to information obtained during the conciliation.

When the Respondent declines to enter into settlement discussions, or when the Commission's representative, for any other reason, is unable to secure a settlement acceptable to the District Director, the Director shall so inform the parties and advise them of the court enforcement alternatives available to the aggrieved person and to the Commission. A Commission representative will contact each party in the near future to begin conciliation.

You are reminded that Federal law prohibits retaliation against persons who have exercised their right to inquire or complain about matters they believe may violate the law. Discrimination against persons who have cooperated in Commission investigations is also prohibited. These protections apply regardless of the Commission's determination on the merits of the charge.

On Behalf of the Commission:

12-27-05
Date

H. Joan Ehrlich
District Director



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Honolulu Local Office

300 Ala Moana Boulevard, Room 7-127
P. O. Box 50082
Honolulu, HI 96850-0051
(808) 541-3120
TTY (808) 541-3131
FAX (808) 541-3390

EEOC Charge No. 378-2005-00174

Viviene Villanueva
P.O. Box 4709
Hagatna, Guam 96932

Charging Party

LEO PALACE RESORT
221 Lakeview Drive
Yona, Guam 96915

Respondent

## DETERMINATION

Under the authority vested in me by the Equal Employment Opportunity Commission ("EEOC" or "the Commission"), I issue the following determination as to the merits of the subject charge filed under the Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"). All requirements for coverage have been met.

Charging Party alleges she was subjected to sexual harassment because of her sex, female. After she complained of sexual harassment, Charging Party alleges that she was subjected to retaliation and constructively discharged.

Respondent denies that it has discriminated against the Charging Party.

Based on the Commission's investigation, the Commission is unable to conclude that the information obtained, with respect to Charging Party's allegations of retaliation and constructive discharge, establishes a violation of the statute. This does not certify that Respondent is in compliance with the statute.

The evidence of record indicates that the Charging Party and females as a class were subjected to sexual harassment. Respondent was aware of the sexual harassment, but failed to take appropriate corrective action. As a result, Charging Party and other females were subjected to further harassment.

Based on the record of evidence, I have determined that there is reasonable cause to believe that Charging Party and females as a class were subjected to sexual harassment because of their sex, female.

**EXHIBIT 2**

Letter of Determination
EEOC Charge No. 378-2005-00174
Page 2

Upon finding that there is reasonable cause to believe that a violation has occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation.

Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter. The confidentiality provisions of Title VII and Commission regulations apply to information obtained during the conciliation.

When the Respondent declines to enter into settlement discussions, or when the Commission's representative, for any other reason, is unable to secure a settlement acceptable to the District Director, the Director shall so inform the parties and advise them of the court enforcement alternatives available to the aggrieved person and to the Commission. A Commission representative will contact each party in the near future to begin conciliation.

You are reminded that Federal law prohibits retaliation against persons who have exercised their right to inquire or complain about matters they believe may violate the law. Discrimination against persons who have cooperated in Commission investigations is also prohibited. These protections apply regardless of the Commission's determination on the merits of the charge.

On Behalf of the Commission:

12-27-05
Date

H. Joan Ehrlich
District Director



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Honolulu Local Office

300 Ala Moana Boulevard, Room 7-127
P. O. Box 50082
Honolulu, HI 96850-0051
(808) 541-3120
TTY (808) 541-3131
FAX (808) 541-3390

*EEOC Charge No. 378-2005-00175*

Jennifer Holbrook
P.O. Box 315734
Tamuning, Guam 96931

Charging Party

LEO PALACE RESORT
221 Lakeview Drive
Yona, Guam 96915

Respondent

## DETERMINATION

Under the authority vested in me by the Equal Employment Opportunity Commission ("EEOC" or "the Commission"), I issue the following determination as to the merits of the subject charge filed under the Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"). All requirements for coverage have been met.

Charging Party alleges she was subjected to sexual harassment because of her sex, female.

Respondent denies that it has discriminated against the Charging Party.

The evidence indicates that the Charging Party and females as a class were subjected to sexual harassment. Respondent was aware of the sexual harassment, but failed to take appropriate corrective action. As a result, Charging Party and other females were subjected to further sexual harassment.

In regard to the like and related issues of intimidation and retaliation, the evidence also shows that Charging Party was subjected to intimidation in retaliation for complaining about sexual harassment. Lastly, Charging Party was constructively discharged in retaliation for complaining about discrimination and because of her sex.

