ORIGINAL

Anna Y. Park, Regional Attorney
Derek Li, Supervisory Trial Attorney
Gregory McClinton Senior Trial Attorney
Angela D. Morrison, Trial Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1068
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

333 S. Las Vegas Blvd., Suite 8112
Las Vegas, NV 89101
Telephone: (702)894-5072
Facsimile: (702)894-5094
E-mail: angela.morrison@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION




FILED
DISTRICT COURT OF GUAM

OCT 2 2 2007

JEANNE G. QUINATA
Clerk of Court

# UNITED STATES DISTRICT COURT
## DISTRICT OF GUAM

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br> Plaintiff, <br> v. <br> LEO PALACE RESORT, <br> Defendant. <br><br> JENNIFER HOLBROOK; VIVIENE VILLANUEVA; and ROSEMARIE TAIMANGLO, <br> Plaintiff-Intervenors, <br> v. <br> MDI GUAM CORPORATION d/b/a LEO PALACE RESORT MANENGGON HILLS and DOES 1 through 10, <br> Defendants. | Case No.: 2:06-CV-00028 <br><br> PLAINTIFF EEOC'S MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES |

# MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff United Stated Equal Employment Opportunity Commission hereby moves for partial summary judgment on Defendant LeoPalace's affirmative defenses. Specifically, Plaintiff moves for judgment as a matter of law and dismissal of Defendant's Affirmative Defenses 1-7, 10, 13-14, 16, 19-20, and 23 on the grounds that they are unavailable, inapplicable, or defective for failing to state an affirmative defense. The Motion is based on the following Memorandum of Points and Authorities, the attached Declaration of Angela Morrison, and the papers on file in the present action.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Leo Palace Resort's ("Leo Palace" or "Defendant") Affirmative Defenses 1-7, 10, 13-14, 16, 19-20, and 23, should be dismissed as a matter of law because they are unavailable, inapplicable, or defective for failing to state an affirmative defense. As set forth below, Defendant's Affirmative Defense 1 is unavailable to defendant because the EEOC is a plaintiff. Affirmative Defenses 3, 4, and 14 are affirmative defenses to tort and/or contract claims and are therefore inapplicable to EEOC's claims of intentional employment discrimination under Title VII. Finally, Affirmative Defenses 2, 5- 7, 10, 13, 16, 19-20, and 23 do not state affirmative defenses and instead are contentions or factual arguments that go to EEOC's prima facie case. Therefore, the EEOC requests the Court to dismiss Defendant's Affirmative Defenses 1-7, 10, 13-14, 16, 19-20, and 23.

## II. BACKGROUND

EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII of the Civil Rights Act of 1964. The EEOC represents the public interest in securing an employment environment free of discrimination, and seeks relief on behalf of the three Plaintiff-Intervenors in this suit, Jennifer Holbrook, Viviene Villanueva, and Rosemarie Taimanglo (collectively "Plaintiff-Intervenors").

EEOC brought two Title VII claims in its Complaint: (1) Defendant Leo Palace Resorts subjected Ms. Taimanglo, Ms. Holbrook, and Ms. Villanueva to a hostile work environment based on their sex; and (2) Leo Palace retaliated against Ms. Holbrook and Ms. Taimanglo, leading to their constructive discharge. (Declaration of Angela Morrison ["Morrison Decl."], Ex. 1, Complaint [Court Doc. #1] ¶¶ 7-8.) Regarding the hostile work environment claim, EEOC specifically alleged:

> From June 2004, Defendant Employer engaged in unlawful employment practices at their Yona, Guam location, in violation of Title VII, 42 U.S.C. § 2000e-2, by subjecting Viviene Villaneuva, Jennifer Holbrook, Rosemarie Taimanglo, . . . to a hostile working environment on the basis of sex. [They] were subjected to unwelcome severe and/or pervasive harassment by a female co-worker . . . that persisted despite numerous complaints of the behavior made to Defendant Employer. Defendant Employer further failed to exercise reasonable care to prevent and correct promptly the sexually harassing behavior. . . .

(*Id.* at ¶ 7.)

In its answer, Defendant alleged twenty-three affirmative defenses. The instant motion addresses the following affirmative defenses:

1. The Complaint is barred by the applicable statute(s) of limitations.
2. The Complaint fails to state a claim upon which relief can be granted.
3. EEOC claimants . . . were each contributorily negligent . . . .
4. The Claimants consented to the conduct of which they complain.
5. The Claimants encouraged the co-employee who was allegedly harassing them to engage in sexual banter.
6. The alleged harassment was mutually engaged in between the Claimants and the alleged harassing co-employee.
7. Claimant Rose Taimanlgo was the direct supervisor of the allegedly harassing co-employee and had full authority to warn and/or discipline her.

