Dooley Roberts & Fowler LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Corps Drive
Tamuning, Guam 96913
Telephone (671) 646-1222
Facsimile (671) 646-1223

Attorneys for Defendant LeoPalace Resort



**FILED**
DISTRICT COURT OF GUAM

OCT 22 2007

JEANNE G. QUINATA
Clerk of Court

IN THE DISTRICT COURT
OF GUAM

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br>vs.<br><br>LEO PALACE RESORT,<br><br>Defendant.<br><br>JENNIFER HOLBROOK, VIVIENE VILLANUEVA and ROSEMARIE TAIMANGLO,<br><br>Plaintiff-Intervenors,<br>vs.<br><br>MDI GUAM CORPORATION dba LEO PALACE RESORT MANENGGON HILLS and DOES 1 through 10,<br><br>Defendants. | CASE NO. 1:06-CV-00028<br><br><br><br><br><br><br><br><br><br>**DECLARATION OF TIM ROBERTS IN SUPPORT OF MOTION TO DISMISS EMOTIONAL DISTRESS CLAIMS OF PLAINTIFF-INTERVENOR HOLBROOK** |

I, **Tim Roberts**, declare under penalty of perjury as follows:

1. I am the attorney for Defendant LeoPalace Resort. I have personal knowledge of the matters stated herein, and if called, I could and would testify truthfully thereto.



2. Attached hereto as Exhibit 1 are true and correct copies of pages 17, 18, and 19 of the transcript of the July 30, 2007 deposition of Counselor Tom Babauta, at which he testified that he began counseling Plaintiff-Intervenor Jennifer Holbrook in April of 2006. At his re-noticed deposition on October 22, 2007, taken pursuant to the authority of the court's order of September 14, 2007, Counselor Babauta testified that he treated Ms. Holbrook "16 or 17 times" in April of 2006. He said she was suffering from "confusion", that she was having "relationship issues" and that she was experiencing "employment stress". He said he made handwritten notes during his sessions with Ms. Holbrook.

3. On September 14, 2007, the court ordered Counselor Babauta to produce all medical records related to his treatment of Ms. Holbrook. He purported to comply with the Court's order on September 20, 2007. Attached hereto as Exhibit 2 is a true and correct copy of a cover letter signed by Counselor Babauta which purported to include all records ordered by the Court to be produced on September 14, 2007.

4. At Counselor Babauta's re-noticed deposition on October 22, 2007, he admitted that contrary to the Court's order, he had not produced any handwritten records related to his treatment of Ms. Holbrook along with his cover letter of September 20, 2007, or any other time.

Under penalty of perjury I declare that the foregoing is true and correct.

Executed this 22nd day of October, 2007 in Tamuning, Guam.

_____
**TIM ROBERTS**

F:\Documents\TLR (07-04)\M108\M108-330\M108-330.Mtn to Dismiss Holbrook EDC-TR Dec

2
Case 1:06-cv-00028   Document 89   Filed 10/22/2007   Page 2 of 7

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>  Plaintiff,<br><br>vs.<br><br>LEO PALACE RESORT,<br><br>  Defendant.<br>JENNIFER HOLBROOK,<br>VIVIENE VILLANUEVA and<br>ROSEMARIE TAIMANGLO,<br><br>  Plaintiff-Intervenors,<br><br>vs.<br><br>MDI GUAM CORPORATION dba LEO PALACE RESORT MANENGGON HILLS and DOES 1 through 10,<br><br>  Defendants. | CASE NO. 1:06-CV-00028<br><br>COPY |

### DEPOSITION OF TOM BABAUTA

*Taken on Behalf of the Defendant*

BE IT REMEMBERED That, pursuant to the Guam Rules of Civil Procedure, the deposition of Tom Babauta was taken before Veronica F. Reilly, Certified Shorthand Reporter, on Monday, the 30th day of July 2007, at 3:30 p.m. in the Law Offices of Dooley Roberts & Fowler, 865 South Marine Corps Drive, Suite 201, Orlean Pacific Plaza, Tamuning, Guam.

Veronica F. Reilly, CSR-RPR
Certified Shorthand Reporter
Tel: 671.734.1041 * Fax: 671.734.1045
E-mail: veronica_reilly@hotmail.com

EXHIBIT 1

Case 1:06-cv-00028   Document 89   Filed 10/22/2007   Page 3 of 7

difficulty with -- she felt like there were a lot of things in her environment and her life that were unstable and she -- from professional kind of decisions to personal decisions and she felt just really confused, depressed and anxious.

Q. How long had it been since Jennifer had been treated by Dr. Perez before she first saw you on, I guess, April 8, 2006?

