Dooley Roberts & Fowler LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Corps Drive
Tamuning, Guam 96913
Telephone (671) 646-1222
Facsimile (671) 646-1223

Attorneys for Defendant LeoPalace Resort



**FILED**
DISTRICT COURT OF GUAM

OCT 22 2007

JEANNE G. QUINATA
Clerk of Court

IN THE DISTRICT COURT

OF GUAM

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br>vs.<br><br>LEO PALACE RESORT,<br><br>    Defendant.<br><hr>JENNIFER HOLBROOK,<br>VIVIENE VILLANUEVA and<br>ROSEMARIE TAIMANGLO,<br><br>    Plaintiff-Intervenors,<br>vs.<br><br>MDI GUAM CORPORATION dba LEO PALACE RESORT MANENGGON HILLS and DOES 1 through 10,<br><br>    Defendants. | CASE NO. 1:06-CV-00028<br><br><br><br><br><br><br><br>**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS EMOTIONAL DISTRESS CLAIMS OF PLAINTIFF-INTERVENOR HOLBROOK** |

The court's order of September 14, 2006 unambiguously provided as follows:

> Leopalace's motion to compel is granted. Plaintiff-Intervenors through their therapists are ordered to produce, not later than 4:00 p.m. on the third (3rd) day after their receipt of this Order, all medical


records in their possession, including without limitation handwritten notes, related to any of the Plaintiff-Intervenors in this case. Leopalace may re-depose these therapists in connection with these medical records within a reasonable time, but may not re-depose Plaintiff-Intervenors.

Ms. Holbrook's counselor began counseling her in April of 2006. Declaration of Tim Roberts ("Roberts Dec."), ¶ 2, Exhibit 1. He testified that he saw Ms. Holbrook "16 or 17 times" in and after April of 2006. Roberts Dec., ¶ 2.

When the therapists purported to comply with the court's order on September 20, 2007, Ms. Holbrook's counselor produced no handwritten notes related to his treatment of Ms. Holbrook. Roberts Dec., ¶¶ 3, 4. At his re-noticed deposition on October 22nd, 2007, Ms. Holbrook's counselor admitted that he had therapy records in his possession that he generated as a result of his treatment of Ms. Holbrook that he had not produced in response to the court's order of September 12, 2007. Id. That is, they were withheld.

The court agreed at the August 29, 2007 hearing on Leopalace's motion to compel that in the event Plaintiff-Intervenors failed to turn over all subpoenaed records in response to a court order, it might very well be appropriate to dismiss their emotional distress claims at that time. This is why the court's order provided:

> Leopalace's alternative motion to preclude emotional distress claims
> is premature and is therefore denied without prejudice.

Leopalace has tried everything in its legal power to obtain Plaintiff-Intervenors' therapy records, which are vital to its defense. It has been thwarted time and again. The court needs to send a message to litigants who invoke the jurisdiction of the Federal District Court of Guam that court-authorized discovery requests, court-issued subpoenas, and court orders compelling the

production of documents mean something. Plaintiff-Intervenor Jennifer Holbrook's emotional distress claims should be dismissed with prejudice.

Dated this 22nd day of October, 2007.

                                         DOOLEY ROBERTS & FOWLER LLP

                                         By _____
                                                   **TIM ROBERTS**
                                                   Attorneys for Defendant