TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4
FACSIMILE: (671) 472-2601

Attorneys for Plaintiff-Intervenors,
*Jennifer Holbrook, Rosemarie
Taimanglo and Viviene Villanueva*

FILED
DISTRICT COURT OF GUAM
OCT 26 2007
JEANNE G. QUINATA
Clerk of Court

IN THE DISTRICT COURT OF GUAM

----------

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CIVIL CASE NO. 06-00028 |
| Plaintiff, | |
| vs. | |
| LEO PALACE RESORT, | |
| Defendant. | |
| JENNIFER HOLBROOK, VIVIENE VILLANUEVA and ROSEMARIE TAIMANGLO, | PLAINTIFF-INTERVENORS' MOTION FOR LEAVE TO FILE SUR-REPLY IN SUPPORT OF THE EEOC'S OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT |
| Plaintiff-Intervenors, | |
| vs. | |
| MDI GUAM CORPORATION dba LEO PALACE RESORT MANENGGON HILLS and DOES 1 through 10, | |
| Defendant. | |

----------

///

ORIGINAL

NOW COMES Plaintiff-Intervenors in the above-captioned case, JENNIFER HOLBROOK, VIVIENE VILLANUEVA and ROSEMARIE TAIMANGLO, and respectfully move this Honorable Court for leave to file herewith a Sur-Reply in Support of the EEOC's Opposition to Defendant's Motion for Partial Summary Judgment.

Local Rule 7.1 which governs motion practice is silent as to the applicability to file a Sur-Reply. Plaintiff-Intervenors think the Sur-Reply will assist the Court in evaluating the issues raised by Defendant Leo Palace in its Reply Brief and should be afforded the opportunity to do so. Thus, the proposed Sur-Reply that Plaintiff-Intervenors seek to file (submitted herewith) will address these issues and complete the record for the Court's review.

For these reasons, Plaintiff-Intervenors respectfully asks that this motion be granted.

Respectfully submitted this 26th day of October, 2007.

**TEKER, TORRES & TEKER, P.C.**

By: _____
PHILLIP TORRES, ESQ.
Attorneys for Plaintiff-Intervenors,
*Jennifer Holbrook, Rosemarie Taimanglo and Viviene Villanueva*

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4
FACSIMILE: (671) 472-2601

FILED
DISTRICT COURT OF GUAM
OCT 26 2007
JEANNE G. QUINATA
Clerk of Court

Attorneys for Plaintiff-Intervenors,
*Jennifer Holbrook, Rosemarie
Taimanglo and Viviene Villanueva*

IN THE DISTRICT COURT OF GUAM

----------

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>LEO PALACE RESORT,<br><br>Defendant. | CIVIL CASE NO. 06-00028 |
| JENNIFER HOLBROOK, VIVIENE VILLANUEVA and ROSEMARIE TAIMANGLO,<br><br>Plaintiff-Intervenors,<br><br>vs.<br><br>MDI GUAM CORPORATION dba LEO PALACE RESORT MANENGGON HILLS and DOES 1 through 10,<br><br>Defendant. | **PLAINTIFF-INTERVENORS' SUR-REPLY TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGEMENT** |

----------

///

ORIGINAL

Plaintiff-Intervenors in the above-captioned case, JENNIFER HOLBROOK, VIVIENE VILLANUEVA and ROSEMARIE TAIMANGLO, through undersigned counsel, hereby file their Sur-Reply to Defendants Reply to Plaintiffs Opposition to the Motion for Partial Summary Judgment filed on September 24, 2007.

I.

**A GENUINE ISSUE OF MATERIAL FACT EXISTS THAT DEFENDANT CREATED A HOSTILE WORK ENVIRONMENT, RETALIATED AGAINST PLAINTIFF-INTERVENORS AND CONSTRUCTIVELY TERMINATED THEM.**

In its Reply brief, Defendant minimizes the damage caused to Plaintiff-Intervenors at the hands of management of Leo Palace. They attempt to simplify the hostile work environment created by the failure of Leo Palace to take any steps to remedy the sexual harassment situation they created by stating that "most jobs aren't fun" and "most bosses are not nice" and "reasonable people know this". (Reply Brief P.5) Further, they state that legally speaking the Plaintiff- Intervenors were only entitled to come to work, do their jobs and get paid.

Defendant does not deny that Plaintiff-Intervenors suffered repeated incidents of sexual harassment. Defendant does not deny that after the sexual harassment claims were reported they failed to investigate and failed to take any action. What they are denying is that after Camacho was fired, that Plaintiff-Intervenors continued to be subjected to a hostile work environment created by defendant. Also, defendant denies that they retaliated against Plaintiff-Intervenors and that they were constructively terminated.

The EEOC guidelines describe hostile work environment harassment as "conduct [which] has the purpose or effect of unreasonably creating an intimidating, hostile *or* offensive working environment." *Ellison v. Brady*, 924 F.2d 872, 876 (9th Cir. 1991)(citing *Rogers v. E.E.O.C.* 454

F.2d 234 (5th Cir.1971) (See also *29 CFR § 1604.11 (a)(3)*). Further, the court in *Ellison* stated that to state a claim under Title VII, sexual harassment "must be sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. *Id.* It is the harasser's conduct which must be pervasive or severe, not the alteration in the conditions of employment. *Id.* at 878. The standard applied to establish a prima facie case of hostile environment sexual harassment is what a reasonable woman would consider sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment. *Id.* at 889 *(citing Andrews v. City of Philadelphia,* 895 F.2d 611, 626. (3rd Cir. 1990). In evaluating the severity and pervasiveness of sexual harassment, we should focus on the perspective of the victim. *Ellison* at 878. If we only examined whether a reasonable person would engage in allegedly harassing conduct, we would run the risk of reinforcing the prevailing level of discrimination. Harassers could continue to harass merely because a particular discriminatory practice was common, and victims of harassment would have no remedy. *Id.*

