# ORIGINAL

ANNA Y. PARK, Regional Attorney
GREGORY S. MCCLINTON, Supervisory Trial Attorney
DEREK LI, Senior Trial Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, 4th Floor
Los Angeles, CA 90012
Telephone: (213) 894-1068
Facsimile: (213) 894-1301

ANGELA D. MORRISON, Trial Attorney
333 S. Las Vegas Blvd., Suite 8112
Las Vegas, NV 89101
Telephone: (702) 388-5072
Facsimile: (702) 388-5094
Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

LEONARDO M. RAPADAS
United States Attorney
MIKEL W. SCHWAB
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Tel: (671) 472-7332
Fax: (671) 472-7215

Attorneys for the United States of America

**FILED**
**DISTRICT COURT OF GUAM**

OCT 30 2007 nbo

**JEANNE G. QUINATA**
**Clerk of Court**

## UNITED STATES DISTRICT COURT

## TERRITORY OF GUAM

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br><br>Plaintiff,<br><br>vs.<br><br>LEO PALACE RESORT,<br><br><br>Defendant. | ) CIVIL CASE NO. 06-00028<br>)<br>)<br>)<br>)<br>) NOTICE OF LODGING OF<br>) ORIGINAL  SIGNATURE OF EEOC<br>) COUNSEL ANGELA MORRISON<br>)<br>)<br>)<br>)<br>)<br>) |

COMES NOW the United States and lodges with the Court, the original signature, of the

government's Declaration of Angela Morrison in Support of Plaintiff EEOC's Motion for Partial

Summary Judgment the above entitled matter, a facsimile copy of which was previously filed on
October 26, 2007.

DATED: October 30, 2007.

LEONARD M. RAPADAS
United States Attorney
Districts of Guam and NMI

BY: _____
MIKEL W. SCHWAB
Assistant U.S. Attorney

-2-

Anna Y. Park, Regional Attorney
Derek Li, Supervisory Trial Attorney
Gregory McClinton Senior Trial Attorney
Angela D. Morrison, Trial Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone:  (213) 894-1068
Facsimile:  (213) 894-1301
E-Mail:  lado.legal@eeoc.gov

333 S. Las Vegas Blvd., Suite 8112
Las Vegas, NV 89101
Telephone:  (702)894-5072
Facsimile:  (702)894-5094
E-mail:  angela.morrison@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

## DISTRICT OF GUAM

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>LEO PALACE RESORT,<br><br>Defendant.<br><br>JENNIFER HOLBROOK; VIVIENE VILLANUEVA; and ROSEMARIE TAIMANGLO,<br><br>Plaintiff-Intervenors,<br><br>v.<br><br>MDI GUAM CORPORATION d/b/a LEO PALACE RESORT MANENGGON HILLS and DOES 1 through 10,<br><br>Defendants. | Case No.: 2:06-CV-00028<br><br>DECLARATION OF ANGELA MORRISON IN SUPPORT OF PLAINTIFF EEOC'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

I, Angela D. Morrison, declare and state:

1. I am a Trial Attorney employed at the Las Vegas Local Office, Los Angeles District Office of the United States Equal Employment Opportunity Commission. I have personal knowledge of the facts stated herein, and if called as a witness to testify as to the matters stated herein, I could and would competently do so.

2. Attached hereto as Exhibit 1 is a true and correct copy of the Complaint filed by the U.S. Equal Employment Opportunity Commission [Court Doc. #1].

3. Attached hereto as Exhibit 2 is a true and correct copy of the Answer of Defendant Leo Palace Resort filed by Leo Palace Resort [Court Doc. #4].

4. Attached hereto as Exhibit 3 is a true and correct copy of Defendant LeoPalace Resort's Responses to EEOC's Request for Admission; Certificate of Service.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 21st day of September, 2007, at Las Vegas, Nevada.

