Dooley Roberts & Fowler LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Corps Drive
Tamuning, Guam 96913
Telephone (671) 646-1222
Facsimile (671) 646-1223



**FILED**
DISTRICT COURT OF GUAM

NOV - 5 2007

JEANNE G. QUINATA
Clerk of Court

Attorneys for Defendant LeoPalace Resort

IN THE DISTRICT COURT
OF GUAM

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>LEOPALACE RESORT,<br><br>Defendant. | CASE NO. 1:06-CV-00028<br><br><br><br><br><br><br><br>**DEFENDANT LEOPALACE RESORT'S OPPOSITION TO PLAINTIFF EEOC'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| JENNIFER HOLBROOK, VIVIENE VILLANUEVA and ROSEMARIE TAIMANGLO,<br><br>Plaintiff-Intervenors,<br>vs.<br><br>MDI GUAM CORPORATION dba LEO PALACE RESORT MANENGGON HILLS and DOES 1 through 10,<br><br>Defendants. | |

## I. INTRODUCTION

Defendant Leopalace Resort opposes plaintiff U.S. Equal Employment Opportunity Commission's ("EEOC") motion for partial summary judgment for the reasons which follow. The EEOC is moving for partial summary judgment on 14 of Leopalace's affirmative defenses. It is

**ORIGINAL**

often difficult to determine the basis of the motion and the relief sought. For example, when the EEOC seeks summary judgment on the issue of statute of limitations, it is presumably seeking a determination as a matter of law that its complaint is not time-barred, a determination that would preclude Leopalace from raising this issue at trial. However, when the EEOC moves for partial summary judgment on the defenses relating to the intervenors' consent to mutual vulgarity, is the EEOC similarly asking for a determination as a matter of law that there was no such consent, thereby precluding Leopalace from raising the issue at trial? Or is the EEOC taking the position that such a "defense" would be encompassed within Leopalace's denials of certain allegations in the complaint, making a separate and distinct "affirmative defense" superfluous so that striking the defense on the merits would be for procedural purposes only and would not preclude litigation of the issue on the merits?

As a preliminary matter, based on the discovery it has done in this action in the past several months, Leopalace hereby withdraws its first and second affirmative defenses, statute of limitations and failure to state a claim upon which relief can be granted. As to all other defenses at issue, Leopalace opposes summary judgment for the reasons set forth below.

## II. ARGUMENT

### A. Leopalace may assert defenses based on the intervenors' contributory fault.

The EEOC asserts that the third and fourth affirmative defenses, contributory negligence and consent, are defenses to tort actions and thus unavailable in Title VII cases. The EEOC asserts that the fifth defense, that the intervenors encouraged sexual banter, and the sixth defense, that the intervenors and alleged harasser mutually engaged in the questioned activity, are "contentions

attacking EEOC's causes of action" and thus somehow not defenses. All of these defenses involve the intervenors' voluntary participation in mutual vulgarity. A claimant's voluntary participation in mutual vulgar behavior is a defense to a Title VII claim.

In Loftin-Boggs v. City of Meridian, 633 F. Supp. 1323, 1327 (S.D. Miss. 1986) *aff'd*, 824 F. 2d 971 (5th Cir. 1987), *cert. denied*, 484 U.S. 1063 (1988), the plaintiff-employee in a Title VII sexual harassment action had cursed and used vulgar language at work, made jokes about sex, and frequently participated in discussions and banter about sex. Given the plaintiff's contribution to and apparent enjoyment of the situation, the court rejected her claim that she was subject to a hostile work environment. *Id.*

The case of Gan v. Kerpo Circuit Systems, Inc., 1982 U.S. Dist. LEXIS 10842 (E.D. Mo.), also involved a foul-mouthed plaintiff-employee who brought a Title VII action alleging sexual harassment by the defendant's officers and other employees. The plaintiff had regularly used crude and vulgar language and initiated sexually-oriented conversations with male and female co-workers. She talked about her own sex life, asked male co-workers about their sex lives, and pinched a male co-worker on the buttocks. The court ruled for the defendant, finding that any propositions and sexually suggestive remarks that the plaintiff had been subjected to were prompted by her own sexual aggressiveness and her own sexually explicit conversations.

