**TEKER TORRES & TEKER, P.C.**
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4
FACSIMILE: (671) 472-2601

Attorneys for Plaintiff-Intervenors,
*Jennifer Holbrook, Rosemarie Taimanglo and Viviene Villanueva*

**FILED**
DISTRICT COURT OF GUAM

NOV - 5 2007

JEANNE G. QUINATA
Clerk of Court

IN THE DISTRICT COURT OF GUAM

----------

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CIVIL CASE NO. 06-00028 |
| Plaintiff, | |
| vs. | |
| LEO PALACE RESORT, | |
| Defendant. | **PLAINTIFF-INTERVENORS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE EMOTIONAL DISTRESS CLAIMS OF PLAINTIFF-INTERVENOR HOLBROOK** |
| JENNIFER HOLBROOK, VIVIENE VILLANUEVA and ROSEMARIE TAIMANGLO, | |
| Plaintiff-Intervenors, | |
| vs. | |
| MDI GUAM CORPORATION dba LEO PALACE RESORT MANENGGON HILLS and DOES 1 through 10, | |
| Defendant. | |

----------

///

On October 22, 2007, Defendant filed its Motion to Dismiss Plaintiff-Intervenor Holbrook's Claims for Emotional Distress. The basis for this Motion is that her Counselor, Tom Babauta, failed to comply with the Court's September 14, 2007 Order to turn over all medical records in his possession, including his handwritten notes, regarding treatment he provided to Holbrook. Such records and notes were to be produced within three days of service of the Order and Counselor Babauta did not do so. Leo Palace contends that his failure to comply with the Order should result in the dismissal of Holbrook's emotional distress claims against the Defendant. Defendant further contends that it has tried everything in its power to get the records. Holbrook disagrees that the Motion should be granted and further disagrees that Defendant has tried everything in its power to obtain the records.

On October 22, 2007, Counselor Babauta appeared for a deposition and the undersigned discovered that Counselor Babauta had not complied with the Court's Order. Holbrook did nothing to interfere with the Court's Order and Defendant does not allege any adverse conduct on her part. Holbrook did not instruct Counselor Babauta to not comply with the Order. She did not instruct Counselor Babauta to ignore the Court's Order. She had no active involvement in Counselor Babauta's failure to comply with the Court's Order.

Defendant has not tried everything in its power to obtain the records. The failure to comply with the Court's Order subjects the recipient of the Order to possible contempt if they do not comply. Defendant has not filed a motion for contempt or an Order to Show Cause against Counselor Babauta based on his failure to comply with the Court's September 14, 2007 Order. Defendant has not blamed or otherwise alleged that Holbrook was in any way culpable for the failure of Counselor Babauta to comply with the Court's Order. Subjecting Holbrook to a dismissal of her emotional distress claims for the failure of Counselor Babauta to turn over the Court Ordered medical records

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4

and notes is a harsh, extreme and unwarranted result, especially since she had no role in the actions of Counselor Babauta.

Instead of filing a Motion to Dismiss, the Defendant should have pursued his remedies against Counselor Babauta and made Babauta answer to the Court as to his failure to comply with the Court's Order. That was not done here and no explanation was given by Defendant as to why it was not done. Since Holbrook is not culpable and Defendant has not pursued all of its remedies, Defendant's Motion to Dismiss the emotional distress claims of Plaintiff-Intervenor Holbrook should be denied.

*Respectfully submitted* this 5th day of November, 2007.

**TEKER, TORRES & TEKER, P.C.**

By: _____
PHILLIP TORRES, ESQ.
Attorneys for Plaintiff-Intervenors,
*Jennifer Holbrook, Rosemarie Taimanglo and Viviene Villanueva*

M:\COMMON\USERS\#PLEADINGS\HOLBROOK, JENNIFER - EEOC\028 dismiss OPPOSITION.wpd