ANNA Y. PARK, Regional Attorney
DEREK LI, Supervisory Trial Attorney
GREGORY MCCLINTON, Senior Trial Attorney
ANGELA D. MORRISON, Trial Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1068
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

333 S. Las Vegas Blvd., Suite 8112
Las Vegas, NV 89101
Telephone: (702)894-5072
Facsimile: (702)894-5094

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

FILED
DISTRICT COURT OF GUAM
NOV. - 6 2007
JEANNE G. QUINATA
Clerk of Court

# UNITED STATES DISTRICT COURT
## DISTRICT OF GUAM

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>LEO PALACE RESORT,<br><br>Defendant.<br><br>JENNIFER HOLBROOK; VIVIENE VILLANUEVA; and ROSEMARIE TAIMANGLO,<br><br>Plaintiff-Intervenors,<br><br>v.<br><br>MDI GUAM CORPORATION d/b/a LEO PALACE RESORT MANENGGON HILLS and DOES 1 through 10,<br><br>Defendants. | Case No.: 2:06-CV-00028<br><br>PLAINTIFF EEOC'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS EMOTIONAL DISTRESS CLAIMS OF PLAINTIFF-INTERVENOR HOLBROOK<br><br>DISCOVERY MATTER<br><br>Trial Date: December 4, 2007 |

## I. INTRODUCTION

The United States Equal Employment Opportunity ("EEOC") brought this action under Title VII of the Civil Rights Act of 1964, as amended, to correct unlawful employment practices on the bases of sex and retaliation, and to provide appropriate relief to Viviene Villanueva, Jennifer Holbrook and Rosemarie Taimanglo ("Plaintiff-Intervenors") and other similarly situated individuals who were adversely affected by such practices. EEOC does not assert separate emotional distress claims but rather seeks non-wage compensatory damages under Title VII based, in part, on Plaintiff-Intervenors' garden-variety emotional distress.

Defendant Leo Palace Resort has filed a Motion to Dismiss Emotional Distress Claims of Plaintiff-Intervenor Jennifer Holbrook because Tom Babauta, MSW, failed to produce his handwritten notes regarding his treatment of Jennifer Holbrook. Although Defendant cites no legal authority in support of its motion, Defendant refers to the Court's Order regarding Defendant's prior Motion to Compel or in the Alternative, to Dismiss Emotional Distress Claims. Thus, the motion appears to be a discovery motion brought pursuant to Federal Rule of Civil Procedure 37.

The Court should deny Defendant's motion to dismiss. The motion is untimely and Defense Counsel failed to meet with Plaintiff and Plaintiff-Intervenor's Counsel in a good faith attempt to resolve the discovery matter. If Defendant had done so, Plaintiff-Intervenors' counsel would have brought the issue to Mr. Babauta's attention and he could have turned over the notes. Thus, Defendant's motion is totally unnecessary. Furthermore, since Plaintiff and Plaintiff-Intervenor were not at fault in not producing Mr. Babauta's hand-written notes, Defendant's motion to dismiss is the wrong remedy. Instead, Defendant should have moved for an order to show cause as to why Mr. Babauta is not in contempt of the Court's Order. Finally, the factors justifying dismissal pursuant to Rule 37 do not apply to this case.

## II. BACKGROUND

### A. Procedural

EEOC filed its Complaint on September 29, 2006. (Court Doc. #1.) As part of its Complaint, the EEOC alleged that Defendant Leo Palace Resort ("Leo Palace" or "Defendant") subjected Ms. Holbrook to a hostile work environment based on her sex; and Leo Palace retaliated against Ms. Holbrook, leading to her constructive discharge.

On January 31, 2007, Defendant served EEOC with Request for Production Number One:

> All documents generated by any health care provider related to any treatment received by the Claimants as a result of the incidents made the subject of suit in this civil action. Leo Palace will agree to any reasonable confidentiality agreement with respect to the production of these records.

