ORIGINAL

ANNA Y. PARK, Regional Attorney
GREGORY S. MCCLINTON, Supervisory Trial Attorney
DEREK LI, Senior Trial Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, 4th Floor
Los Angeles, CA 90012
Telephone: (213) 894-1068
Facsimile: (213) 894-1301

ANGELA D. MORRISON, Trial Attorney
333 S. Las Vegas Blvd., Suite 8112
Las Vegas, NV 89101
Telephone: (702) 388-5072
Facsimile: (702) 388-5094
Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

LEONARDO M. RAPADAS
United States Attorney
MIKEL W. SCHWAB
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Tel: (671) 472-7332
Fax: (671) 472-7215

Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM
NOV 13 2007
JEANNE G. QUINATA
Clerk of Court

UNITED STATES DISTRICT COURT

TERRITORY OF GUAM

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>LEO PALACE RESORT,<br><br>Defendant. | CIVIL CASE NO. 06-00028<br><br>NOTICE OF LODGING OF ORIGINAL SIGNATURE OF EEOC COUNSEL ANGELA MORRISON |

COMES NOW the United States and lodges with the Court, the original signature, of the government's Declaration of Angela Morrison in Support of Plaintiff EEOC's Opposition to

Defendant's Motion to Dismiss Emotional Distress claims of Plaintiff-Intervenor Holbrook the above entitled matter, a facsimile copy of which was previously filed on November 7, 2007.

DATED: November 13, 2007.

LEONARD M. RAPADAS
United States Attorney
Districts of Guam and NMI

BY: _____
MIKEL W. SCHWAB
Assistant U.S. Attorney

Anna Y. Park, Regional Attorney
Derek Li, Supervisory Trial Attorney
Gregory McClinton Senior Trial Attorney
Angela D. Morrison, Trial Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1068
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

333 S. Las Vegas Blvd., Suite 8112
Las Vegas, NV 89101
Telephone: (702)894-5072
Facsimile: (702)894-5094
E-mail: angela.morrison@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

## DISTRICT OF GUAM

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> LEO PALACE RESORT, <br><br> Defendant. <br><br> JENNIFER HOLBROOK; VIVIENE VILLANUEVA; and ROSEMARIE TAIMANGLO, <br><br> Plaintiff-Intervenors, <br><br> v. <br><br> MDI GUAM CORPORATION d/b/a LEO PALACE RESORT MANENGGON HILLS and DOES 1 through 10, <br><br> Defendants. | Case No.: 2:06-CV-00028 <br><br> DECLARATION OF ANGELA MORRISON IN SUPPORT OF PLAINTIFF EEOC'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS EMOTIONAL DISTRESS CLAIMS OF PLAINTIFF-INTERVENOR HOLBROOK |

I, Angela D. Morrison, declare and state:

1. I am a Trial Attorney employed at the Las Vegas Local Office, Los Angeles District Office of the United States Equal Employment Opportunity Commission. I have personal knowledge of the facts stated herein, and if called as a witness to testify as to the matters stated herein, I could and would competently do so.

2. On October 22, 2007, I telephonically attended the reconvened deposition of Tom Babauta, MSW.

3. One of the first questions counsel for LeoPalace asked Mr. Babauta was whether Mr. Babauta's handwritten notes were included in his office's production of Plaintiff-Intervenor's records dated September 20, 2007.

4. Counsel for LeoPalace did not ask Mr. Babauta any substantive questions about his treatment of Jennifer Holbrook. Counsel for LeoPalace did not ask Mr. Babauta to verify whether he had included his notes concerning his treatment of Viviene Villanueva. Counsel for LeoPalace only questioned Mr. Babauta whether the Holbrook notes were included and why they were not included, and how many times he had treated Jennifer Holbrook. After approximately ten minutes of such questions, counsel for LeoPalace sought to terminate the deposition. However, Plaintiff-Intervenor's counsel asserted his right to cross-examine the witness.

5. At the October 22, 2007 deposition, Mr. Babauta testified he did not begin treating Jennifer Holbrook until April 2006.

6. During the October 22, 2007 deposition, Mr. Babauta testified that he was not working with Jennifer Holbrook regarding this case and only talked about LeoPalace in one session.

7. During the October 22, 2007 deposition, Mr. Babauta testified that nobody contacted him regarding his missing handwritten notes about Jennifer Holbrook.

8. During the October 22, 2007 deposition, Mr. Babauta testified he gave all his handwritten notes to his office's secretary, Sabrina LNU, to copy for production to Defendant. Mr. Babauta testified that he believed that there was a mix-up because, at one

point, the office thought that they were to produce only those records relevant to the instant case. Because Mr. Babauta did not treat Jennifer Holbrook regarding this case, he testified that his office may have believed those records were not covered by the Court Order and so Dr. Lilli Perez-Iyechad, another therapist in his office, instructed the secretary not to copy Mr. Babauta's handwritten notes regarding Jennifer Holbrook.

9. During the October 22, 2007 deposition, Mr. Babauta offered to have his office produce the missing notes and said that he could call his office's secretary to have her bring the notes to LeoPalace's counsel's office where the deposition was taking place.

10. EEOC was not informed that Defendant LeoPalace believed Ms. Holbrook's records were missing prior to the deposition.

11. Counsel for Defendant LeoPalace did not inform EEOC about the Motion to Dismiss prior to filing the motion on October 22, 2007.

12. Attached as Exhibit 1 is a true and correct copy of the Declaration of Phil Torres in Support of EEOC's Opposition to Defendant's Motion to Dismiss Emotional Distress Claims of Plaintiff-Intervenor Holbrook, previously filed in this case as Court Docket #95.

13. Attached as Exhibit 2 is a true and correct copy of the Court's Order dated September 14, 2007 (Court Doc. # 66).

14. Attached as Exhibit 3 is a true and correct copy of excerpts from the deposition transcript of Tom Babauta, MSW, dated July 30, 2007.

15. Attached as Exhibit 4 is a true and correct copy of excerpts from the deposition transcript of Jennifer Holbrook.

16. Attached as Exhibit 5 is a true and correct copy of Dr. Lilli Perez-Iyechad's treatment summary of Jennifer Holbrook.

17. Attached as Exhibit 6 is a true and correct copy of the cover letter to the records produced by Dr. Perez-Iyechad and Mr. Babauta to Defendant Leo Palace.

18. Attached as Exhibit 7 are true and correct copies of subpoenas served on Tom Babauta, MSW and Dr. Lilli Perez-Iyechad, dated July 17, 2007.

19. Attached as Exhibit 8 is a true and correct copy of the Court's Order Modifying Scheduling Order, dated September 27, 2007 (Court Doc. #73).

20. On October 22, 2007, I telephonically attended the deposition of Dr. Lilli Perez-Iyechad. The deposition was continued and I attended telephonically the continued deposition of Dr. Lilli Perez-Iyechad on November 3, 2007.

21. During Dr. Perez-Iyechad's continued deposition on November 3, 2007, she testified that she did not instruct her office's secretary to not copy Mr. Babauta's therapy records concerning Ms. Holbrook. Dr. Perez-Iyechad testified that prior to receiving the Court's September 14, 2007 Order, she and Mr. Babauta had a conversation in which they discussed whether Mr. Babauta would be required to produce his therapy records concerning Ms. Holbrook because they were not relevant to this case.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 4th day of November, 2007, at Las Vegas, Nevada.

*Angela D. Morrison*
Angela D. Morrison