# ORIGINAL

**FILED**
DISTRICT COURT OF GUAM

NOV 1 3 2007

JEANNE G. QUINATA
Clerk of Court

1  Anna Y. Park, Regional Attorney
   Derek Li, Supervisory Trial Attorney
2  Gregory McClinton Senior Trial Attorney
   Angela D. Morrison, Trial Attorney
3  U.S. EQUAL EMPLOYMENT
4  OPPORTUNITY COMMISSION
5  255 East Temple Street, Fourth Floor
   Los Angeles, CA 90012
6  Telephone:  (213) 894-1068
7  Facsimile: (213) 894-1301
   E-Mail: lado.legal@eeoc.gov
8
9  333 S. Las Vegas Blvd., Suite 8112
   Las Vegas, NV 89101
10 Telephone: (702)894-5072
   Facsimile:  (702)894-5094
11 E-mail: angela.morrison@eeoc.gov
12
   Attorneys for Plaintiff
13 U.S. EQUAL EMPLOYMENT
14 OPPORTUNITY COMMISSION

15             UNITED STATES DISTRICT COURT

16                    DISTRICT OF GUAM

17 U.S. EQUAL EMPLOYMENT              ) Case No.: 2:06-CV-00028
18 OPPORTUNITY COMMISSION,            )
                 Plaintiff,           ) REPLY IN SUPPORT OF PLAINTIFF
19        v.                          ) EEOC'S MOTION FOR PARTIAL
                                      ) SUMMARY JUDGMENT
20 LEO PALACE RESORT,                 )
21           Defendant.               )
                                      ) Trial Date: December 4, 2007
22 _____        )
   JENNIFER HOLBROOK; VIVIENE         )
23 VILLANUEVA; and ROSEMARIE          )
24 TAIMANGLO,                         )
                 Plaintiff-Intervenors, )
25        v.                          )
26                                    )
   MDI GUAM CORPORATION d/b/a LEO )
27 PALACE RESORT MANENGGON            )
28 HILLS and DOES 1 through 10,       )
                 Defendants.          )

**REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

## I.    INTRODUCTION

Plaintiff Equal Employment Opportunity Commission's ("EEOC") motion for partial summary judgment should be granted and Defendant Leo Palace Resorts' ("Leo Palace" or "Defendant") affirmative defenses 1-7, 10, 13-14, 16, 19-20, and 23[1] should be dismissed. In its Opposition, Defendant withdrew its first and second affirmative defenses. (Def.'s Opp'n to Pl. EEOC's Mot. for Partial Summ. J. ["Def.'s Opp'n"] [Court Doc. # 100] at 2.) Defendant failed to address EEOC's arguments regarding Affirmative Defense 14 and so implicitly concedes the defense. Affirmative Defenses 3

---

[1] Defendant's Affirmative Defenses 1-7, 10, 13-14, 16, 19-20 and 23 are as follows: (1) The Complaint is barred by the applicable statute(s) of limitations; (2) The Complaint fails to state a claim upon which relief can be granted; (3) EEOC claimants . . . were each contributorily negligent; (4) The Claimants consented to the conduct of which they complain; (5) The Claimants encouraged the co-employee who was allegedly harassing them to engage in sexual banter; (6) The alleged harassment was mutually engaged in between the Claimants and the alleged harassing co-employee; (7) Claimant Rose Taimanlgo was the direct supervisor of the allegedly harassing co-employee and had full authority to warn and/or discipline her; (10) The Claimants resigned their jobs, at Leo Palace on the advice of their attorney, not because they were constructively discharged; (13) The Claimants resigned their employment at Leo Palace after they were fully aware that LeoPalace had terminated the employee who was allegedly harassing them; (14) The Complaint's constructive discharge count is barred by the doctrine of avoidable consequences; (16) No tangible employment action was taken by Leo Palace or by any supervisor against the Claimants; (19) Leo Palace did not discriminate against the claimants on account of sex; (20) Leo Palace took no action that it would not otherwise have taken in the absence of any impermissible motivating factor; and (23) Leo Palace warned and then terminated the employee who was allegedly harassing the Claimants.

1  and 4 are unavailable to Defendant because they are not affirmative defenses to Title VII
2  intentional discrimination claims and no factual basis exists for Defendant to assert the
3  defenses. Affirmative Defenses 5-7, 10, 13, 16, 19-20 and 23 merely deny or attack
4  EEOC's allegations and, therefore, fail to state an affirmative defense as a matter of law.

