Anna Y. Park, Regional Attorney
Derek Li
Gregory McClinton
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, 4th Floor
Los Angeles CA 90012
Telephone: (213) 894-1080
Facsimile: (213) 894-1301

Angela Morrison
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
333 S. Las Vegas Blvd., Suite 8112
Las Vegas, NV 89101
Telephone: (702) 388-5072
Facsimile: (702) 388-5096

Attorneys for Plaintiff
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Tim Roberts
DOOLEY ROBERTS & FOWLER, LLP
Suite 201, Orlean Pacific Plaza
865 Sout Marine Corps Drive
Tamuning, Guam
Telephone: (671)646-1222
Facsimile: (671)646-1223
Attorneys for Defendant
LEO PALACE RESORTS

**FILED**
DISTRICT COURT OF GUAM
MAR 1 3 2008 RD.
JEANNE G. QUINATA
Clerk of Court

# UNITED STATES DISTRICT COURT
## DISTRICT OF GUAM

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br>v.<br><br>LEO PALACE RESORT,<br><br>Defendant. | Case No. 1:06-CV-00028<br><br>CONSENT DECREE; ~~ORDER~~ |

# I.
# INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission") and Defendant Leo Palace Resort ("Leo Palace" or "Defendant") hereby stipulate and agree to entry of this Consent Decree to resolve the Commission's complaint, filed under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), alleging that Charging Parties Rosemarie Taimanglo, Viviene Villanueva, and Jennifer Holbrook (hereafter "Charging Party") were subjected to unlawful employment practices on the basis of their sex, female. The Commission's complaint further alleges that Charging Parties were subjected to unlawful retaliation and constructive discharge in violation of Title VII.

# II.
# PURPOSES AND SCOPE OF THE CONSENT DECREE

A. The parties to this Consent Decree ("Decree") are the EEOC and Leo Palace. The scope of this Decree encompasses Leo Palace's facilities located in the United States. This Decree shall be binding on and enforceable against Leo Palace and its officers, directors, agents, successors, and assigns.

B. The parties have entered into this Decree for the following purposes:

1. To provide appropriate monetary and injunctive relief;
2. To ensure that Leo Palace's employment practices comply with federal law;
3. To ensure a work environment free from hostility and retaliation;
4. To ensure training for Leo Palace's managers and employees with respect to their obligations under Title VII; and
5. To provide an appropriate and effective mechanism for handling discrimination complaints in the workplace.

2

This Decree resolves all claims the EEOC has brought or could have brought against Leo Palace arising out of this Complaint. This Decree does not constitute an adjudication on the merits of the allegations of the Complaint and does not constitute an admission of wrongdoing.

## III.
## RELEASE OF CLAIMS

A. This Decree fully and completely resolves all issues, claims, and allegations by the EEOC against Leo Palace that are raised in the Complaint filed in this action in the United States District Court, District of Guam, on September 29, 2006, captioned U.S. Equal Employment Opportunity Commission v. Leo Palace Resort, Case No. 1:06-CV-00028 (the "Complaint").

B. Nothing in this Decree shall be construed to preclude any party from bringing suit to enforce this Decree in the event that any party hereto fails to perform the promises and representations contained herein.

C. Nothing in this Decree shall be construed to limit or reduce Leo Palace's obligation to comply fully with Title VII or any other federal employment statute.

D. This Decree in no way affects the EEOC's right to bring, process, investigate, or litigate other charges that may be in existence or may later arise against Leo Palace in accordance with standard EEOC procedures.

## IV.
## JURISDICTION

A. The Court has jurisdiction over the parties and the subject matter of this lawsuit. The Complaint asserts claims that, if proven, would authorize the Court to grant the equitable relief set forth in this Decree. The terms and provisions of this Decree are fair, reasonable and just. This Decree conforms to the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of

LA1 6513641.1
Case 1:06-cv-00028   Document 131   Filed 03/13/2008   Page 3 of 18

any person.

B. The Court shall retain jurisdiction of this action during the duration of the Decree for the purposes of entering all orders, judgments, and decrees that may be necessary to implement the relief provided herein.

## V.

## EFFECTIVE DATE AND DURATION OF DECREE

A. The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court ("the Effective Date").

B. Except as otherwise provided herein, this Decree shall remain in effect for three (3) years after the Effective Date.

## VI.

## MODIFICATION AND SEVERABILITY

A. This Decree constitutes the complete understanding of the parties with respect to the matters contained herein. No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the parties.