Based on the record of evidence, I have determined that there is reasonable cause to believe that Charging Party and females as a class were subjected to sexual harassment because of their sex, female. In addition, I have determined that Charging Party was subjected to intimidation and constructively discharged.

EXHIBIT 3

LETTER OF DETERMINATION
EEOC CHARGE NO. 378-2005-00175
PAGE 3

Upon finding that there is reasonable cause to believe that a violation has occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation.

Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter. The confidentiality provisions of Title VII and Commission regulations apply to information obtained during the conciliation.

When the Respondent declines to enter into settlement discussions, or when the Commission's representative, for any other reason, is unable to secure a settlement acceptable to the District Director, the Director shall so inform the parties and advise them of the court enforcement alternatives available to the aggrieved person and to the Commission. A Commission representative will contact each party in the near future to begin conciliation.

You are reminded that Federal law prohibits retaliation against persons who have exercised their right to inquire or complain about matters they believe may violate the law. Discrimination against persons who have cooperated in Commission investigations is also prohibited. These protections apply regardless of the Commission's determination on the merits of the charge.

On Behalf of the Commission:

12-27-05
Date

H. Joan Ehrlich
District Director

```
                UNITED STATES DISTRICT COURT
                      DISTRICT OF GUAM

U.S. EQUAL EMPLOYMENT          )  CASE NO. 1:06-CV-00028
OPPORTUNITY COMMISSION,        )
                               )
        Plaintiff,             )
                               )
          vs.                  )
                               )
LEO PALACE RESORT,             )
                               )
        Defendant.             )
_____)
                               )
JENNIFER HOLBROOK, VIVIENE     )
VILLANUEVA, and ROSEMARIE      )
TAIMANGLO,                     )
                               )
        Plaintiff-Intervenors, )
                               )
          vs.                  )
                               )
LEO PALACE RESORT,             )
                               )
        Defendant.             )
_____)
```

DEPOSITION TRANSCRIPT

OF

# YUTAKA MARUYAMA

March 16, 2007

PREPARED BY: GEORGE B. CASTRO
**DEPO RESOURCES**
#49 Anacoco Lane
Nimitz Hill Estates
Piti, Guam 96915
Tel:(671)688-**DEPO** * Fax:(671)472-3094

COPY

RECEIVED APR 17 2007
DOOLEY ROBERTS & FOWLER LLP

EXHIBIT 4

```
1    Q    Would you talk to her on a daily basis?
2    A    Daily -- often, I should say.
3    Q    Okay.  Did you talk to Rose on a daily
4  basis or thereabouts?
5    A    Yeah, not -- less than Jennifer, but I
6  didn't mind to have conversation with all the
7  local employees.  I'm kind of a talkative GM.
8    Q    Okay.  Same thing with Viviene?
9    A    Yes.
10   Q    How about after August the 16th, after
11 you had that conversation when you were
12 disappointed; did you continue to talk to them
13 on a daily basis?
14   A    I greeted, but I think occasions of
15 communication become less.
16   Q    And why was that?
17   A    Why?  Because -- well, I think I -- I
18 pass the lobby every morning, and when I saw
19 them I greeted and that's continues.  We didn't
20 -- well, I think with Jennifer, I don't know
21 what we talked about.
22   Q    Wasn't it true that oftentimes you just
23 conversed with Jennifer prior to that August
24 16th discussion and subsequent to that?
25   A    Well, knowing that they're suing the
```

DEPO RESOURCES
George B. Castro
Court Reporter
Tel.(671)688-DEPO * Fax(671)472-3094

1  company and I feel that the general manager, I
2  am a part -- I'm part of the responsibility, I
3  was afraid to talk with them because they might
4  take my expression against me or something like
5  that, so honestly I was afraid to talk to them.
6     Q    In your sexual harassment training,
7  while you were at the Westin or your other
8  jobs, did you ever go through a seminar which
9  discuss retaliation?  Or retaliation is?
10    A    I don't know.  Would you explain?
11    Q    If for example, the work hours of
12 Jennifer were reduced, do you understand --
13    A    Oh, retaliation.
14    Q    -- what that means?
15    A    Yes, I understand.
16    Q    Okay.  For example, if the job duties
17 are different or expanded or reduced, do you
18 understand that to be retaliation?
19    A    Yes.
20    Q    Did you have any discussions with any
21 of your managers that they were not to engage
22 in any sort of retaliation against these three
23 plaintiffs?
24    A    I didn't know, or -- well, I didn't
25 know that there was the fact that there was