2

| | |
|---|---|
| 10. | The Claimants resigned their jobs, at Leo Palace on the advice of their attorney, not because they were constructively discharged. |
| 13. | The Claimants resigned their employment at Leo Palace after they were fully aware that LeoPalace had terminated the employee who was allegedly harassing them. |
| 14. | The Complaint's constructive discharge count is barred by the doctrine of avoidable consequences. |
| 16. | No tangible employment action was taken by Leo Palace or by any supervisor against the Claimants. |
| 19. | Leo Palace did not discriminate against the claimants on account of sex. |
| 20. | Leo Palace took no action that it would not otherwise have taken in the absence of any impermissible motivating factor. |
| 23. | Leo Palace warned and then terminated the employee who was allegedly harassing the Claimants. |

(Morrison Decl., Ex. 2, Answer of Defendant Leo Palace Resort [Court Doc. # 4].)

### III. LEGAL STANDARD

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" demonstrate "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In essence, the inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). All justifiable inferences must be viewed in the light most favorable to the non-moving party. *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

### IV. ARGUMENT

**A. The Statute of Limitations Defense is Unavailable Because EEOC is not Subject to a Statute of Limitations**

The EEOC is not subject to any statute of limitation in filing a lawsuit under Title VII. *Occidental Life Ins. Co. v. EEOC*, 432 U.S. 355, 367-373 (1977). In *Occidental Life Insurance Company*, the United States Supreme Court noted:

> the EEOC does not function simply as a vehicle for conducting litigation on behalf of private parties; it is a federal administrative agency charged with the responsibility of investigating claims of employment discrimination and settling disputes, if possible, in an informal, noncoercive fashion. Unlike the typical litigant against whom a statute of limitations might appropriately run, the EEOC is required by law to refrain from commencing a civil action until it has discharged its administrative duties.

*Id.* at 368. Accordingly, the Court found that requiring the EEOC to comply with a statue of limitations would be inconsistent with congressional intent. *Id.* at 370-71. Here, the EEOC discharged its administrative duties by providing notice of the charges to Defendant, investigating the charges, and giving Defendant an opportunity to conciliate the charges. (Morrison Decl., Ex. 2, Def. Leo Palace Resort's Responses to EEOC's Request for Admissions at 5-8.) Therefore, as a matter of law, the statute of limitations affirmative defense is unavailable to Defendant and the defense should be dismissed.

**B.  Affirmative Defenses 3, 4, and 14 are Inapplicable Because they are Affirmative Defenses to Torts and/or Contract Claims**

The Restatement (2d) Torts § 463 defines contributory negligence as "conduct on the part of the plaintiff which falls below the standard to which he should conform for his own protection, and which is a legally contributing cause co-operating with the negligence of the defendant in bringing about the plaintiff's harm." *See, e.g., Phillips v. Monday & Assocs., Inc.*, 235 F. Supp. 2d 1103, 1106 (D. Or. 2001) (applying affirmative defense of contributory fault in a tort context). Consent is a defense to battery, an intentional tort. *See, e.g., Nelson c. City of Irvine*, 143 F.3d 1196, 1207 (9th Cir. 1998). Generally, consent is "willingness in fact for conduct to occur." Restatement (2d) of

4

Torts § 892(1). The doctrine of avoidable consequences applies to "one injured by the tort of another" and states that a plaintiff "is not entitled to recover damages for any harm that he could have avoided by the use of reasonable effort or expenditure after the commission of the tort." Restatement (2d) of Torts § 918. Similarly, the doctrine of avoidable consequences is available as an affirmative defense to damages arising from a contract claim. Restatement (2d) of Contracts § 350.

Here, the EEOC alleges hostile work environment bases on sex and retaliation, which are intentional discrimination claims under Title VII. Because contributory negligence and consent are affirmative defenses to tort claims and the doctrine of avoidable consequences is an affirmative defense to tort and contract claims, these affirmative defenses are inapplicable to EEOC's claims for intentional discrimination under Title VII. Accordingly, Defendant's Affirmative Defenses 3, 4, and 14 should be dismissed as a matter of law.