A. I'm not sure. Dr. Perez has her own records. Even though we share the same office, we don't share the same medical record. So I mean, that's how confidential things are. So even if Jennifer wanted me to get information from Dr. Perez, she would have to have me -- a release of information.

So when Jennifer requested to work with me just as kind of a little bit of a change, I'm not exactly sure when the last time she saw Dr. Perez was, but I started working with her on April 8 and I haven't seen Perez's -- or Dr. Iyechad's treatment summary. So I don't know when her -- the last time she saw her.

Q. I do have her treatment summary. It's attached to Exhibit 5. And the second page, she wrote, she was seen for five sessions between the months of August 2004 and April 2005.

A. Okay. So I saw her a year later.

Q. And what was the source of all her confusion and

other symptoms that she presented with when she first came to see you in April of 2006?

A.  Well, she felt like after the incident up at Leo Palace and after everything kind of crumbling around her, that that was the starting point. So again, I didn't start working with her until April 2006. But that's her perception, that at that point, things just started to kind of deteriorate in different areas of her life and she was just having trouble with anxiety and depression and second guessing her decisions. So many times she would make a decision and then -- on a major life event and then feel like no, I made the wrong choice. So she was flip-flopping back and forth and that was the reason she decided to come in and see me.

Q.  Was she having relationship problems?

A.  Yes, sir.

Q.  With whom?

A.  With -- I don't have his name here, but she has -- I don't know she's still with the gentleman but I believe his name is...Eddie Pelkey.

Q.  She mentioned his name in her deposition. It's Eddie Pelkey. And do you remember what her problem was with Eddie Pelkey when you were seeing her?

A.  Basically -- Let me just make sure that's in the scope here, because -- (Witness read document.)

1  Q. It's not mentioned in your summary report, just in
2  case that helps you any.
3  A. Yeah, I'm just kind of concerned because she did
4  revoke regarding her other areas and she wanted it to be
5  specific to the case.
6  Q. I know, I'll be fair. I need to get you on the
7  record saying I will or I won't answer those questions.
8  A. For the record, I won't answer the questions related
9  to the relationship issues other than pointing to the fact
10 that she believed that a lot of the relationship issues
11 stemmed from the stress that she had undergone.
12 Q. Okay. Your testimony is you're only willing to
13 testify about the matters discussed in your treatment summary
14 dated March 19?
15 A. Yes.
16 Q. And that's because you have an understanding that
17 Ms. Holbrook has not authorized you to talk about anything
18 else that might be going on in her life, right?
19 A. Yes.
20 Q. Did you get that through Lilli Perez?
21 A. Yes.
22 Q. But you didn't speak with Ms. Holbrook herself?
23 A. No, sir.
24 Q. In general, when you are taking notes in sessions
25 with a client, these notes, do they help you make a diagnosis



**Family Pacific**
Licensed Individual
Marriage & Family Therapists
Play Therapists

Lilli Perez Iyechad
PhD, RPT-S

LisaLinda Natividad
LCSW, QCSW

Tom V.C. Babauta
MSW, QCSW

Tricia A. Lizama
MSW, QCSW

August 31, 2007

Dooley Roberts & Fowler LLP
Suit 201, Orlean Pacific Plaza
865 South Marine corps Drive
Tamuning, Guam 96913

Attn: Tim Roberts, Esq.

Subject: Acknowledgement of Receipt of Records
Holbrook, Jennifer
Taimanglo, Rosemarie
Villanueva, Viviene

Request for Disposal of Confidential Records
District Court of Guam Case No. 1:06-CV-00028

**RECEIVED SEP 20 2007 9:50 DOOLEY ROBERTS & FOWLER LLP**

Greetings Attorney Roberts,

The accompanying records are provided to you in response to the order to produce documents relative to emotional distress. Please note that I had conversed with Attorney Phil Torres on the matter of the records and he assured me that you and he would facilitate the proper disposal of the records. Such copies should be shredded to ensure confidentiality.

Attorney Torres further noted that copies of the records would be made in the event that an 'expert' will review the records for a secondary analysis. I remind you that the records were written for us, as therapists the content of which should not be taken out of context.

I wish to reiterate that the females involved feel that the personal information contained in these files goes beyond the interest of this case. I trust that you will honor the belief of confidentiality in the therapeutic relationship as it parallels in part, the confidential nature of the relationship between an attorney and his clientele.

Sincerely,

Lilli Perez Iyechad, PhD

Tom VC Babauta, MSW

**Address:**
Reflection Center, Suite 102
222 Chalan Santo Papa,
Hagåtña, Guam 96910
**Phone:** (671) 477-5715
**Fax:** (671) 477-5714
**Email:** fampac@ite.net
**Website:** www.familypacific.org

EXHIBIT 2