Defendant alleges that after the sexual harassment incidents were reported and they were threatened with a lawsuit, the management of Leo Palace's treatment of the Plaintiff-Intervenors amounted to nothing more than giving them the "cold shoulder". (Reply Brief P. 2.) As articulated in *Ellison*, the court does not evaluate what the harrasser did, but instead focuses on the effect of the treatment by the harasser on a reasonable woman. In the instant matter, the proper analysis is would a reasonable woman feel that the conditions of employment were altered when after complaining of sexual harassment that her hours were reduced, she is given three days off per week instead of two (despite the resort being short staffed), she was yelled at by the manager for complaining about harassment and was no longer being considered for an administrative assistant position, all of which happened to Jennifer Holbrook and was known by the other Plaintiff-Intervenors who had to deal

with similar hostility from Leo Palace management. The Ninth Circuit would agree that Plaintiff-Intervenors' feelings of stress and emotional distress from working in what they reasonably perceived as an offensive working environment with hostility and intimidation from management, notwithstanding Camacho's termination, was a reasonable reaction to the treatment these women were subjected to at the hands of Leo Palace. Defendant is simply trying to trivialize the extent of the damage caused by the management and employees of Leo Palace. The ***Ellison*** court discussed that by acknowledging and not trivializing the effects of sexual harassment on reasonable women, courts can work towards ensuring that neither men nor women will have to "run a gauntlet of sexual abuse in return for the privilege of being allowed to work and make a living." *Ellison* at 879, 880 (citing ***Henson v. Dundee,*** 682 F.2d 897 (11th Cir. 1992)).

Plaintiff-Intervenors have clearly established that management failed to take any steps to investigate or stop the sexual harassment despite repeated complaints. When Leo Palace finally decided to take action they fired Camacho. However, they did not discipline any of the mangers who failed to take action. None of the management at Leo Palace talked to the Plaintiff-Intervenors to address any of these issues nor was there any Title VII training of management so that they would understand sexual harassment, retaliation and the employees federally protected rights. Instead, their schedules were changed and Plaintiff-Intervenors were basically shunned by the management. They were forced to work with supervisors who were treating them differently. When viewing the totality of the circumstances as they existed, reasonable women in a similar situation would feel as though the conditions of their employment were altered and offensive and they were being retaliated against. As such, the hostile work environment continued. The firing of Camacho did not remove the hostile work environment, it simply changed it. The offenders now became the managers and supervisors.

In their reply brief, Defendant discusses the content of the therapy sessions in which Ms.

1 | Taimanglo and Ms. Holbrook participated. (Reply Brief P. 3-5). Defendant argues that the women did not sufficiently describe how traumatized they were by the sexual harassment they endured. That is not relevant in determining whether a hostile work environment exists. Conduct can unreasonably interfere with work performance without causing debilitation and without seriously affecting an employees well-being. *Ellison* at 878. A hostile work environment can exist when the emotional and psychological stability of the worker is not completely destroyed. *Id.* Defendant ignores that the Plaintiff-Intervenors sought psychological treatment in August 2004 and their therapists recommended that all three take two weeks medical leave to help their psychological well being. Defendants argument that Plaintiff-Intervenors did not describe their emotional distress to their satisfaction has no bearing on the existence of a hostile work environment.

Defendant contends that Plaintiff-Intervenors were not constructively terminated. This a question of fact for the jury to decide. However, the facts will show that after Camacho was fired, Plaintiff-Intervenors continued to work for Leo Palace because they wanted to keep their jobs. They worked with the same employees and for the same managers and supervisors who initially failed to take any action to investigate their claims. As previously discussed, no training was provided to the managers and supervisors. Plaintiff-Intervenors were under an extreme amount of stress at work and felt overwhelmed. As discussed in the opposition filed by the EEOC, the Plaintiff-Intervenors thought that once Camacho was terminated the working conditions would improve. Unfortunately, due to the unlawful actions by management they did not. In fact, after receipt of the August 16, 2004 letter from Mr. Torres, Mr. Maruyama confronted Ms. Holbrook and demanded to know why she was suing the company. (EEOC Opposition P. 13:7-9). Ms. Taimanglo testified that after returning from a two week leave that was recommended by her therapist, Mr. Maruyama asked her if there were any sexual harassment reports. (EEOC Opposition P. 7:16-19). That behavior is

clearly over and above giving her the "cold shoulder". That is one of many examples cited in the Opposition filed by the EEOC of managements treatment of the Plaintiff-Intervenors. The evidence presented to date demonstrates that they had no reasonable choice but to resign. The conditions of employment had become intolerable. The sexual harassment they suffered at the hands of Camacho, the delayed action on the part of Leo Palace and the continued hostile work environment perpetuated by management left them with no choice. In discussing the way they were being treated, Ms. Holbrook testified that she "just wanted to get out of there" and Ms. Taimanglo testified that "she had enough and could not take it anymore."

## II.

## CONCLUSION

A genuine issue of material fact exists to support Plaintiff-Intervenors' claims that Defendant created a hostile work environment, they were retaliated against and constructively discharged, and thus, summary judgment is not warranted. Plaintiff-Intervenors request that Defendants Partial Motion for Summary Judgment be denied.

*Respectfully submitted* this 26th day of October, 2007.

TEKER, TORRES & TEKER, P.C.

By: _____
PHILLIP TORRES, ESQ.
Attorneys for Plaintiff-Intervenors,
*Jennifer Holbrook, Rosemarie Taimanglo and Viviene Villanueva*

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE (671) 477-9891-4