Angela D. Morrison
_____
Angela D. Morrison

# Exhibit 1

# Exhibit 1

1  Anna Y. Park, CA SBN 164242
   U.S. EQUAL EMPLOYMENT
2  OPPORTUNITY COMMISSION
   255 East Temple Street, Fourth Floor
3  Los Angeles, CA 90012
   Telephone: (213) 894-1083
4  Facsimile: (213) 894-1301
   E-Mail: lado.legal@eeoc.gov
5
   Wilfredo Tungol , HI SBN 2550
6  U.S. EQUAL EMPLOYMENT
   OPPORTUNITY COMMISSION
7  300 Ala Moana Boulevard, Room 7-127
   Honolulu, HI 96850
8  Telephone: (808) 541-3121
   Facsimile: (808) 541-3390
9  E-Mail: wilfredo.tungol@eeoc.gov

10 Attorneys for Plaintiff
   U.S. EQUAL EMPLOYMENT
11 OPPORTUNITY COMMISSION

12

13                **UNITED STATES DISTRICT COURT**

14                      **DISTRICT OF GUAM**

15
   U.S. EQUAL EMPLOYMENT          )  Case No.: **06-00028**
16 OPPORTUNITY COMMISSION,        )
                                  )  **COMPLAINT—TITLE VII**
17           Plaintiff,           )     **Sexual Harassment**
                                  )     **Retaliation**
18                                )
           vs.                    )
19                                )  **JURY TRIAL DEMAND**
                                  )
20 LEO PALACE RESORT,             )
                                  )
21           Defendants.          )
                                  )
22                                )
                                  )
23                                )
                                  )
24

25          <u>**NATURE OF THE ACTION AND JURISDICTION**</u>

26     1.     This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the

27 Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and

28 retaliation, and to provide appropriate relief to Viviene Villanueva, Jennifer Holbrook,

                          **ORIGINAL**

1 Rosemarie Taimanglo and other similarly situated individuals, who were adversely affected by
2 such practices. As set forth more fully in this Complaint, Plaintiff U.S. Equal Employment
3 Opportunity Commission alleges that Viviene Villanueva, Jennifer Holbrook, Rosemarie
4 Taimanglo and other similarly situated individuals were subjected to a hostile work environment
5 on the basis of their sex, female, and that Jennifer Holbrook and Rosemarie Taimanglo were
6 retaliated against for complaining of the hostile work environment, by Defendant Leo Palace
7 Resort. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and
8 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) and Section
9 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3)
10 and § 2000e-6 ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

11 **VENUE**

12     2.     The employment practices alleged to be unlawful were and are now being
13 committed within the jurisdiction of the United States District Court for the District of Guam.

14 **PARTIES**

15     3.     Plaintiff, the U.S Equal Employment Opportunity Commission ("EEOC" or
16 "Commission"), is the agency of the United States of America charged with the administration,
17 interpretation and enforcement of Title VII, and is expressly authorized to bring this action by
18 Section 706(f)(1) and (3) and Section 707 of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3) and §
19 2000e-6.

20     4.     At all relevant times, Defendant Leo Palace Resort has continuously been a
21 corporation doing business in Guam and the City of Yona, and has continuously had at least
22 15 employees.

23     5.     At all relevant times, Defendant Employer has continuously been an employer
24 engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of
25 Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

26 **STATEMENT OF CLAIMS**

27     6.     More than thirty days prior to the institution of this lawsuit, Viviene Villanueva,
28 Jennifer Holbrook and Rosemarie Taimanglo filed charges with the Commission alleging

1  violations of Title VII by Defendant Employer. All conditions precedent to the institution of this
2  lawsuit have been fulfilled.

3         7.      From June 2004, Defendant Employer engaged in unlawful employment practices
4  at their Yona, Guam location, in violation of Title VII, 42 U.S.C. § 2000e-2, by subjecting
5  Viviene Villanueva, Jennifer Holbrook, Rosemarie Taimanglo and other similarly situated
6  individuals to a hostile working environment on the basis of sex. Viviene Villanueva, Jennifer
7  Holbrook, Rosemarie Taimanglo and other similarly situated individuals were subjected to
8  unwelcome severe and/or pervasive harassment by a female co-worker that included, but was not
9  limited to, frequent and repeated physical touching, requests for sex, and gestures and
10  commentary of a sexual nature that persisted despite numerous complaints of the behavior made
11  to Defendant Employer. Defendant Employer further failed to exercise reasonable care to
12  prevent and correct promptly the sexually harassing behavior. All three employees were
13  constructively discharged as a result.