Based on Loftin-Boggs and Gan, it is clear that Leopalace does have a defense if it can show that the intervenors consented to, encouraged or mutually engaged in sexual banter and horseplay. Insofar as the EEOC seeks to prevent Leopalace from raising these issues at trial, the EEOC's motion should be denied as to these defenses. There is certainly sufficient evidence in the record

to support a jury finding in Leopalace's favor on each of these defenses. Plaintiff-Intervenors alleged harasser, Christine Camacho, testified under oath that all of the Plaintiff-Intervenors engaged in sexual banter and sexual behavior at the workplace along with her. Transcript of the Deposition of Christine Camacho ("Camacho Depo."), pp. 14-17; 52:10-25; 53- 54, 57-58, 63, 66, 75-78, 89-90, 111-112, 114-115, and Exhibit C, all attached as Exhibit 1 to the accompanying Declaration of Tim Roberts, Esq. ("Roberts Dec."). Leopalace's Human Resources manager, May Paulino, testified that each of the Plaintiff-Intervenors admitted that they engaged in sexual banter and sexual behavior at the workplace along with Ms. Camacho. Transcript of the Deposition of May Paulino ("Paulino Depo."), pp. 107-109, and see, pp. 134-139, authenticating Exhibits 7, 8, 9 and 10, all attached to the Roberts Dec. as Exhibit 2.

**B.     A party must plead any matter "constituting an avoidance".**

Rule 8(b) of the Federal Rules of Civil Procedure provides, "A party shall state in short and plain terms the party's defenses to each claim asserted . . . ." Rule 8(c) states, "In pleading to a preceding pleading, a party shall set forth affirmatively . . . [a list of standard affirmative defenses] and any other matter constituting an avoidance or affirmative defense." The EEOC has moved for summary judgment as to the following affirmative defenses on the grounds that these are "contentions attacking EEOC's causes of action and thus fail to state an affirmative defense": Leopalace's fifth affirmative defense (intervenors' encouragement of alleged harasser); sixth (mutual engagement in alleged harassment); seventh (one intervenor's supervisory authority to prevent harassment); tenth (resignation on advice of counsel rather than due to constructive discharge), thirteenth (resignation after termination of harasser); sixteenth (no tangible employment

action against intervenors); nineteenth (no discrimination by Leopalace on account of sex); twentieth (no action taken that would not have been taken in absence of impermissible motivating factor); and twenty-third (Leopalace warned and terminated harasser). Of course, affirmative defenses do tend to attack, rather than support, the opposing parties' causes of action. Even if the affirmative defenses at issue here are not traditional "affirmative defenses", they are matters "constituting an avoidance" of the EEOC's allegations and thus were properly pled.

The primary purpose of initial pleadings is, of course, to give the parties notice of claims and defenses. Thus, "[r]elevant to the issue of what is an affirmative defense is consideration of whether plaintiff was taken by surprise." Dixson v. Newsweek, Inc., 562 F. 2d 626, 633 (10th Cir. 1977). While issues raised by denial might not be proper affirmative defenses, if the matter is unclear the defense may be left to stand. Instituto Nacional de Comercializacion Agricola (Indeca) v. Continental Illinois National Bank & Trust Co., 576 F. Supp. 985, 989 (N.D. Ill. 1983). From a defendant's standpoint, it is safer for Leopalace to plead anything that might be deemed an affirmative defense as such, rather than risk inadvertently waiving an issue. From a plaintiff's standpoint, one would think that EEOC would rather receive notice that Leopalace intends to litigate these issues in lieu of having no notice and being "sandbagged" at trial.

Plaintiff EEOC has moved for summary judgment as to these defenses, implying that it seeks a substantive decision on the merits. It has not moved pursuant to FRCP 12(f) to strike the defenses as superfluous, as was done in one of the EEOC's primary precedents, Quintana v. Baca, 233 F.R.D. 562 (C.D. Cal. 2005). This being the case, as indicated in the one other case cited by the EEOC which goes to this procedural issue, Leopalace may raise all of the issues pertaining to the

nine affirmative defenses at issue (5, 6, 7, 10, 13, 16, 19, 20 and 23) regardless of whether or not they are of record in the pleadings as "affirmative defenses". *See* Ford Motor Co. v. Transport Indemnity Co., 795 F.2d 538, 547 (6th Cir. 1986) (defendant may raise issue as to whether plaintiff has established required element of cause of action even though issue not timely pled as affirmative defense). If the EEOC is really moving to strike these defenses for aesthetic reasons, while agreeing that the issues the defenses address are nonetheless preserved for trial, then Leopalace would leave the matter to the Court's discretion. If, on the other hand, the EEOC is seeking summary judgment on the substantive merits of these issues, it has made no showing that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. FRCP 56(c).

### III. CONCLUSION

Leopalace may assert defenses based on the intervenors' acquiescence and participation in the alleged harassment. The EEOC has made no showing of entitlement to judgment on the merits of those issues raised by the other defenses challenged by its motion. With the exception of those defenses expressly waived above, the EEOC's motion for partial summary judgment should be denied.

Respectfully submitted,

DOOLEY ROBERTS & FOWLER LLP

Date: November 5, 2007      By _____
**TIM ROBERTS**
Attorneys for Defendants