*See* Decl. of Tim Roberts (Court Doc. #39) ¶ 3, Ex. 1. EEOC responded to the request and referred Defendant to Plaintiff-Intervenors as the individuals most likely to have possession or control of documents responsive to the request. (Decl. of Angela Morrison in Supp. of Pl. EEOC's Opp'n to Def.'s Mot. to Dismiss Emotional Distress Claims; Mot. to Extend Completion Deadline as to "rebuttal" medical expert, and Mot. for Independent Medical Examination [Court Doc. #46] ¶ 2, Ex. 1.) Plaintiff-Intervenors provided Defense Counsel with a copy of the medical summary reports from the two therapists who treated Ms. Holbrook, Dr. Lilli Perez-Iyechad and Tom Babauta, MSW, and stated "These documents are provides [sic] as my response to request number three [sic] of your Request for Production of Documents." *Id.* ¶ 4, Ex. 2.

Defense Counsel issued subpoenas to Dr. Lilli Perez-Iyechad and Tom Babauta, MSW demanding the production of "all medical records <u>whatsoever</u> related to Jennifer Holbrook and/or Rose Taimanglo and/or Viviene Villanueva." (Decl. of Angela Morrison in Supp. of EEOC's Opp'n to Def.'s Mot. to Dismiss Emotional Distress Claims of Pl.-Intervenor Holbrook ["Morrison Decl."] ¶ 18.) On July 30, 2007, Defense Counsel took the depositions of both Mr. Babauta and Dr. Lilli Perez-Iyechad. (*Id.* ¶¶ 14,

-3-
Case 1:06-cv-00028   Document 112   Filed 11/06/2007   Page 3 of 14

16.) Because Mr. Babauta and Dr. Perez-Iyechad had not provided Leo Palace with Plaintiff-Intervenors' therapy records, Leo Palace moved to compel the records, or in the alternative to dismiss Plaintiff-Intervenors' emotional distress claims. (Court Doc. #30.)

On September 14, 2007, the Court entered its Order granting in part and denying in part Defendant's motions. The Court granted the motion to compel the therapists' records and allowed Defendant to re-depose the therapists:

> 1. Leopalace's motion to compel is granted. Plaintiff-Intervenors through their therapists are ordered to produce, not later than 4:00 p.m. on the third (3rd) day after their receipt of this Order, all medical records in their possession, including without limitation handwritten notes, related to any of the Plaintiff-Intervenors in this case. Leopalace may re-depose these therapists in connection with these medical records within a reasonable time, but may not re-depose Plaintiff-Intervenors.

(Morrison Decl. ¶ 13, Ex. 2.) The Court denied Defendant's motion to preclude emotional distress claims without prejudice. (*Id.*)

Subsequently, Dr. Perez-Iyechad and Mr. Babauta produced therapy records regarding Plaintiff-Intervenors to Defense counsel on September 20, 2007. (Morrison Decl. ¶ 17, Ex. 6.) On September 27, 2007, the Court entered an Order Modifying Scheduling Order. (Morrison Decl. ¶ 19, Ex. 8.) The Order extended the discovery motion cut-off date from September 10, 2007 to October 12, 2007. (*Id.*) By agreement of the parties, Defense counsel took the deposition of Mr. Babauta and Dr. Lilli Perez-Iyechad on October 22, 2007. (Morrison Decl. ¶¶ 2, 20.) Dr. Lilli Perez-Iyechad's deposition was continued to November, 3, 2007. (*Id.* ¶ 20.)

At the October 22 deposition, one of the first questions counsel for Leo Palace asked Mr. Babauta was whether Mr. Babauta's handwritten notes were included in his office's production of Plaintiff-Intervenor's records dated September 20, 2007. (*Id.* ¶ 3.)[1] Counsel for Leo Palace did not ask Mr. Babauta any substantive questions about his treatment of Jennifer Holbrook. (*Id.* at ¶ 4.) Counsel for Leo Palace did not ask Mr. Babauta to verify whether he had included his notes concerning his treatment of Viviene Villanueva. (*Id.*) Counsel for Leo Palace only questioned Mr. Babauta about whether the Holbrook notes were included, why they were not included, and how many times he had treated Jennifer Holbrook. (*Id.*) After approximately ten minutes of such questions, counsel for Leo Palace sought to terminate the deposition. (*Id.*) However, Plaintiff-Intervenor's counsel asserted his right to cross-examine the witness. (*Id.*)