5       Contrary to Defendant's contentions, Plaintiff's motion is not merely for
6  procedural or aesthetic reasons, Plaintiff's motion seeks to minimize confusion at trial for
7  the jury when Defendant seeks to present certain arguments as affirmative defenses when
8  they are not. For example, certain facts which may suggest sexual banter do not
9  constitute a "defense" to defeat EEOC's entire claim when all the facts taken together
10  constitute a hostile work environment. Whether Defendant's arguments and evidence are
11  admissible depends on their relevance to the elements of Plaintiff's sexually hostile work
12  environment claim

13  **II.    ADDITIONAL BACKGROUND[2]**

14       As set forth in EEOC's Motion for Partial Summary Judgment, EEOC alleges, in
15  part, that Leo Palace subjected to Plaintiff-Intervenors Jennifer Holbrook, Rosemarie
16  Taimanglo, and Viviene Villanueva to a hostile work environment based on their sex.
17  Specifically, EEOC alleges that Plaintiff-Intervenors' co-worker, Christine Camacho,
18  sexually harassed them both physically and verbally. (Morrison Decl. in Supp. of Pl.
19  EEOC's Mot. for Partial Summ. J. [Court Doc. #93], Ex. 1.)

20       Plaintiff-Intervenors complained about Camacho's harassing behavior or told
21  Camacho to stop. Ms. Villanueva and Ms. Taimanglo complained to Leo Palace
22  managers and other supervisors about Camacho's sexually harassing behavior as early as
23  June 2004. Ms. Villanueva told several supervisors about Camacho's physical attack on
24  her in June. (Decl. of Angela Morrison in Supp. of Reply in Supp. of Pl. EEOC's Mot.

---

[2] EEOC presents additional background because Defendant argued in its Opposition that the facts
suggest consent. (Def.'s Opp'n at 3-4.) However, there is no genuine issue of material fact that
the Charging Parties did not consent to the sexual harassment. (*See infra* at pp.6-7.)

2

1   for Partial Summ. J. ["Morrison Decl."], Ex. 1 at 23:17-25:6; *see also* Decl. of Tim

2   Roberts in Supp. of Def. LeoPalace's Opp'n to EEOC's Mot. for Partial Summ. J.

3   ["Roberts Decl."] [Court Doc. #101], Ex. 2 at Paulino Dep. Ex. 10 .) Ms. Taimanglo and

4   Ms. Villanueva both complained to the front desk night supervisor, Greg Perez, that

5   Camacho had physically assaulted Ms. Villanueva. (Morrison Decl., Ex. 2 at 44:12-18;

6   *id.* at 25:5-6.)

7         Ms. Taimanglo complained to other managers about the Villanueva incident and

8   Camacho's other sexually harassing behavior in June and July 2004. Ms. Taimanglo

9   complained to Satoshi Suzuki about Camacho's sexually inappropriate behavior in June

10   2004. (*Id.*, Ex. 3 at 62:2-22; 73:6-74:11, 94:3-14; *id.*, Ex. 4 at 41:20-23, 87:1-8; Morrison

11   Decl. in Supp. of Pl. EEOC's Mot. for Partial Summ. J., Ex. 3 at 10, Req. for Admis. No.

12   34.) Ms. Taimanglo complained to Hideo Iijima about Camacho's sexually inappropriate

13   comments to a guest. (Morrison Decl., Ex. 3 at 78:24-13.) Ms. Taimanglo told Greg

14   Perez that "[Camacho's] behavior with the customers were of a sexual nature, especially

15   one incident, and that the other girls were complaining about [Camacho], about her

16   [sexual] aggressiveness toward them." (*Id.*, Ex. 2 at 44:12-18.) Ms. Taimanglo

17   complained to May Paulino, the human resources manager, about the harassing behavior

18   on July 1, 2004. (*Id.*, Ex. 3 at 55:15-25, 77:4-21; Morrison Decl. in Support of Pl.