B. If one or more provisions of the Decree are rendered unlawful or unenforceable, the parties shall make good faith efforts to agree upon appropriate amendments to this Decree in order to effectuate the purposes of the Decree. In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the parties' best efforts, be achieved.

C. By mutual agreement of the parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions of this Decree.

///

## VII.

## COMPLIANCE AND DISPUTE RESOLUTION

A. The parties expressly agree that if the Commission has reason to believe that Leo Palace has failed to comply with any provision of this Consent Decree, the Commission may bring an action before this Court to enforce the Decree. Prior to initiating such action, the Commission will notify Leo Palace and its legal counsel of record, in writing, of the nature of the dispute. This notice shall specify the particular provision(s) that the Commission believes Leo Palace has breached. Absent a showing that the delay will cause irreparable harm, Leo Palace shall have thirty (30) days to attempt to resolve or cure the breach.

B. The parties agree to cooperate with each other and use their best efforts to resolve any dispute referenced in the EEOC notice.

C. After thirty (30) days have passed with no resolution or agreement to extend the time further, the Commission may petition this Court for resolution of the dispute, seeking all available relief, including an extension of the term of the Decree for such period of time as Leo Palace is shown to be in breach of the Decree.

## VIII.

## MONETARY RELIEF

In settlement of this lawsuit, Leo Palace shall pay a total of $243,000 to resolve this action. This relief encompasses compensatory damages, and Charging Parties' attorney's fees and costs.

A. Leo Palace shall forward, via certified mail, a check to the Charging Parties within ten (10) days of the effective date of this Consent Decree. For those amounts designated as compensatory damages, no withholding will be made. Leo Palace shall prepare and distribute 1099 tax reporting forms to Charging Parties and shall make appropriate reports to the

5

Internal Revenue Service and other tax authorities. Within three (3) business days of the issuance the settlement check, Leo Palace shall submit a copy of each check and related correspondence to the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA 90012.

## IX.

## **GENERAL INJUNCTIVE RELIEF**

### A. Non-Discrimination

1. Harassment Based on Sex

Leo Palace, its officers, agents, management (including all supervisory employees), successors, assigns, and all those in active concert or participation with them, or any of them, hereby are enjoined from: (a) harassing or tolerating harassment against persons on the basis of sex in the terms and conditions of employment; (b) engaging in or being a party to any action, policy, or practice that is intended or is known to them to have the effect of harassing or intimidating any employee on the basis of sex; and (c) creating, facilitating, or permitting the existence of a work environment that is hostile to female employees.

2. Retaliation

Leo Palace, its officers, agents, management (including all supervisory employees), successors, assigns, and all those in active concert or participation with them, or any of them, hereby are enjoined from engaging in, implementing or permitting any action, policy or practice with the purpose of retaliating against any current or former employee or applicant of Leo Palace, or either of them, because he or she has in the past, or during the term of this Decree: (a) opposed any practice made unlawful under Title VII; (b) filed a charge of discrimination alleging such practice; (c) testified or participated in any manner in any

investigation (including without limitation, any internal investigation undertaken by Leo Palace), proceeding in connection with this case and/or relating to any claim of a Title VII violation; (d) was identified as a possible witness or claimant in this action; (e) asserted any rights under this Decree; or (f) sought or received any relief in accordance with this Decree.

**B.     Posting**

Within ten (10) business days after the Effective Date and throughout the term of this Decree, Leo Palace shall post notice in the form attached as Exhibit "A", in a clearly visible location frequented by employees at each of its facilities. The notice shall remain posted for three (3) years.

**C.     Equal Employment Opportunity Consultant**

Within thirty (30) days after the Effective Date, Leo Palace shall retain an Equal Employment Opportunity Consultant ("Consultant") with demonstrated experience in the area of employment discrimination and sexual harassment issues, to monitor Leo Palace's compliance with Title VII and the provisions of this Decree. The Consultant shall be subject to the Commission's approval, which shall not be unreasonably withheld. Leo Palace shall propose a Consultant to the Commission. If the Commission does not approve Leo Palace's proposed Consultant, the Commission shall provide Leo Palace with a list of at least three suggested candidates acceptable to the Commission. Leo Palace shall bear all costs associated with the selection and retention of the Consultant and the performance of his/her/its duties. The Consultant's responsibilities shall include:

1.     ensuring that Leo Palace's procedures to handle complaints of discrimination, harassment, and retaliation comply with its obligations under this Decree;

2.     ensuring that Leo Palace's anti-harassment policy and reporting

7

procedure effectively carry out its obligations under this Decree;