### C. Affirmative Defenses 2, 5, 6, 7, 10, 13, 16, 19-20, and 23 are Contentions attacking EEOC's Causes of Action and thus Fail to State an Affirmative Defense

"Not all contentions that attack a plaintiff's cause of action are affirmative defenses. Rather, a defense is an affirmative defense if it will defeat the plaintiff's claim even where the plaintiff has stated a prima facie case for recovery under the applicable law." *Quintana v. Baca*, 233 F.R.D. 562, 564 (D. Cal. 2005) (citing *Black's Law Dictionary* 451 (8th ed. 2004)). If the defense merely negates an element of the plaintiff's prima facie case, it is not an affirmative defense within the meaning of Federal Rule of Civil Procedure 8(c). *Ford Motor Co. v. Transport Indem. Co.*, 795 F.2d 538, 546 (6th Cir. 1986) (citing 2A J. Moore & J. Lucas, *Moore's Federal Practice* ¶¶ 8.27[1], 8.27[4] (2d ed. 1985)).

To establish a prima facie claim for sexual harassment, a plaintiff must show (1) the conduct was unwelcome; (2) the conduct was because of the plaintiff's sex; (3) the conduct was so severe or pervasive as to affect the terms, conditions and privileges of

employment to create an abusive working environment. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1986). For an employer to be liable for harassment by a co-worker, the plaintiff must demonstrate that "the employer knew or should have known of the harassment but did not take adequate steps to address it." *McGinest v. GTE Serv. Co.*, 360 F.3d 1103, 1119 (9th Cir. 2004) (quotation omitted). "An employer is vicariously liable for a hostile environment created by a supervisor, although such liability is subject to an affirmative defense." *McGinest*, 360 F.3d at 1119 (citing *Nichols v. Azteca Rest. Enter., Inc.*, 256 F.3d 864, 877 (9th Cir. 2001) (citing *Faragher v. City of Boca Raton*, 524 U.S. 775, 780 (1998))). The affirmative defense requires the defendant to prove: "(a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise" *Faragher* 524 U.S. at 807. "No affirmative defense is available, however, when the supervisor's harassment culminates in a tangible employment action, such as discharge, demotion, or undesirable reassignment." *Id.* at 808.

A plaintiff demonstrates a prima facie case of retaliation under 42 U.S.C. § 2000e-3 by offering sufficient evidence to show (1) she engaged in a protected activity; (2) she suffered an adverse employment decision; and (3) a causal link between the adverse employment decision and the employee's protected activity exists. *Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1196-97 (9th Cir. 2003) (citing *Hashimoto v. Dalton*, 118 F.3d 671, 679 (9th Cir. 1997)).

Defendant's Affirmative Defenses 2, 5, 6, 7, 10, 13, 16, 19-20, and 23 state contentions that go to EEOC's elements of proof for hostile work environment based on sex and retaliation and therefore do not state an affirmative defense. Affirmative Defense 2 contends that EEOC has failed to state a claim upon which relief can be granted. This contention attempts to negate EEOC's causes of action and therefore is not an affirmative defense within the meaning of Federal Rule of Civil Procedure 8. *See Quintana*, 233 F.R.D. at 564; *United States v. 22,152 Articles of Aircraft Parts*, 590 F. Supp. 1054, 1056

6

(D. Ill. 1984). Moreover, Plaintiff's Complaint sets forth all elements of the claims based on Title VII and retaliation.

Likewise, Affirmative Defenses 5, 6, and 7 are contentions that would address EEOC's first element of proof of a hostile work environment, i.e., that the conduct was unwelcome. Affirmative Defenses 19 and 20 are contentions that would rebut the second element of Plaintiff's prima facie case for hostile work environment, i.e., that the conduct was because of sex. Affirmative Defenses 10, 13, and 16 address whether Plaintiffs suffered a tangible employment action as a result of a supervisor's harassment, an element that EEOC would be required to prove for strict liability to attach to Defendant. Finally, Affirmative Defense 23 is a factual contention that would go to whether LeoPalace is liable for co-worker harassment. Because Defendant's Affirmative Defenses 2, 5, 6, 7, 10, 13, 16, 19-20, and 23 do not state affirmative defenses under Federal Rule of Civil Procedure 8, EEOC requests the Court to dismiss those defenses.

## V. CONCLUSION

For the foregoing reasons, Plaintiff requests the Court to grant Defendant's Motion for Partial Summary Judgment and dismiss Defendant's Affirmative Defenses 1-7, 10, 13-14, 16, 19-20, and 23.

Date: October 22, 2007

United States Equal Employment
Opportunity Commission

By: _____
Angela Morrison
Attorneys for Plaintiff