14         8.      Beginning on or about June 2004, and continuing thereafter, Defendant
15  Employers engaged in unlawful employment practices at their Yona, Guam, location, in
16  violation of Section 704 of Title VII, 42 U.S.C. § 2000e-3 by retaliating against Jennifer
17  Holbrook and Rosemarie Taimanglo for opposing the harassment described in paragraph 9 above
18  which led to their constructive discharge. Specifically, Defendant Employers took an adverse
19  employment action against Jennifer Holbrook and Rosemarie Taimanglo by reducing hours and
20  subjecting them to discipline and failing to maintain the confidentiality of their harassment
21  complaints which led to their constructive discharge.

22         9.      The effect of the practices complained of above has been to deprive Viviene
23  Villanueva, Jennifer Holbrook, Rosemarie Taimanglo and other similarly situated individuals of
24  equal employment opportunities and otherwise adversely affect their status as an employee,
25  because of their sex, female.

26        10.     The unlawful employment practices complained of above were and are
27  intentional.

28  ///

1       11.    The unlawful employment practices complained of above were and are done with

2 malice or with reckless indifference to the federally protected rights of Viviene Villanueva,

3 Jennifer Holbrook, Rosemarie Taimanglo and other similarly situated individuals.

**PRAYER FOR RELIEF**

5     Wherefore, the Commission respectfully requests that this Court:

6     A.    Grant a permanent injunction enjoining Defendant Employer, its officers,

7 successors, assigns, and all persons in active concert or participation with them, from engaging

8 in sexual harassment, retaliation and any other employment practice which discriminates on the

9 basis of sex.

10     B.    Order Defendant Employer to institute and carry out policies, practices, and

11 programs which provide equal employment opportunities, and which eradicate the effects of

12 their past and present unlawful employment practices.

13     C.    Order Defendant Employer to make whole Viviene Villanueva, Jennifer

14 Holbrook, Rosemarie Taimanglo and other similarly situated individuals, by providing

15 appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other

16 affirmative relief necessary to eradicate the effects of their unlawful employment practices.

17     D.    Order Defendant Employers to make whole Viviene Villanueva, Jennifer

18 Holbrook, Rosemarie Taimanglo and other similarly situated individuals, by providing

19 compensation for past and future pecuniary losses resulting from the unlawful employment

20 practices described above, in amounts to be determined at trial.

21     E.    Order Defendant Employers to make whole Viviene Villanueva, Jennifer

22 Holbrook, Rosemarie Taimanglo and other similarly situated individuals by providing

23 compensation for past and future nonpecuniary losses resulting from the unlawful practices

24 complained of above, including emotional pain, suffering, inconvenience, loss of enjoyment of

25 life, and humiliation, in amounts to be determined at trial.

26     F.    Order Defendant Employers to pay Viviene Villanueva, Jennifer Holbrook,

27 Rosemarie Taimanglo and other similarly situated individuals punitive damages for its malicious

28 and reckless conduct described above, in amounts to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper in the public interest.

H.     Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Ronald S. Cooper
General Counsel

James L. Lee
Deputy General counsel

Gwendolyn Young Reams
Associate General Counsel

Dated: September 27, 2006.

**ANNA Y. PARK**
Regional Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

By:
    **LAWRENCE J. TEKER**
    By designation

# Exhibit 2

# Exhibit 2

Dooley Roberts & Fowler LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Corps Drive
Tamuning, Guam 96913
Telephone (671) 646-1222
Facsimile  (671) 646-1223

**FILED**

DISTRICT COURT OF GUAM

OCT 2 3 2006 *nba*

MARY L.M. MORAN
CLERK OF COURT

Attorneys for Defendant LeoPalace Resort

## IN THE DISTRICT COURT

## OF GUAM

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CASE NO. 06-00028 |
| Plaintiff, | ) ) | |
| vs. | ) ) | **ANSWER OF DEFENDANT LEO PALACE RESORT; CERTIFICATE OF SERVICE** |
| LEO PALACE RESORT, | ) ) | |
| Defendant. | ) ) ) | |

COMES NOW LeoPalace Resort, whose true legal corporate name is "MDI Guam Corporation dba LeoPalace Resort Manenggon Hills" (hereinafter "LeoPalace"), and for its answer to Plaintiff's Complaint state as follows:

1.    Responding to the allegations contained in paragraph 1 of Plaintiff's Complaint, LeoPalace admits the jurisdictional allegations and denies the remainder of the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.    LeoPalace denies the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.    LeoPalace admits the allegations contained in paragraph 3 of Plaintiff's Complaint.