Regarding the missing handwritten notes, Mr. Babauta testified that he gave all his handwritten notes to his office's secretary to copy for production to Defendant. (*Id.* ¶ 8.) Mr. Babauta testified that he believed that there was a mix-up because, at one point, the office thought that they were to produce only those records relevant to the instant case. (*Id.*) Because Mr. Babauta did not treat Jennifer Holbrook regarding this case, he testified that his office may have believed those records were not covered by the Court Order and so Dr. Lilli Perez-Iyechad, another therapist in his office, instructed the secretary not to copy Mr. Babauta's handwritten notes regarding Jennifer Holbrook. (*Id.*) During the deposition, Mr. Babauta offered to have his office produce the missing notes and said he could call his office to have them bring the notes to the office of Defense

---

[1] EEOC has not received the October 22, 2007 transcripts of Mr. Babauta's and Dr. Perez-Iyechad's depositions or the November 3, 2007 transcript of Dr. Perez-Iyechad's deposition, and instead bases the facts regarding the depositions on the Morrison Declaration attached. EEOC will file the deposition transcripts with the Court once it receives copies of the transcripts.

counsel. (*Id.* ¶ 9.) Prior to the deposition, Mr. Babauta was never contacted regarding the missing notes. (*Id.* ¶ 7.)

During Dr. Lilli-Perez's continued deposition on November 3, 2007, she testified that she did not instruct the office's secretary not to copy Mr. Babauta's therapy records concerning Ms. Holbrook. (*Id.* ¶ 21.) Additionally, she testified that prior to the Court's September 14, 2007 Order, she had a discussion with Mr. Babauta in which they discussed whether he would be required to produce his therapy records concerning Ms. Holbrook because they did not think the records were relevant to this case. (*Id.*)

On the same day as the October 22, 2007 depositions, Leo Palace filed the instant motion to dismiss. Prior to the deposition, Defense counsel had not notified EEOC counsel or Plaintiff-Intervenor's counsel that Mr. Babauta had failed to provide his handwritten notes regarding Ms. Holbrook. (Morrison Decl. ¶ 10, and ¶ 12, Ex. 1 ¶ 3.) Likewise, Defense counsel did not meet with EEOC counsel or Plaintiff-Intervenors' counsel prior to filing the instant motion. (Morrison Decl. ¶ 11, and ¶ 12, Ex. 1 ¶ 5.)

**B.  Factual**

Jennifer Holbrook began working as a front desk clerk at Leo Palace on June 7, 2004. (Morrison Decl. ¶ 15, Ex. 4 at 15:12-19.) Shortly thereafter, one of Ms. Holbrook's co-workers, Christine Camacho, began making almost daily sexual comments to or in the presence of Ms. Holbrook. (*Id.* at 64:20-23, 70:18-21.) In addition to the sexual comments, Camacho also subjected Ms. Holbrook to physical harassment by slapping Ms. Holbrook on the buttocks, trying to force Ms. Holbrook's hands onto Camacho's breasts, and reaching her hand up Ms. Holbrook's skirt. (*Id.* at 25:8-16, 36:22-38:3, 42:12-14, 43:5-7, 48:5-49:7.) Because of the harassment and Ms. Holbrook's perception that not only had management failed to protect her from the harassment but also had retaliated against her for complaining about the harassment, Ms. Holbrook suffered stress and anxiety. (*Id.* at 138:18-139:5, 140:24-141:1, 152:20-25.)

In August 2004, Ms. Holbrook sought treatment from Dr. Perez-Iyechad for what had happened to her at Leo Palace and Dr. Perez-Iyechad diagnosed Ms. Holbrook with

Post Traumatic Stress Disorder. (Morrison Decl. ¶ 16, Ex. 5.) Dr. Perez-Iyechad also wrote:

> [Holbrook's] presenting problem stemmed from a coworker who was sexually inappropriate verbally and physically towards her. This created much anxiety for Ms. Holbrook, a feeling that was exacerbated because the behavior was allowed to continue before management intervened. Consequently, Ms. Holbrook quit her job as a Front Desk Clerk and sought employment elsewhere. . . . the situation has created a major disruption in her life beyond the workplace.

(*Id.*)

On April 8, 2006, Ms. Holbrook sought treatment from Mr. Babauta for the first time. (Morrison Decl. ¶ 14, Ex. 3 at 5:24-25.) Mr. Babauta did not diagnose Ms. Holbrook with Post Traumatic Stress Disorder but worked off from Dr. Perez-Iyechad's diagnosis. (*Id.* at 16:15-21; 21:14-22.) Mr. Babauta did not make any effort to clinically determine whether Ms. Holbrook still suffered from post-traumatic stress disorder. (*Id.* at 30:4-13.)