19   EEOC's Mot. for Partial Summ. J., Ex. 3 at 11, Req. for Admis. No. 37.) During July

20   2004, Ms. Taimanglo repeatedly asked management what they were going to do about

21   Christina Camacho's sexually harassing behavior. (Morrison Decl., Ex. 3 at 85:17-95:6.)

22         Ms. Taimanglo, Ms. Villanueva, and Ms. Holbrook reacted to Camacho's

23   harassing behavior by telling her to stop or telling her that her behavior made them

24   uncomfortable. Camacho testified that Ms. Taimanglo sometimes told her "I think that's

25   enough Christina." (Roberts Decl., Ex. 1 at 52:20-25; *see also id.*, Ex. 1 at 78:3-13;

26   114:8-21; *id.*, Ex. 2 at Paulino Dep. Ex. 7.) Ms. Taimanglo told Camacho not to engage

27   in inappropriate sexual behavior in the workplace. (Morrison Decl. in Supp. of Pl.

28   EEOC's Mot. for Partial Summ. J., Ex. 3 at 11, Req. for Admis. No. 38.) Camacho also

1  testified that Ms. Villanueva told her that she was making her uncomfortable. (Roberts

2  Decl., Ex. 1 at 90:20-23; *see also* Morrison Decl., Ex. 1 at 22:15-18.)  Ms. Holbrook

3  likewise told Camacho to stop and that Camacho's actions made her uncomfortable.

4  (Roberts Decl., Ex. 2 at Paulino Dep. Exs. 8 & 9; Morrison Decl., Ex. 5 at 38:8-9, 48:23-

5  49:5.)  In their depositions, Ms. Holbrook, Ms. Taimanglo, and Ms. Villanueva stated

6  they sometimes laughed at Camacho's non-sexual, inoffensive jokes but not at

7  Camacho's statements or jokes that were sexually offensive.  (Morrison Decl., Ex. 3 at

8  87:22-88:3; Ex. 1 at 32:9-10; Ex. 5 at 58:19-59:9.)

9          In August 2004, Ms. Holbrook and Ms. Taimanglo complained again to Ms.

10  Paulino about Christina's sexually harassing behavior.  (Roberts Decl., Ex. 2 at Paulino

11  Dep. Exs. 7, 9.)  On or about December 24, 2004, Plaintiff-Intervenors each filed a

12  Charge of Discrimination with the EEOC.  (Morrison Decl., Ex. 6.)  Ultimately, EEOC

13  filed the instant lawsuit in which Ms. Taimanglo, Ms. Holbrook, and Ms. Villanueva

14  have intervened.

15          **III.    ARGUMENT**

16  **A.    Defendant did not Address EEOC's Motion Regarding Affirmative Defense**

17          **14 (Doctrine of Avoidable Consequences)**

18          In its Opposition, Defendant did not address Plaintiff's motion for partial summary

19  judgment on affirmative defense fourteen.  (Def.'s Opp'n.)  By not addressing it,

20  Defendant concedes to the merits of Plaintiff's motion.  Thus, Plaintiff's motion for

21  partial summary judgment should be granted on affirmative defense fourteen.

22  **B.    The Affirmative Defenses 3 (Contributory Negligence) and 4 (Consent) are**

23          **Inapplicable to Title VII Claims & No Factual Basis Exists on Which to**

24          **Assert Them**

25          *1. As a Matter of Law, the Affirmative Defenses of Contributory Negligence and*

26          *Consent are Inapplicable to Title VII Claims*

27          Defendant's allegations of contributory negligence and consent by Plaintiff-

28  Intervenors do not constitute affirmative defenses to Title VII claims for intentional

1  discrimination.  Contributory negligence is a partial defense to a defendant's negligence.

2  *See* Restatement (2d) Torts § 463.  However, EEOC's claims are not negligence claims.

3  EEOC alleges intentional discrimination claims under Title VII.  *See* 42 U.S.C. 1981(a)

4  (characterizing claims under Title VII as claims for "unlawful intentional discrimination"

5  unless the claim is for "an employment practice that is unlawful because of its disparate

6  impact").  Likewise, consent is a defense to battery, an intentional tort.  *Nelson v. City of*

7  *Irvine*, 143 F.3d 1196, 1207 (9th Cir. 1998).  EEOC has not alleged tort claims but rather

8  statutory claims of intentional discrimination under Title VII.  Accordingly, as a matter of

9  law, a Defendant may not assert contributory negligence and consent as affirmative

10  defenses to Title VII sexual harassment and retaliation claims because Title VII claims

11  are not tort claims.