3. ensuring that managerial and human resources employees are trained on their rights and responsibilities under Title VII, including but not limited to the responsibilities to provide a workplace free of discrimination;

4. ensuring that all managerial and human resources employees are trained on policies and procedures relating to sexual discrimination/harassment and retaliation;

5. monitoring Leo Palace's investigation of all complaints of sexual discrimination / harassment and retaliation to ensure compliance with Title VII;

6. ensuring that Leo Palace properly communicates with complainants regarding the complaint procedure, status of the complaint investigation, results of the investigation, and any remedial action taken;

7. ensuring that Leo Palace's reports required by this Decree are accurately compiled and timely submitted;

8. ensuring that Leo Palace's disciplinary policies hold employees and managers accountable for failing to take appropriate action or for engaging in conduct prohibited under this Decree;

9. ensuring that Leo Palace creates a centralized system of tracking discrimination, harassment, and retaliation complaints;

10. further ensuring compliance with the terms of this Decree; and

11. and preparing a brief annual report on Leo Palace's progress and its compliance under this Decree.

The Consultant shall ensure compliance for the foregoing provisions for the term of the Decree.

**D. Policies Concerning Discrimination and Harassment**

Leo Palace shall, within ten (10) business days after the Effective Date,

8

Case 1:06-cv-00028 Document 131 Filed 03/13/2008 Page 8 of 18

provide a copy to the Commission of a policy on discrimination and sexual harassment that shall include:

   1. A clear explanation of prohibited conduct;

   2. Assurance that employees who make complaints of harassment/ discrimination or provide information related to such complaints will be protected against retaliation;

   3. A clearly described complaint process that provides accessible and confidential avenues of complaint with contact information including name (if applicable), address, and telephone number of persons both internal (i.e., human resources) and external to Leo Palace (i.e., Commission and Consultant available to handle complaints concerning high level company officials of Leo Palace's corporate hierarchy) to whom employees may report discrimination and retaliation, including a written statement that the employee may report the discriminatory behavior to designated persons outside their chain of management;

   4. Assurance that the employer will protect the confidentiality of harassment/discrimination complaints to the extent possible;

   5. A complaint process that provides a prompt, thorough, and impartial investigation;

   6. A procedure for communicating with the complainant in writing regarding the status of the complaint/investigation, results of the investigation, and any remedial action taken; and

   7. Assurance that Leo Palace will take immediate and appropriate corrective action when it determines that harassment/discrimination and/or retaliation has occurred.

   8. Assurance that Leo Palace's disciplinary policies hold employees and managers accountable for failing to take appropriate action or for engaging in

LA1 6513641.1
Case 1:06-cv-00028    Document 131    Filed 03/13/2008    Page 9 of 18

conduct prohibited under this Decree;

EEOC shall comment on the policy within forty-five (45) days of receipt. Should the policy not require any revision, Leo Palace shall confirm distribution of the policy no later than ten (10) business days after the forty-five (45) day period. The policy shall be distributed to all employees, including management / supervisory staff, and shall be included in any relevant policy or employee manuals distributed to employees by Leo Palace. Leo Palace shall maintain acknowledgments from each employee who receives the revised policy. Throughout the term of this Decree, Leo Palace shall also post the revised policy, in a place that is clearly visible to all employees at each of its facilities covered by this Decree in a legible font.

**E.    Training**

Within sixty (60) days after the Effective Date or thirty (30) days after hiring the Consultant, whichever is later, all of Leo Palace's managerial / supervisory, human resources employees shall be required to attend an intensive training program of at least three (3) hours. All employees shall be required to attend a training program of at least one (1) hour in order to review the revised policies and procedures regarding harassment, and to review EEO law. The training shall be mandatory and occur once every year for the term of this Decree. Any manager, supervisor, or employee who failed to attend scheduled training shall be trained within (30) days of the live training set forth above.

1.    All employees' training shall include coverage of the subjects of equal employment opportunity rights and responsibilities, discrimination, harassment, retaliation, and Leo Palace's revised policies and procedures for reporting and handling complaints of discrimination, harassment and retaliation.

2.    The training for supervisors, managers, and human resource

employees shall additionally include training on how to properly handle and investigate complaints of discrimination and/or harassment in a neutral manner, how to take preventive and corrective measures against discrimination and/or retaliation, and how to recognize and prevent discrimination and/or retaliation.

    3. For the remainder of the term of this Decree, all new managerial and human resources employees and all employees recently promoted from a staff/hourly to a managerial position shall receive the managerial or staff/hourly employee training, as appropriate, within thirty (30) days of hire or promotion.