4.    LeoPalace admits the allegations contained in paragraph 4 of Plaintiff's Complaint.

5.    LeoPalace admits the allegations contained in paragraph 5 of Plaintiff's Complaint.

# ORIGINAL

6.      LeoPalace admits the first sentence of paragraph 6 of Plaintiff's Complaint, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in paragraph 6 of Plaintiff's Complaint.

7.      LeoPalace denies the allegations contained in paragraph 7 of Plaintiff's Complaint.

8.      LeoPalace denies the allegations contained in paragraph 8 of Plaintiff's Complaint.

9.      LeoPalace denies the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.     LeoPalace denies the allegations contained in paragraph 10 of Plaintiff's Complaint.

11.     LeoPalace denies the allegations contained in paragraph 11 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

1.      The Complaint is barred by the applicable statute(s) of limitation.

2.      The Complaint fails to state a claim upon which relief can be granted.

3.      EEOC Claimants Jennifer T. Holbrook, Rosemarie B. Taimanglo and Viviene D. Villanueva ("the Claimants") were each contributorily negligent.  The damages available to each Claimant, if any, are therefore barred or must be reduced by the percentage of negligence attributable to each Claimant.

4.      The Claimants consented to the conduct of which they complain.

5.      The Claimants encouraged the co-employee who was allegedly harassing them to engage in sexual banter.

6.      The alleged harassment was mutually engaged in between the Claimants and the alleged harassing co-employee.

7.      Claimant Rose Taimanglo was the direct supervisor of the allegedly harassing co-employee and had full authority to warn and/or discipline her.

8.      The Claimants failed to mitigate their damages.

9.      The Claimants were not constructively discharged. They voluntarily resigned.

10.     The Claimants resigned their jobs at LeoPalace on the advice of their attorney, not because they were constructively discharged.

11.     The work environment at LeoPalace subsequent the Claimants' EEOC complaints was not sufficient hostile such that a reasonable person in Claimants' positions would have felt they had no choice but to resign.

12.     The Claimants acted unreasonably in resigning their employment with LeoPalace.

13.     The Claimants resigned their employment at LeoPalace after they were fully aware that LeoPalace had terminated the employee who was allegedly harassing the Claimants.

14.     The Complaint's constructive discharge count is barred by the doctrine of avoidable consequences.

15.     The Claimants suffered no adverse employment consequence as a result of anything alleged in the complaint.

16.     No tangible employment action was taken by LeoPalace or by any LeoPalace supervisor against the Claimants.

17.     LeoPalace exercised reasonable care to prevent and correct promptly any sexually harassing behavior.

18.     The Claimants unreasonably failed to take advantage of preventive or corrective opportunities provided by LeoPalace to avoid harm.

19.     LeoPalace did not discriminate against the claimants on account of sex.

20.     LeoPalace took no action that it would not otherwise have taken in the absence of any impermissible motivating factor.

21.     LeoPalace did not retaliate against the Claimants for filing their claims with the EEOC with any adverse employment action or any other action.