In his July 30 deposition, Mr. Babauta also testified that "about 90% of what I worked on with [Ms. Holbrook] was more after-effects of what happened and not specifically about – the discussion wasn't each and every time about what happened at Leo Palace." (*Id.* at 28:19-23.) Likewise, at his reconvened deposition, Mr. Babauta testified he was not working with Jennifer Holbrook regarding this case and only talked about Leo Palace in one session. (Morrison Decl. ¶ 6.) Mr. Babauta also testified that he does not give out his therapy notes to patients and therefore did not give them to Ms. Holbrook when she first requested the notes. (Morrison Decl. ¶ 14, Ex. 3 at 9:8-10:4,

### III. ARGUMENT

#### A. The Motion Should be Denied Because it is Untimely

Local Rule 16.1 requires parties to submit and comply with a scheduling order and discovery plan. Additionally, Local Rule 16.5 states that "[d]elayed discovery will not

-7-
Case 1:06-cv-00028    Document 112    Filed 11/06/2007    Page 7 of 14

justify an extension of discovery deadlines." Furthermore, where a party is aware of a particular discovery issue prior to the discovery cut-off deadline, a substantial delay in submitting a discovery motion or requesting an extension of time makes the motion untimely. *See Audi AG v. D'Amato*, 469 F.3d 534, 541 (6th Cir. 2006) (because party knew about issue two and a half months prior to the discovery cut-off, his motion to compel responses and to extend the discovery deadline were untimely).

Defendant's motion is untimely. The discovery motion cut-off date set by this Court was October 12, 2007. Despite receiving the inadequate discovery response on September 20, 2007, over twenty-two days prior to the discovery motion cut-off, Defendant waited another ten days after the cut-off date to bring the instant motion. Defendant did not contact Tom Babauta, MSW, to ask about the missing handwritten notes and did not inform EEOC or Plaintiff-Intervenors about its belief that the notes were missing. As demonstrated by Mr. Babauta's testimony, he would have provided the notes had he been notified that they were missing. Likewise, had Defendant notified Plaintiff-Intervenors and EEOC about the missing notes prior to the discovery cut-off, EEOC or Plaintiff-Intervenors could have followed up and obtained the notes.

Defendant may argue that the delay was necessary because it had to verify the notes were missing by deposing Mr. Babauta. However, the way in which Defense counsel conducted Mr. Babauta's deposition indicates Defense counsel already was aware of the missing notes prior to the deposition. One of the first questions counsel asked Mr. Babauta was whether his handwritten notes were included with the therapist's production pursuant to the Court's Order. Although Mr. Babauta also treated Viviene Villanueva, Defendant's counsel did not ask any questions about those notes, presumably because those notes were included with the response. Likewise, after questioning Mr. Babauta about whether the notes were included and why they were not included, Defendant's counsel stated that the deposition was terminated. Plaintiff-Intervenor's counsel had to assert his right to cross-examine Mr. Babauta. These circumstances

indicate Defense counsel knew about the notes prior to the deposition. Therefore, Defendant's motion to dismiss is untimely.

### B. The Motion Should be Denied Because Defense Counsel did not Meet with Plaintiff's Counsel and Plaintiff-Intervenor's Counsel Prior to Filing the Motion

Local Rule 37.1(a) provides:

> Prior to the filing of any motion relating to a discovery dispute, counsel for the parties shall meet in person in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many as the disputes as possible. It shall be the responsibility of counsel for the moving party to arrange for the conference.

Here, Defense counsel did not meet with EEOC counsel or Plaintiff-Intervenor's counsel in a good faith effort to eliminate the necessity for hearing the motion. Instead, it appears Defense counsel intentionally chose not to inform Plaintiff and Plaintiff-Intervenor about the missing notes in the hope of creating a basis for dismissal of Ms. Holbrook's emotional distress claims. However, as discussed above, had Defense counsel brought the missing notes to the attention of Plaintiff, Plaintiff-Intervenor, or even Mr. Babauta, this motion would have been unnecessary because Mr. Babauta could have provided the notes. Similarly, Defense counsel did not inform Plaintiff's counsel that he would be filing the instant motion to dismiss before filing it with the court. Accordingly, Defendant's motion to dismiss Jennifer Holbrook's Emotional Distress Claims should be denied because Defense counsel failed to comply with the local rule requiring parties to meet in good faith prior to filing a discovery motion.