12       Defendant also claims that consent or voluntariness is an affirmative defense

13  because a "claimant's voluntary participation in mutual vulgar behavior is a defense to a

14  Title VII claim."  (Def.'s Opp'n at 3).  To assert a prima facie case of sex harassment, a

15  plaintiff must demonstrate, in part, that the harassment was "unwelcome."  *See Nichols v.*

16  *Azteca Rest. Enters.*, 256 F.3d 864, 873 (9th Cir. 2001) (citations omitted)  This does not,

17  however, permit a defendant to plead consent as an affirmative defense because consent

18  explicitly addresses an element of plaintiff's proof, rather than constituting "an assertion

19  raising new facts and arguments that, if proven, defeat the plaintiff's claim even if the

20  allegations in her complaint are true."  *Sterten v. Option One Mortg. Corp.*, 479 F. Supp.

21  2d 479, 482-83 (E.D. Pa. 2007).

22       Further, Defendant failed to cite to any authority that supports the application of

23  tort affirmative defenses to non-tort claims, let alone to claims for intentional

24  discrimination under Title VII.   Because contributory negligence and consent are not

25  affirmative defenses to intentional discrimination claims under Title VII, Defendant, not

26  surprisingly, did not cite to any authority which has allowed an affirmative defense of

27  contributory negligence or consent in a Title VII case.

28

5

    *2. No Factual Basis Exists on which to Base Affirmative Defenses of Consent and Contributory Negligence*

Moreover, even if consent or contributory negligence were affirmative defenses to a Title VII sexual harassment claim, which EEOC does not concede, Defendant has not demonstrated that a genuine issue of material fact exists that Plaintiff-Intervenors consented or contributed to Camacho's harassing behavior. Defendant's citation of out-of-circuit authority is misplaced because it does not state the relevant standard that the Ninth Circuit Court of Appeals has applied to whether sexually harassing behavior is unwelcome. (Def.'s Opp'n at 3 [citing *Loftin-Boggs v. Madison*, 633 F. Supp. 1323, 1327 (S.D. Miss. 1986); *Gan v. Kerpo Circuit Sys., Inc.*, 1982 U.S. Dist LEXIS 10842 (E.D. Mo.)].)

First, *Loftin-Boggs* and *Gan* do not recognize consent, voluntariness, or contributory negligence as affirmative defenses to Title VII claims but rather allow evidence of whether the harassment was unwanted to rebut Plaintiff's prima facie case. Second, as discussed above, the Ninth Circuit treats whether the sexually harassing behavior was unwelcome as an element of Plaintiff's prima facie case for sexual harassment, not as a separate affirmative defense. Third, the Ninth Circuit has held that a Plaintiff demonstrates the sexually harassing behavior was unwelcome by adducing evidence that the victim complained about the behavior. In *Nichols*, the Ninth Circuit found that the plaintiff had demonstrated that frequent verbal abuse was unwanted because he had complained about it. *Nichols*, 256 F.3d at 873. The court determined that the victim's mutual horseplay with his harassers did not mean that the harassment was wanted:

       the fact that not all of [plaintiff's] interactions with his harassers were hostile does not mean that none of them was. As any sensible person would, [plaintiff] drew a distinction between conduct he perceived to be objectionable, and conduct that was not. He viewed horseplay as "male bonding" and excluded it from his hostile environment claim; he viewed

1    relentless verbal affronts as sexual harassment, and sought legal recourse

2    for that conduct.

3    *Id.* at 873-74. Therefore, in the Ninth Circuit, it is the victim's view of the harassment

4    and his or her conduct in relation to it, for example, whether the victim complained, that

5    determines whether the harassment was wanted.

6        Here, Plaintiff-Intervenors, like the sexual harassment victim in *Nichols*, drew a

7    distinction between behavior that was harassing and conduct that was not. All of the

8    Plaintiff-Intervenors testified that while they laughed at Camacho's non-sexual,

9    inoffensive jokes, they did not laugh at Camacho's sexually offensive jokes. (*Supra* at p.

10   4.) Similarly, like the victim in *Nichols*, Plaintiff-Intervenors complained about

11   Camacho's harassing behavior or told Camacho to stop. (*Supra* at pp. 2-4.) Further, they

12   sought legal recourse for the sexual harassment by filing charges of discrimination with

13   the EEOC and intervening in this suit. (*Supra* at p. 4.) Because Plaintiff-Intervenors

14   complained about Camacho's conduct and demonstrated by their reactions to the

15   harassment that it was unwanted, there is no genuine issue of material fact regarding

16   whether Camacho's sexual harassment was unwelcome.