    4. After the initial training as specified above, all managerial and human resources employees shall receive the training at least annually thereafter for the remainder of the term of this Decree.

    5. All employees required to attend such training shall verify their annual attendance in writing.

    6. Within forty-five (45) days after the Effective Date or fifteen (15) days after hiring the Consultant, whichever is later, Leo Palace shall submit to the EEOC a description of the training to be provided and an outline of the curriculum developed for the trainees. Leo Palace shall give the EEOC a minimum of ten (10) business days advance written notice of the date, time, and location of each training program provided pursuant to this Decree, and agrees that an EEOC representative may attend any such training program.

    7. Human Resources training shall be specific to their obligations, including the handling and investigating of complaints of discrimination and retaliation. This training shall be above and beyond the supervisor / manager training as set forth above.

**F. Performance Evaluations**

    For the upcoming review cycle, Leo Palace shall revise its performance

evaluation forms for mangers and supervisors to include as measures for performance compliance with Leo Palace's Anti-Discrimination and Retaliation Policies and Procedures.

At least thirty (30) days prior to implementing the performance evaluation forms described above, Leo Palace will provide the EEOC and the Consultant with the proposed revisions in order to provide an opportunity for comment regarding the revisions. EEOC will provide comments, if any, within 30 days of receipt of the proposed revisions. Leo Palace shall respond to such comments within fifteen (15) days of receipt. If the parties cannot agree on the proposed revisions, any disputes will be resolved according to the Dispute Resolution Procedures set forth herein.

### G. Complaint Procedure

Within sixty (60) days of the Effective Date, Leo Palace shall ensure that it has publicized an internal complaint procedure to provide for the filing, investigation and, if appropriate, remedying of complaints of discrimination or retaliation. Leo Palace shall establish a toll-free number that shall be disseminated to all Leo Palace employees informing them that a complaint can be logged at any time. The (800) number shall be processed by the Consultant who will in turn monitor Leo Palace's investigation, if necessary. All calls shall be tracked by the Consultant during the term of the Decree. Leo Palace shall also publicize the EEOC complaint line number of (800) 669-4000.

Leo Palace shall:
1. publicize the complaint procedure;
2. track and collect all complaints filed during the term of the Decree;
3. investigate and resolve such complaints in a timely and effective manner; and

LA1 6513641.1
Case 1:06-cv-00028    Document 131    Filed 03/13/2008    Page 12 of 18

4. retain records regarding resolution of all such complaints.

The Consultant shall track all complaints filed during the term of the Decree, and shall retain records regarding resolution of all such complaints. The Consultant shall also ensure that Leo Palace publicizes the complaint procedure and monitor Leo Palace's investigation and resolution of such complaints.

H. The internal complaint procedure shall incorporate the following elements:

1. A policy describing how investigations will be conducted;

2. A prompt commencement and thorough investigation by a Leo Palace employee who is trained to conduct such investigations and is not connected with the complaint;

3. A statement that an investigation should include interviews of all relevant witnesses, including the complainant, and reviews of all relevant documents;

4. A written record of all investigatory steps, any findings and conclusions, and any actions taken;

5. Provision for the reasonably prompt resolution of such complaints;

6. An opportunity for the complainant to review and respond to tentative findings, except in those circumstances in which it is necessary to take immediate action;

7. Confidentiality of the complaint and investigation to the extent possible;

8. Appropriate communication of the final conclusions of the investigation provided to the complainant;

9. An appeal procedure to an appropriate Leo Palace representative, should the complainant be dissatisfied with the results of the investigation; and

10. A notice that employees or applicants complaining of discrimination

13

may use the company's internal complaint procedure and contact information for the EEOC or state or local Fair Employment Practice (FEP) agencies. The notice shall also state that filing an internal complaint does not relieve the complainant of meeting any applicable deadline for the filing of a charge or complaint with EEOC or state or local FEP agencies.

I.   Leo Palace may encourage resolution of internal complaints at a local level prior to investigation, but not require such informal resolution. A complainant shall not be required to first report the complaint to a person who is accused of the inappropriate conduct to invoke the Internal Complaint Procedure.

J.   The Internal Complaint Procedure will permit, but not require, an employee to initiate the complaint process by submitting a written complaint on a form designed for the purpose.

K.   The Internal Complaint Procedure is not intended to supplant the right of any employee to file a charge or complaint of discrimination or retaliation under any available municipal, state, or federal law.

L.   Leo Palace shall publish with the Internal Complaint Procedure the following elements that will be included in the procedure:

   1.   A statement that it is unacceptable to retaliate against any associate for use of the Internal Complaint Procedure, for assisting in the investigation of a complaint, or for otherwise assisting in the utilization of the procedure.