22.     LeoPalace responded to the alleged harassment in an appropriate manner.

23.     LeoPalace warned and then terminated the employee who was allegedly harassing the Claimants.

**WHEREFORE,** LeoPalace prays for relief as follows:

1.     That Plaintiff takes nothing by its complaint;

2.     For costs of suit; and

3.     For such other and further relief as the court deems just and/or proper.

DOOLEY ROBERTS & FOWLER LLP

Dated: 10/23/06                    By: _____
                                               **TIM ROBERTS, ESQ.**
                                               Attorneys for Defendant

## CERTIFICATE OF SERVICE

I, Tim Roberts, hereby certify that on the 23ʳᵈ day of October, 2006, I caused a copy of

Defendant's answer to be served upon the following via US Mail and email:

Anna Y. Park
**U.S EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
255 East Temple Street, Fourth Floor
Los Angeles, California 90012

I further certify that on the 23ʳᵈ day of October, 2006, I caused a copy of Defendant's

answer to be served upon the following via hand delivery:

Lawrence J. Teker
**TEKER TORRES & TEKER, P.C.**
130 Aspinall Avenue, Suite 2A
Hagåtña, Guam 96910

Dated: 10/23/06  

**TIM ROBERTS**

F:\Documents\TLR (07-04)\M108\M108-330 EEOC\Pleadings\M108-330 Answer (2)(2).doc

# Exhibit 3

# Exhibit 3

Dooley Roberts & Fowler LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Corps Drive
Tamuning, Guam 96913
Telephone (671) 646-1222
Facsimile (671) 646-1223

Attorneys for Defendant LeoPalace Resort

IN THE DISTRICT COURT

OF GUAM

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) CASE NO. 1:06-CV-00028 <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| vs. | ) <br> ) |
| LEO PALACE RESORT, | ) <br> ) |
| Defendant. | ) **DEFENDANT LEOPALACE RESORT'S** <br> ) **RESPONSES TO EEOC'S REQUEST FOR** <br> ) **ADMISSIONS; CERTIFICATE OF** <br> ) **SERVICE** |
| JENNIFER HOLBROOK, VIVIENE VILLANUEVA and ROSEMARIE TAIMANGLO, | ) <br> ) <br> ) |
| Plaintiff-Intervenors, | ) <br> ) |
| vs. | ) <br> ) |
| MDI GUAM CORPORATION dba LEO PALACE RESORT MANENGGON HILLS and DOES 1 through 10, | ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

COMES NOW MDI Defendant MDI Guam Corporation dba LeoPalace Resort Manenggon

Hills ("Defendant") and hereby responds to Plaintiff U.S. Equal Employment Opportunity

Commission's Request for Admissions as follows:

Defendant Leo Palace Resort's Response to
EEOC's Request for Admissions
*EEOC v. LeoPalace Resort*
Case No. 1:06-CV-00028
Page 2 of 12

## PRELIMINARY STATEMENT

These responses are made solely for the purpose of this action, without waiver of, and with preservation of:

1.    The right to object to all questions as to competency, relevancy, materiality, confidentiality, privilege, and admissibility of the responses and the subject matter thereof as evidence for any purpose in any further proceeding in this action (including trial);

2.    The right to object to the use of any such responses, or the subject matter thereof, on any ground in any further proceeding in this action (including trial);

3.    The right to object on any ground at any time to future requests for production, demands, interrogatories, document requests, or other discovery proceeding; and

4.    The right at any time to supplement, revise, correct, amend or otherwise modify the responses and/or objections to any and all requests.

The following responses (and any further responses to the Plaintiff's requests for admissions or to their subject matter) are made expressly without acknowledgment of materiality or relevance of information or documents described in the requests, or that said requests to produce are in any way reasonably calculated to lead to the discovery of admissible evidence.

## GENERAL OBJECTIONS

1.    Defendant objects to the requests to the extent they purport to discover evidence or information that is protected by the Attorney-Client Privilege or Work Product Privilege or other privileges or exemptions, or that is material prepared in anticipation of litigation within the meaning of the Federal Rules of Civil Procedure, upon the grounds that these matters are exempt from

Defendant Leo Palace Resort's Response to
EEOC's Request for Admissions
*EEOC v. LeoPalace Resort*
Case No. 1:06-CV-00028
Page 3 of 12

discovery and that trial preparation material may only be discoverable upon satisfaction of the

prerequisites set forth in the Federal Rules of Civil Procedure, which prerequisites have not been

satisfied. If any answers to the requests violate the Attorney-Client Privilege or Work Product or

any other privilege, such answer is inadvertent and is not intended as a waiver of such privilege.