### C. The Appropriate Remedy for Defendant is to Request an Order to Show Cause Against Mr. Babauta.

Bringing a motion to dismiss is also unwarranted here because the proper remedy would be to request an order to show case for why Mr. Babauta is not in contempt of the Court's Order. When litigants seek discovery from non-parties, Federal Rule of Civil

-9-
Case 1:06-cv-00028  Document 112  Filed 11/06/2007  Page 9 of 14

Procedure 45(e) provides the method for court enforcement of discovery requested from non-parties. The Rule provides "[f]ailure of any person without adequate excuse to obey a subpoena served upon that person may be deemed in contempt of the court from which the subpoena issued." Fed. R. Civ. P. 45(e).

Here, the circumstances demonstrate that the appropriate remedy for Defendant is to request an order to show cause as to why Mr. Babauta is not in contempt of the Court's Order, and not to request a dismissal of Ms. Holbrook's emotional distress claims. Defense counsel issued a subpoena duces tecum to Mr. Babauta demanding production of "[a]ll medical and other records <u>whatsoever</u> related to Jennifer Holbrook . . ." Mr. Babauta did not turn over the records and subsequently Defendant successfully moved for an Order compelling "Plaintiff-Intervenors through their therapists, . . . to produce . . . all medical records in their possession, including handwritten notes, related to any of the Plaintiff-Intervenors in this case."

Further, because Mr. Babauta would not provide copies of therapy notes to his patients, Ms. Holbrook did not have any therapy notes in her possession. Instead, as the Court Order demonstrates, Ms. Holbrook had to rely on her therapist to provide the notes. Defense counsel also declared in his Declaration in Support of Defendant's Motion to Dismiss that "the court ordered *Counselor Babauta* to produce <u>all</u> medical records related to his treatment of Ms. Holbrook." (Roberts Decl. ¶3 [emphasis added].) The failure to produce the notes was on the part of a non-party, Mr. Babauta, and therefore, the appropriate remedy for Defendant is a Contempt Order pursuant to Federal Rule of Civil Procedure 45(e).

### D. Dismissal Pursuant to Federal Rule of Civil Procedure 37 as a Discovery Sanction is Unwarranted in the Current Circumstances

Federal Rule of Civil Procedure 37 allows courts to impose dismissal as a discovery sanction under certain circumstances. However, sanctions such as dismissal of a claim are "authorized only in 'extreme circumstances' and only where the violation is 'due to willfulness, bad faith, or fault of the party.'" *In re Exxon Valdez*, 102 F.3d 429,

-10-
Case 1:06-cv-00028    Document 112    Filed 11/06/2007    Page 10 of 14

432-33 (9th Cir. 1996) (quoting *United States v. Kahaluu Const.*, 857 F.2d 600, 603 (9th Cir. 1988) (internal quotations omitted)). If a court finds that the violation was due to willfulness, bad faith, or fault of the party, the court "must consider five factors in determining whether the circumstances warrant dismissal." *Id.* (citing *Thompson v. Hous. Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986)). The five factors a court must consider are as follows: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id.*

### 1. *The Failure to Turn Over Mr. Babauta's Therapy Notes was not Due to Wilfullness, Bad Faith, or the Fault of Ms. Holbrook*

Dismissing Ms. Holbrook's emotional distress claims is not warranted in the current circumstances. The failure to turn over the therapy notes was not due to the fault of Plaintiff-Intervenor. Plaintiff-Intervenor's counsel was not notified that Mr. Babauta's notes were not included with Mr. Babauta's production of documents pursuant to the Court's Order. Accordingly, Ms. Holbrook had no notice that her therapist had not provided the notes to Defendant. Further, Mr. Babauta testified in his July 30 deposition and in his more recent deposition that he would not hand over his notes to patients, even at their request. Therefore, Ms. Holbrook did not have possession of the notes and should not be responsible for her therapist's failure to provide the notes.