17       Defendant has no legal basis to assert consent or contributory negligence as an

18   affirmative defense, and no factual basis to support an affirmative defense of consent or

19   contributory negligence. Therefore, Plaintiff's motion for partial summary judgment on

20   the affirmative defenses of consent and contributory negligence should be granted.

21   ///

22   ///

23

24

25

26

27

28

7

**C.     Affirmative Defenses 5 (Intervenors' Encouraged Harasser), 6 (Mutual Engagement in Harassment), 7 (Ms. Taimanglo had Supervisory Authority over Harasser), 10 (Resignation on Advice of Counsel), 13 (Resignation after Termination of Harasser), 16 (No Tangible Employment Action), 19 (No Discrimination on Account of Sex), 20 (No Action that Would Have Been Taken in the Absence of Impermissible Motivating Factor), and 23 (Leo Palace Warned and Terminated Harasser) are Contentions attacking EEOC's Causes of Action and thus Fail to State an Affirmative Defense**

Defendant concedes that Affirmative Defenses 5, 6, 7, 10, 13, 16, 19-20, and 23 are "not traditional 'affirmative defenses[,]'" but claims that they are matters constituting an avoidance and so were pled properly. (Def.'s Opp'n at 5.) A confession and avoidance is "[a] plea in which a defendant admits allegations but pleads additional facts that deprive the admitted facts of an adverse legal effect." *Black's Law Dictionary* (8th Ed. 2004) (noting that a confession and avoidance is also termed an avoidance).

Here, Affirmative Defenses 5, 6, and 7 are contentions that deny EEOC's first element of proof of a hostile work environment, i.e., that the conduct was unwelcome. (*See* Morrison Decl. in Supp. of Pl. EEOC's Mot. for Partial Summ. J., Exs. 1 & 2.) Affirmative Defenses 19 and 20 are contentions that deny the second element of Plaintiff's prima facie case for hostile work environment, i.e., that the conduct was because of sex. (*Id.*) Affirmative Defenses 10, 13, and 16 address whether Plaintiffs suffered a tangible employment action as a result of a supervisor's harassment, an element that EEOC would be required to prove for strict liability to attach to Defendant. (*Id.*) Finally, Affirmative Defense 23 is a factual contention that would go to whether Leo Palace is liable for co-worker harassment by denying that Leo Palace failed to take appropriate remedial measures. (*Id.*) Hence, Leo Palace's Affirmative Defenses 5, 6, 7, 10, 13, 16, 19-20, and 23 are not matters constituting an avoidance because instead of admitting the allegations in EEOC's complaint but pleading additional facts that deprive

8

1  the admitted facts of their adverse legal effect, the Affirmative Defenses merely deny or

2  rebut EEOC's allegations.

3       Defendant also argues that the Affirmative Defenses should stand because "it is

4  safer for LeoPalace to plead anything that might be deemed an affirmative defense as

5  such, rather than risk inadvertently waiving an issue." (Def.'s Opp'n at 5.) Nonetheless,

6  "[w]here . . . any matter is so plainly put into issue by being embraced within the existing

7  pleadings . . ., the responsive pleader is not justified in inserting a putative [affirmative

8  defense] out of some super abundance of caution." *Gwin v. Curry*, 161 F.R.D. 70, 71-72

9  (N.D. Ill. 1995) (internal citation omitted). As discussed above, the contentions in Leo

10  Palace's affirmative defenses 5, 6, 7, 10, 13, 16, 19-20, and 23 rebut or deny EEOC's

11  allegations and, therefore, the matters they address have been put into issue by being

12  embraced the pleadings. Because none of Leo Palace's Affirmative Defenses 5-7, 10, 13,

13  16, 19-20, and 23, is an affirmative defense or an avoidance as a matter of law, the

14  affirmative defenses should be dismissed.

15                     **V.  CONCLUSION**

16       For the foregoing reasons, Plaintiff requests the Court to grant Defendant's Motion

17  for Partial Summary Judgment and dismiss Defendant's Affirmative Defenses 1-7, 10,

18  13-14, 16, 19-20, and 23.

19

20

21  Date: November 13, 2007                    United States Equal Employment
                                               Opportunity Commission
22

23
                                               By: _____
24
                                                    Angela Morrison
25                                                  Attorneys for Plaintiff

26

27

28

9