   2.   A statement that if an allegation of discrimination or retaliation against a manager or other associate is substantiated, then such conduct will result in appropriate discipline, up to and including discharge.

///

# X.
# RECORD KEEPING AND REPORTING

14

A.  **Record-Keeping**

Leo Palace shall establish a record-keeping procedure that provides for the centralized tracking of discrimination complaints and the monitoring of such complaints to prevent retaliation. The records to be maintained shall include:

1. All documents generated in connection with any complaint, investigation into, the resolution of every complaint of discrimination or retaliation for the duration of the Decree, and the identities of the parties involved;

2. All forms acknowledging employees' receipt of Leo Palace's revised discrimination and anti-retaliation policy;

3. All documents verifying the occurrence of all training sessions and names and positions of all attendees for each session as required under this Decree; and

4. Documents tracking and analyzing complaints filed against the same employee and location.

The foregoing documents shall be summarized in the semi-annual reports set forth below.

B.  **Reporting**

In addition to the notices to the EEOC specified above, Leo Palace shall provide, without assertion of the attorney-client privilege or attorney work product, the following reports to the EEOC in writing, by mail or facsimile:

1. Within ninety (90) days after the Effective Date, Leo Palace shall submit to the EEOC an initial report which contains:

    (a) A copy of the revised discrimination and anti-retaliation policy;

(b) A summary of the procedures and record-keeping methods developed with the Consultant for centralized tracking of discrimination complaints and the monitoring of such complaints;

(c) A statement confirming that the required notices pertaining to this Decree and the revised discrimination and anti-retaliation policies have been posted; and

(d) Copies of all employee acknowledgment forms indicating receipt of the revised discrimination and anti-retaliation policy.

2. Leo Palace shall also provide the following reports semi-annually throughout the term of this Decree:

(a) The attendance lists of all attendees for all training sessions required under this Decree that took place during the previous six months;

(b) Acknowledgments of receipt of the revised discrimination and harassment policy for all employees hired during the previous six months;

(c) A description of all discrimination and/or retaliation complaints made since the submission of the immediately preceding report hereunder. This description shall include the names of the individuals alleging harassment or retaliation, the nature of the harassment or retaliation, the names of the alleged perpetrators of harassment or retaliation, the dates of the alleged harassment or retaliation, a brief summary of how each complaint was resolved, and the identity of the Leo Palace employee(s) who investigated or resolved each complaint. If no results have been reached as of the time of the report, the result shall be included in the next report;

LA1 6513641.1
Case 1:06-cv-00028   Document 131   Filed 03/13/2008   Page 16 of 18

(d) An analysis of the monitoring done for repeat complaints by employees and investigation of complaints; and

(e) Leo Palace shall provide a report to the EEOC detailing any changes of the procedures or record-keeping methods for centralized tracking of discrimination complaints and the monitoring of such complaints within thirty (30) days before implementing such changes.

## XI.
## COSTS OF ADMINISTRATION AND IMPLEMENTATION OF CONSENT DECREE

Leo Palace shall bear all costs associated with its administration and implementation of its obligations under this Consent Decree.

## XII.
## COSTS AND ATTORNEYS' FEES

Costs and attorney fees shall be allocated as stated in Section VIII, above.

## XIII.
## MISCELLANEOUS PROVISIONS

A.  During the term of this Consent Decree, Leo Palace shall provide any potential successor-in-interest with a copy of this Consent Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any or all of Leo Palace's facilities, or any other material change in corporate structure; and shall simultaneously inform the EEOC of same.

B.  During the term of this Consent Decree, Leo Palace, and its successors shall assure that each of its officers, managers and supervisors is aware of any term(s) of this Decree which may be related to his/her job duties.

C.  Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of the Regional Attorney,

Anna Y. Park, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 E. Temple St., 4th Fl., Los Angeles, CA. 90012.

D.   The parties agree to entry of this Decree and judgment subject to final approval by the Court.

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Dated: _____  By: _____
Anna Y. Park
Attorneys for Plaintiff

LEO PALACE

Dated: 2/29/2008  By: _____
Seiji Saito, its General Manager

## ORDER

*J.U.*

**GOOD CAUSE APPEARING:**

The Court hereby retains jurisdiction and the provisions of the foregoing Consent Decree are hereby approved and compliance with all provisions thereof is **HEREBY ORDERED.**

**IT SO ORDERED.**

Dated: _____  _____
United States District Court Judge