2.      No incidental or implied admissions are intended hereby. The fact that Defendant

has not responded or objected to any request or any part thereof should not be taken as an admission

that Defendant accepts or admits the existence of any facts set forth or assumed by therein or that

such response or objection constitutes admissible evidence. The fact that Defendant has responded

to part or all or any request is not intended and shall not be construed to be a waiver by Defendant

of all or any part of any objection to any request propounded by the Plaintiff.

3.      Defendant objects to each of the requests to the extent they seek to elicit the legal

reasoning and theories underlying Defendants' contentions and claims.

4.      The responses given below are based upon information reasonably available and

gathered to date. Defendant has not yet completed investigation of the facts relating to this action,

has not yet completed discovery in this action, and has not yet completed preparation for trial.

Consequently, Defendant may not be in a position to provide complete responses to each request

and the following responses are given without prejudice to Defendant's right to amend or

supplement these responses. Defendant reserves the right to correct inadvertent errors or omissions,

if any such errors or omissions exist or are hereafter discovered.

5.      Each and every one of Defendant's individual responses to these requests is to be

read in light of the Preliminary Statements and General Objections herein.

Defendant Leo Palace Resort's Response to
EEOC's Request for Admissions
*EEOC v. LeoPalace Resort*
Case No. 1:06-CV-00028
Page 4 of 12

## RESPONSES

REQUEST TO ADMIT NO. 1:

Admit that Leo Palace employed more than 14 and fewer than 101 employees in each of 20 or more calendar weeks in the calendar year of 2004, as that phrase is understood under 24 U.S.C. Section 1981a(b)(3).

**RESPONSE: Deny.**

REQUEST TO ADMIT NO. 2:

Admit that Leo Palace employed more than 100 and fewer than 201 employees in each of 20 or more calendar weeks in the calendar year of 2004, as that phrase is understood under 42 U.S.C. Section 1981a(b)(3).

**RESPONSE: Deny.**

REQUEST TO ADMIT NO. 3:

Admit that Leo Palace employed more than 200 and fewer than 501 employees in each of 20 or more calendar weeks in the calendar year of 2004, as that phrase is understood under 42 U.S.C. Section 1981a(b)(3).

**RESPONSE: Deny.**

Defendant Leo Palace Resort's Response to
EEOC's Request for Admissions
*EEOC v. LeoPalace Resort*
Case No. 1:06-CV-00028
Page 5 of 12

REQUEST TO ADMIT NO. 4:

Admit that Leo Palace employed more than 500 employees in each of 20 or more calendar weeks in the calendar year of 2004, as that phrase is understood under 42 U.S.C. Section 1981a(b)(3).

**RESPONSE: Admit**

REQUEST TO ADMIT NO. 5:

Admit that Rosemarie Taimanglo filed a charge of Discrimination with the EEOC (dated December 27, 2004), within 300 days of at least one incident of alleged sexual harassment.

**RESPONSE: Admit.**

REQUEST TO ADMIT NO. 6:

Admit that Jennifer Holbrook filed a charge of Discrimination with the EEOC (dated December 27, 2004), within 300 days of at least one incident of alleged sexual harassment.

**RESPONSE: Admit.**

REQUEST TO ADMIT NO. 7:

Admit that Viviene Villanueva filed a charge of Discrimination with the EEOC (dated December 27, 2004), within 300 days of at least one incident of alleged sexual harassment.

**RESPONSE: Admit.**

REQUEST TO ADMIT NO. 8:

Admit that Leo Palace received notice of the Taimanglo Discrimination Charge.

**RESPONSE: Admit.**

Defendant Leo Palace Resort's Response to
EEOC's Request for Admissions
*EEOC v. LeoPalace Resort*
Case No. 1:06-CV-00028
Page 6 of 12

REQUEST TO ADMIT NO. 9:

Admit that Leo Palace received notice of the Holbrook Discrimination Charge.

**RESPONSE: Admit.**

REQUEST TO ADMIT NO. 10:

Admit that Leo Palace received notice of the Villanueva Discrimination Charge.

**RESPONSE: Admit.**

REQUEST TO ADMIT NO. 11:

Admit that the EEOC conducted some investigation into the Taimanglo discrimination

charge, including requesting information from Leo Palace Resort.