Likewise, because Ms. Holbrook did not have possession of the notes, the failure to produce them was not due to her willfulness or bad faith. Mr. Babauta's failure to provide the notes was not due to willfulness or bad faith either. Mr. Babauta attempted to comply with the Order and attended his deposition. Mr. Babauta testified that he believed the failure to disclose was because of a mix-up resulting from his office misunderstanding which documents were to be produced. He testified that he gave his file to the office secretary to copy but that the other therapist Dr. Lilli Perez-Iyechad, who was also subject to the Order, told the secretary not to copy the records because they only

needed to turn over notes that were relevant to the instant case. Though, Dr. Perez-Iyechad stated she had not told the secretary to not copy the notes, she did testify that she had a conversation with Mr. Babauta in which they discussed whether he would be required to produce the notes, as he believed they were not relevant to this case.

This reading of the Court's Order is understandable, given the following language from the Order "all medical records in their possession, including handwritten notes, related to any of the Plaintiff-Intervenors in this case." (Morrison Decl., Ex. 2.) Because Mr. Babauta only discussed the incidents at Leo Palace once with Ms. Holbrook, he testified that he did not believe he was working with Ms. Holbrook regarding this case. Mr. Babauta also testified that he was willing to turn over the notes and even offered to call his secretary during the deposition to have her send over the notes.

Accordingly, Mr. Babauta's failure to comply with the Discovery Order was not due to willfulness or bad faith. *See Martinez v. Porter*, 941 F.2d 732, 734 (9th Cir. 1991) (finding that failure to fully comply with Court's Order was not "flagrant, bad faith" because pro se individual had attempted to comply by attending deposition and responding to other discovery in case). Again, had Defense counsel notified Mr. Babauta that his response was insufficient or notified Plaintiff-Intervenor's counsel that the notes were not included, the notes could have been turned over.

    2. *Three of the Five Factors Weigh Against Dismissing Ms.*
      *Holbrook's Emotional Distress Claims*

Three of the five factors in determining whether dismissal as a discovery sanction is appropriate weigh against dismissing Ms. Holbrook's emotional distress claims. The risk of prejudice to Defendants is low. Ms. Holbrook did not seek therapy with Mr. Babauta until April 6, 2006, almost two years after the incidents at Leo Palace. Mr. Babauta testified that he was not working specifically with Ms. Holbrook regarding her sexual harassment claims and that they talked about the incidents at Leo Palace in only one session. Instead, Dr. Lilli Perez-Iyechad was the therapist from whom Ms. Holbrook primarily received treatment for the emotional distress she suffered as a result of the

incidents at Leo Palace. Dr. Lilli Perez-Iyechad produced Ms. Holbrook's notes relating to her treatment of Ms. Holbrook. Significantly, Dr. Perez-Iyechad diagnosed Ms. Holbrook with post-traumatic stress disorder because of what had happened to Ms. Holbrook at Leo Palace and her notes were produced to Defendant on September 20, 2007. Thus, Defendant has the relevant discovery relating to Ms. Holbrook's therapy regarding the incidents at Leo Palace.

The public policy favoring disposition of cases on their merits weighs against dismissing Ms. Holbrook's emotional distress claims. Other material that has been produced during discovery supports Ms. Holbrook's emotional distress claims. For example, Ms. Holbrook testified about the emotional distress she suffered as a result of the harassment she underwent at Leo Palace. Likewise, Dr. Perez-Iyechad produced notes regarding her treatment of Jennifer Holbrook and has testified regarding her treatment of Ms. Holbrook. Dismissing Ms. Holbrook's claim as a discovery sanction would therefore deny Plaintiff EEOC and Plaintiff-Intervenors the opportunity to resolve Ms. Holbrook's emotional distress claims on the merits. Finally, less drastic sanctions are available, though Plaintiff does not concede that any sanctions should be ordered. For instance, the Court could preclude testimony concerning Mr. Babauta's treatment of Ms. Holbrook. Because three of the five factors weigh against dismissing Ms. Holbrook's emotional distress claims, the Court should deny Defendant's motion to dismiss.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff EEOC requests the Court to deny Defendant's Motion to Dismiss the Emotional Distress Claims of Plaintiff-Intervenor Holbrook.

Dated: November 6, 2007.

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Anna Y. Park
Derek Li
Gregory McClinton
Angela D. Morrison

By: _____
ANGELA D. MORRISON
Attorneys for Plaintiff EEOC