**RESPONSE: Admit.**

REQUEST TO ADMIT NO. 12:

Admit that the EEOC conducted some investigation into the Holbrook discrimination

charge, including requesting information from Leo Palace Resort.

**RESPONSE: Admit.**

REQUEST TO ADMIT NO. 13:

Admit that the EEOC conducted some investigation into the Villanueva discrimination

charge, including requesting information from Leo Palace Resort.

**RESPONSE: Admit.**

Defendant Leo Palace Resort's Response to
EEOC's Request for Admissions
*EEOC v. LeoPalace Resort*
Case No. 1:06-CV-00028
Page 7 of 12

REQUEST TO ADMIT NO. 14:

Admit that EEOC gave Leo Palace Resort an opportunity to submit a position statement during the investigation.

**RESPONSE: Admit.**

REQUEST TO ADMIT NO. 15:

Admit that EEOC interviewed Gregory Perez as part of its investigation of the Villanueva, Holbrook, and Taimanglo charges.

**RESPONSE: Admit.**

REQUEST TO ADMIT NO. 16:

Admit that EEOC interviewed May Paulino as part of its investigation of the Villanueva, Holbrook, and Taimanglo charges.

**RESPONSE: Admit.**

REQUEST TO ADMIT NO. 17:

Admit that EEOC issued a letter (dated December 27, 2005) to Leo Palace setting forth its determination that "there is reasonable cause to believe that Charging Party [Jennifer Holbrook] and females as a class were subjected to sexual harassment because of their sex, female. In addition, I have determined that Charging Party was subjected to intimidation and constructively discharged."

**RESPONSE: Admit.**

Defendant Leo Palace Resort's Response to
EEOC's Request for Admissions
*EEOC v. LeoPalace Resort*
Case No. 1:06-CV-00028
Page 8 of 12

REQUEST TO ADMIT NO. 18:

Admit that EEOC issued a letter (dated December 27, 2005) to Leo Palace setting forth its determination that "there is reasonable cause to believe that Charging Party [Rosemarie Taimanglo] and females as a class were subjected to sexual harassment because of their sex, female."

**RESPONSE: Admit.**

REQUEST TO ADMIT NO. 19:

Admit that EEOC issued a letter (dated December 27, 2005) to Leo Palace setting forth its determination that "there is reasonable cause to believe that Charging Party [Viviene Villanueva] and females as a class were subjected to sexual harassment because of their sex, female."

**RESPONSE: Admit.**

REQUEST TO ADMIT NO. 20:

Admit that EEOC invited Leo Palace to engage in conciliation.

**RESPONSE: Admit.**

REQUEST TO ADMIT NO. 21:

Admit that EEOC made at least two revised settlement demands in response to Leo Palace's counter-offers in conciliation.

**RESPONSE: Admit.**

REQUEST TO ADMIT NO. 24:

Admit that EEOC sent Leo Palace a conciliation failure letter dated May 22, 2006.

**RESPONSE: Admit.**

Defendant Leo Palace Resort's Response to
EEOC's Request for Admissions
*EEOC v. LeoPalace Resort*
Case No. 1:06-CV-00028
Page 9 of 12

REQUEST TO ADMIT NO. 25:

Admit that Rosemarie Taimanglo did not have the authority to terminate employees.

**RESPONSE: Admit.**

REQUEST TO ADMIT NO. 26:

Admit that Rosemarie Taimanglo did not have the authority to issue written discipline to

employees.

**RESPONSE: Deny as to employees being supervised by her.**

REQUEST TO ADMIT NO. 27:

Admit that May Paulino had the authority to terminate employees in 2004.

**RESPONSE: Deny.**

REQUEST TO ADMIT NO. 28:

Admit that May Paulino had the authority to issue written discipline to employees in 2004.

**RESPONSE: Admit only to employees under her, not to employees in different departments.**

REQUEST TO ADMIT NO. 29:

Admit that Satoshi Suzuki had the authority to terminate employees in 2004.

**RESPONSE: Deny.**

REQUEST TO ADMIT NO. 30:

Admit that Satoshi Suzuki had the authority to issue written discipline to employees in 2004.

**RESPONSE: Admit only to employees under him, not to employees in different departments.**

Defendant Leo Palace Resort's Response to
EEOC's Request for Admissions
*EEOC v. LeoPalace Resort*
Case No. 1:06-CV-00028
Page 10 of 12

REQUEST TO ADMIT NO. 31:

Admit that Hideo Iijima had the authority to terminate employees in 2004.

**RESPONSE: Deny.**

REQUEST TO ADMIT NO. 32:

Admit that Satoshi Suzuki had the authority to issue written discipline to employees in 2004.

**RESPONSE: See response to Request No. 30.**

REQUEST TO ADMIT NO. 33:

Admit that Satoshi Suzuki told May Paulino that he could not terminate Christina Camacho because he was short-staffed.

**RESPONSE: Responding to Request No. 33, Leopalace refers to and incorporates herein the responses given by Mr. Suzuki to the identical question posed by the EEOC at his deposition on March 14, 2007, at pp. 36-37. Leopalace denies Request No. 33 except at stated herein.**

REQUEST TO ADMIT NO. 34:

Admit that Rosemarie Taimanglo informed Satoshi Suzuki at the end of June 2004 that Christina Camacho had engaged in inappropriate behavior in the workplace.

**RESPONSE: Admit.**

REQUEST TO ADMIT NO. 35:

Admit that Gregory Perez informed Satoshi Suzuki at the end of June 2004 that Christina Camacho had engaged in inappropriate behavior in the workplace.

**RESPONSE: Admit.**

Defendant Leo Palace Resort's Response to
EEOC's Request for Admissions
*EEOC v. LeoPalace Resort*
Case No. 1:06-CV-00028
Page 11 of 12

**REQUEST TO ADMIT NO. 36:**

Admit that Gregory Perez informed May Paulino in early June 2004 that Christina Camacho had touched Viviene Villanueva inappropriately.

**RESPONSE: Deny. It was late June 2004.**

**REQUEST TO ADMIT NO. 37:**

Admit that Rosemarie Taimanglo informed May Paulino about Christina Camacho's inappropriate sexual statements and vulgar language in early July 2004.

**RESPONSE: Admit as to vulgar language only, not as to inappropriate sexual statements.**

**REQUEST TO ADMIT NO. 38:**

Admit that prior to August 12, 2004, Leo Palace did not issue Christina Camacho any formal or written counseling concerning her inappropriate sexual behavior in the workplace.

**RESPONSE: Deny. Both night manager Greg Perez and front desk supervisor Rose Taimanglo formally but orally counseled Christina Camacho not to engage in inappropriate sexual behavior in the workplace.**

**REQUEST TO ADMIT NO. 39:**

Admit that Leo Palace did not conduct an investigation into complaints regarding Christina Camacho's alleged sexual harassment of other female employees until August 12, 2004.

**RESPONSE: Deny.**

DOOLEY ROBERTS & FOWLER LLP

Dated: ___August 3, 2007___     By: _____

**TIM ROBERTS, ESQ.**
Attorneys for Defendant

Defendant Leo Palace Resort's Response to
EEOC's Request for Admissions
*EEOC v. LeoPalace Resort*
Case No. 1:06-CV-00028
Page 12 of 12

## CERTIFICATE OF SERVICE

I, Tim Roberts, hereby certify that on the 3rd day of August, 2007, I caused Defendant

LeoPalace Resort's Response to EEOC's Request for Admissions to be served upon the following

via US Mail and email:

Angela D. Morrison
**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
333 S. Las Vegas Boulevard, Suite 8112
Las Vegas, NV 89101

I further certify that on the 3rd day of August, 2007, I caused a copy of Defendant LeoPalace

Resort's Responses to EEOC's First Request for Admissions to be served upon the following via

hand delivery:

Philip Torres, Esq.
**TEKER TORRES & TEKER, P.C.**
130 Aspinall Avenue, Suite 2A
Hagåtña, Guam 96910

Dated:  August 3, 2007 

**Tim Roberts**

F:\Documents\Thomas L Roberts (07.04)\M108\M108.330 EEOC\Pleadings\M108-330 Responses to EEOC RFA.doc